**MDL 1873**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 2 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: FEMA TRAILER
     FORMALDEHYDE LITIGATION

MDL DOCKET NO: _____

## MOTION TO TRANSFER AND CONSOLIDATE
## PURSUANT TO 28 U.S.C. Sec. 1407

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

Counsel for Plaintiffs, Robin Oldenburg, Austin Sicard & Cindy McDonald , *individually and on behalf of others similarly situated*, C.A. 07-2961; U.S.D.C., Eastern District of Louisiana, New Orleans; Section: "B"; Magistrate (3)
[Additional Counsel Listed on Signature Page]

**OFFICIAL FILE COPY**

JUDICIAL PANEL ON
2007 JUN -1  A 10: 50
RECEIVED
CLERK'S OFFICE

IMAGED JUN 1 2 2007

Now into Court, through undersigned counsel, come the plaintiffs in the case entitled

*Robin Oldenburg, Austin Sicard and Cindy McDonald, Plaintiffs/Proposed Class*

*Representatives v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada,*

*Ltd; and Other, as Yet unnamed Travel Trailer Vendors to the Federal Emergency Management*

*Agency; Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 07-*

*2961 , Sect. "B", Mag. 3 ,* and who, through their undersigned counsel, move the Judicial Panel

on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407, to transfer

and consolidate the cases listed in the attached Schedule of Actions Involved, such actions

concerning consumer claims and personal injury claims from living in Fema Provided housing

that resulted in exposure t dangerous levels of formaldehyde.

Plaintiffs pray that the Panel transfer and consolidate the cases referenced in the attached

Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial

proceedings.

1.

Movants are consumers who sustained economic damages and/or personal injuries by

living in Fema provided trailers which were manufactured by the defendants herein.

2.

In the late summer/early fall of 2005, hurricanes Katrina and Rita rendered large numbers

of people and families homeless.

3.

In the aftermath of the hurricanes, the United States government provided housing to many of these people in the form of manufactured mobile homes which became known as "FEMA Trailers".

4.

Plaintiffs have alleged that these FEMA trailers were defective and unreasonably dangerous because of their propensity to emit high levels of formaledhyde.

5.

According to a May 29, 2007 article in the New Orleans Times Picayune (attached hereto as Exhibit 1), "the Federal Emergency Management Agency had logged 140 complaints from trailer residents who believed they were exposed to formaldehyde" and that "the Sierra Club conducted air quality tests last year that showed 83 percent of trailers contained formaldehyde at le4vels that can irritate the eyes and sinuses".

6.

Plaintiffs, who were placed into these trailers experienced medical problems as a result of the exposure to formaldehyde.

7.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

8.

Plaintiffs herein are aware of additional lawsuits which have been filed thus far, as indicated below: A lawsuit bearing case number: 06-2576 and entitled *Keith Hillard, et al v. United States of America, et al*, is now pending in the United States District Court for the Eastern District of Louisiana; a lawsuit bearing case number 06-5659 and entitled *Decarlo McQuire, et al v. Gulf Stream Coach, Inc., et al*, pending in Section: "I", of the United States District Court for the Eastern District of Louisiana.  And, a lawsuit entitled Kimberly G. Nelson v. Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc. And Unnamed Travel Trailer Vendors,  bearing case number: 6:07-cv-00921 pending in the United States District Court for the Western District of Louisiana, Lafayette Division,  pending before Judge Tucker Melancon.

9.

Plaintiffs anticipate that many additional lawsuits involving the FEMA trailers will be filed throughout the states of Mississippi, Louisiana and Texas.

10.

Plaintiffs strongly urge transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.

11.

As noted above and in the Schedule of Actions Involved, undersigned counsel are presently aware of at least two actions subject to federal jurisdiction filed thus far. These are presently pending in the U.S.D.C. for the Eastern District of Louisiana. Plaintiffs respectfully suggest that all related cases be transferred to and consolidated in the Eastern District of Louisiana. Furthermore, plaintiffs suggest that these cases be assigned to District "B" (Honorable Judge Ivan Lemelle)who was initially alloted the second filed case (Judge Mary Ann Vial Lemmon who was allotted the first filed case has since recused herself). Judge Lemelle has experience and expertise in handling MDL cases, having recently successfully handled to conclusion the case involving tainted gasoline that affected fuel gages. Alternatively, plaintiffs suggest that the case be assigned to Section "I", Judge Lance Africk who has been allotted at least two of the cases.

Respectfully submitted,

Daniel E. Becnel, Jr. P.A. (La. Bar 2926)
Darryl J. Becnel (La. Bar #:22943)
Matt Moreland (La. Bar #: 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

Attorneys for the plaintiffs, Robin Oldenburg,
Austin Sicard and Cindy McDonald in *Oldenburg,
et al v. United States*, et al; C.A. 07-2961

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 2 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

_____

IN RE: FEMA TRAILER                  MDL DOCKET NO: _____
      FORMALDEHYDE LITIGATION

_____

**MEMORANDUM IN SUPPORT OF
MOTION TO TRANSFER AND CONSOLIDATE
PURSUANT TO 28 U.S.C. Sec. 1407**

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445


Counsel for Plaintiffs, Robin Oldenburg, Austin Sicard & Cindy McDonald , *individually and on
behalf of others similarly situated*, C.A. 07-2961; U.S.D.C., Eastern District of Louisiana, New
Orleans; Section: "B"; Magistrate (3)
[Additional Counsel Listed on Signature Page]

RECEIVED
CLERK'S OFFICE
2007 JUN -1 A 10: 50

MAY IT PLEASE THE COURT:

Plaintiffs in the case entitled *Robin Oldenburg, Austin Sicard and Cindy McDonald, Plaintiffs/Proposed Class Representatives v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other, as Yet unnamed Travel Trailer Vendors to the Federal Emergency Management Agency; Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 07-2961 , Sect. "B", Mag. 3* respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. Sec. 1407, to transfer and consolidate the cases listed in the attached Schedule of Actions Involved, such actions concerning consumer claims and personal injury claims stemming from use of FEMA trailers which released dangerous levels of Formaldehyde.

### A.   BACKGROUND OF THE LITIGATION

The various litigations involved herein arose as a result of elevated and dangerous formaldehyde levels in housing units that were provided by FEMA after the landfalls of Hurricane Katrina on August 25, 2005 through August 20, 2005.

At 6:10 a.m. on August 29, 2005 Katrina made landfall near Grand Isle, Louisiana as a Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-Mississippi border.

The homes of hundreds of thousands of citizens of the United States who resided along the gulf coast were rendered unhabitable and said citizens were left homeless.

The Federal Government, through FEMA, began providing temporary housing to plaintiffs in the form of housing units which became widely known as "FEMA trailers".

The housing provided has been unsafe and presents a clear and present danger to the health and well-being of the plaintiffs and their families. All of the plaintiffs have spent significant time in the FEMA provided housing units manufactured by one or more of the named or unnamed manufacturing defendants and provided to plaintiffs by the Federal Government. In this manner, plaintiffs have been exposed to dangerously high concentrations of formaldehyde fumes and have had no choice but to accept their plight.

Formaldehyde is used in the manufacture of certain construction materials such as particle board and plywood, particularly in the manufactured home industry. Pursuant to federal law, defendants are required to display a "Health Notice" about exposure to formaldehyde which reads:

### IMPORTANT HEALTH NOTICE

Some of the building materials used in this home emit formaldehyde. Eye, nose and throat irritation, headache, nausea, and a variety of asthma-like symptoms, including shortness of breath, have been reported as a result of formaldehyde exposure. Elderly persons and young children, as well as anyone with a history of asthma, allergies, or lung problems, may be at greater risk. Research is continuing on the possible long-term effects of exposure to formaldehyde.

Reduced ventilation resulting from energy efficiency standards may allow formaldehyde and other contaminants to accumulate in the indoor air. Additional ventilation to dilute the indoor air may be obtained from a passive or mechanical ventilation system offered by the manufacturer. Consult your dealer for information about the ventilation options offered with this home.

High indoor temperatures and humidity raise formaldehyde levels. When a home is to be located in areas subject to extreme summer

temperatures, an air-conditioning system can be used to control indoor temperature levels.  Check the comfort cooling certificate to determine if this home has been equipped or designed for the installation of an air-conditioning system.

If you have any questions regarding the health effects of formaldehyde, consult your doctor or local health department.

See 24 C.F.R.  § 3280.309.

According to the National Cancer Institute, formaldehyde has been classified as a human carcinogen (cancer-causing substance) by the International Agency for Research on Cancer and as a probably human carcinogen by the U.S. Environmental Protection Agency.

In 1987, OSHA reduced the amount of foraldehyde to which workers can be exposed over an 8 hour day from 3ppm to 1 ppm.  In May, 1992 the formaledhyde exposure limit was further reduced to 0.75 p.p.m.

The Department of Housing and Urban Development ("HUD") regulates formaldehyde levels in certain construction materials to include the pressed wood products used in manufactured housing (such as prefabricated mobile homes).  By regulation, plywood "shall not emit formaldehyde in excess of 0.2 parts per million (PPM) ..."  Similarly, by regulation, particleboard materials "shall not emit formaldehyde in excess of 0.3 ppm ..."  See 24 C.F.R. § 3280.308.

The housing provided to the plaintiffs contained formaldehyde emissions which are dangerously unhealthy and exceed the levels permitted by law and have and will result in injury to the plaintiffs.

4

In the lawsuits filed thus far, plaintiffs have alleged that these FEMA trailers were defective and unreasonably dangerous because of their propensity to emit high levels of formaldehyde.

According to a May 29, 2007 article in the New Orleans Times Picayune (attached hereto as Exhibit 1), "the Federal Emergency Management Agency had logged 140 complaints from trailer residents who believed they were exposed to formaldehyde" and that "the Sierra Club conducted air quality tests last year that showed 83 percent of trailers contained formaldehyde at le4vels that can irritate the eyes and sinuses".

Plaintiffs, who were placed into these trailers experienced medical problems as a result of the exposure to formaldehyde. Moreover, the trailers were unfit for their intended purposes.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.


**B.**    **PENDING ACTIONS RELATING TO THIS LITIGATION**

Plaintiffs herein are aware of additional lawsuits which have been filed thus far, as indicated below:

**Eastern District of Louisiana**

A lawsuit bearing case number: 06-2576 and entitled *Keith Hillard, et al v. United States of America, et al*, which is now pending Section "I" of the United States District Court for the Eastern District of Louisiana and a lawsuit bearing case number 06-5659;   The *Hillard* case was

originally allotted to Section "S", Judge Lemmon.  When she recused herself it was randomly re-allotted, first to Section "M", Judge Peter Beer, then to Section "A", Judge Jay Zainey, both of whom have since recused themselves.  It is now allotted to Judge Lance Africk, Section " I".

A lawsuit entitled *Decarlo McQuire, et al v. Gulf Stream Coach, Inc., et al*, bearing number 06-5659; now also pending in Section: "I", is pending in the United States District Court for the Eastern District of Louisiana. The *McQuire* case was originally allotted to Section "B", Judge Ivan Lemelle.  It was transferred to Section "S" to be consolidated with the *Hillard* case. However, when Judge Lemmon of Section "S" recused herself, it was randomly re-allotted instead of being returned to Section "B".  After the two additional Judges recused themselves, it is now allotted to Section "I", Judge Africk.


**Western District of Louisiana**

A lawsuit entitled *Kimberly G. Nelson v. Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc. and Unnamed Travel Trailer Vendors* bearing number 6:07-cv-00921-TLM-MEM is pending in the United States District Court for the Western District of Louisiana (Lafayette).  That suit was filed on May 30,2007.

Plaintiffs anticipate that many additional lawsuits involving the FEMA trailers will be filed throughout the states of Mississippi, Louisiana and Texas.

Plaintiffs strongly urge transfer and consolidation in this matter and respectfully suggest that this matter warrants the formation of a separate MDL for transfer and consolidation of these cases.  As noted above and in the Schedule of Actions Involved, undersigned counsel are presently aware of at least two actions subject to federal jurisdiction filed thus far.  These are

presently pending in the U.S.D.C. for the Eastern District of Louisiana.  Plaintiffs respectfully

suggest that all related cases be transferred to and consolidated in the Eastern District of

Louisiana.  The majority of cases now filed that plaintiffs know of are pending in New Orleans.

Many of the individuals who resided in the FEMA trailers are in the Eastern District of

Louisiana and New Orleans is centrally located to any individuals from Mississippi or Texas

who also resided in the FEMA trailers.

Furthermore, plaintiffs suggest that these cases be assigned to District "B"

(Honorable Judge Ivan Lemelle) who was initially alloted the second filed case (*McQuire*).

Judge Mary Ann Vial Lemmon who was allotted the first filed case (*Hillard*) has since recused

herself.  Thereafter, the cases were re-allotted randomly by the Eastern District Clerks office.

First to Judge Peter Beer who recused himself, then to Judge Jay Zainey who also recused

himself and most recently to Judge Lance Africk.  However, plaintiffs feel that because Judge

Lemelle was the earliest assigned Judge who did not recuse himself, he would be an appropriate

transferee judge.   Judge Lemelle has experience and expertise in handling MDL cases, having

recently successfully handled to conclusion the case involving tainted gasoline that affected fuel

gages. Alternatively, plaintiffs suggest that Judge Lance Africk who the *Hillard* and *McQuire*

cases have recently been allotted to would also be an appropriate transferee judge.

The actions that are subject to this Motion to Transfer and Consolidate which are pending

before various federal district courts are as follows:

*Keith Hillard, Lisa Hillard For Themselves and as legal Gurardians for:*

*Gabriell Hillard, Keith Hillard, Jr., Christopher Hillard; Amy L. Bordelon, ; Betty Carter For*

*Herself and as Legal Gurardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny*

*Lusich for Themselves and as Legal Gurardians for Summer Lusich and Lacey Lusich; and on Behalf of Themselves and Others Similarly Situated,   v. United States of America, Gulf Stream Coach, Inc.; Fleetwood Enterprises, Inc.; Fleetwood Canada, Ltd.; Starcraft RV, Inc.; Pilgrim International, Inc.; Monaco Coach Corporation; KZRV LP; and Other as Yet Unnamed Travel Trailer Vendors to the Federal Emergency Management Agency,*   United States District Court, Eastern District of Louisiana; C.A. 06-2576, Sect. S, Mag. 4, filed 5/18/06;

*\* Decarlo McQuire, Kevin Rodney, Jr., Dr. Marshall J. Stevenson, Jr. And Lynda Ward Stevenson, Individually and on behalf of others similarly situated v. Gulf Stream Coach, Fairmont Homes, Tom Stinnet Holiday RV, Fleetwood Enterprises, Shaw Group, CH2M Hill Constructors, Flour Enterprises, Bechtel, National, Thompson Engineering, E.T.I., Inc., and Keta Group, LLC and XYZ Insurance Companies*, United States District Court, Eastern District of Louisiana C.A. 06-5659; Section: "S", Magistrate (4), filed 8/31/06.

*\* Robin Oldenburg, Austin Sicard and Cindy McDonald v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other as Yet Unnamed Travel Trailer Vendors to The Federal Emergency Management Agency;* United States District Court, Eastern District of Louisiana; #: C.A. 07-2961; Section: "B" Magistrate (3) filed 5/18/07.

*Kimberly Nelson v. Gulf Streams Coach, Inc., Fleetwood Enterprises and Unnamed Travel Trailer Vendors*; U.S. District Court ,Western District of Louisiana, Number: 6:07-cv-00921; TLM-MEM; Tucker Melancon, Judge.  Filed 5/29/07.

## C.   TRANSFER AND CONSOLIDATION INTO A MDL WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LISTED ACTIONS

Transfer, coordination, and/or consolidation of actions is appropriate when (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions.  28 U.S.C. Sec. 1407.

Review of the listed Complaints above clearly demonstrates common questions between the suits.  Because of the similarity in allegations and prayers for relief, consolidation for pretrial purposes will foster judicial economy within the federal system, would prevent duplicative discovery by various plaintiffs against the same or similar defendants, will prevent the possibility of inconsistent discovery and pretrial rulings by various federal courts, therefore promoting the just and efficient conduct of the actions.

WHEREFORE, plaintiffs respectfully request that all genuinely related matters be consolidated for pretrial proceedings and be transferred to the Eastern District of Louisiana.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Darryl J. Becnel (La. Bar #: 22943)
Matt Moreland (La. Bar #: 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445

-9-

Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

Attorneys for the plaintiffs, Robin Oldenburg,
Austin Sicard and Cindy McDonald in *Oldenburg,
et al v. United States*, et al; C.A. 07-2961

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 2 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: FEMA TRAILER
      FORMALDEHYDE LITIGATION

MDL DOCKET NO: _____

**REVISED**
**SCHEDULE OF ACTIONS INVOLVED**
**PURSUANT TO 28 U.S.C. Sec. 1407**

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

      Counsel for Plaintiffs, Robin Oldenburg, Austin Sicard & Cindy McDonald , *individually and on behalf of others similarly situated*, C.A. 07-2961; U.S.D.C., Eastern District of Louisiana, New Orleans; Section: "B"; Magistrate (3)
[Additional Counsel Listed on Signature Page]

      **NOW INTO COURT,** through undersigned counsel comes the plaintiffs, *Robin Oldenburg,*

*Austin Sicard and Cindy McDonald, Plaintiffs/Proposed Class Representatives v. United States of*

*America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other, as Yet unnamed Travel*

1

2007 JUN 11  A 10:
RECEIVED
CLERK'S OFFICE
PANEL
DISTRICT

Trailer Vendors to the Federal Emergency Management Agency; Defendants, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 07-2961 , Sect. "B", Mag. 3 , who respectfully submit this Schedule of Actions Involved:

**Eastern District of Louisiana**

*Keith Hillard, Lisa Hillard For Themselves and as legal Gurardians for: Gabriell Hillard, Keith Hillard, Jr., Christopher Hillard; Amy L. Bordelon, ; Betty Carter For Herself and as Legal Guardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny Lusich for Themselves and as Legal Guardians for Summer Lusich and Lacey Lusich; and on Behalf of Themselves and Others Similarly Situated, v. United States of America, Gulf Stream Coach, Inc.; Fleetwood Enterprises, Inc.; Fleetwood Canada, Ltd.; Starcraft RV, Inc.; Pilgrim International, Inc.;, and Other as Yet Unnamed Travel Trailer Vendors to the Federal Emergency Management Agency, C.A. 06-2576, Sect. I, Mag. 4, filed 5/18/06; pending before Judge Lance Africk, Section: "I", consolidated with: Decarlo McQuire, Kevin Rodney, Jr., Dr. Marshall J. Stevenson, Jr. And Lynda Ward Stevenson, Individually and on behalf of others similarly situated v. Gulf Stream Coach, Inc.; Fairmont Homes, Fleetwood Enterprises, Shaw Group, CH2M Hill Constructors, Inc., Fluor Enterprises, Inc.,; Bechtel, National, Thompson Engineering, E.T.I., Inc., and Keta Group, Shaw Environmental, Inc., Jayco Enterprises, Starcraft, Forest River, Thor Industries, Recreation by Design, Coachman Industries, Throroughbred Industries; LLC Morgan Building and Spas, Inc., and XYZ Insurance Companies, C.A. , C.A. 06-5659; Section: "I", Magistrate (4), filed 8/31/06. Pending before Judge Lance Africk, Section: "I"

*\* Decarlo McQuire, Kevin Rodney, Jr., Dr. Marshall J. Stevenson, Jr. And Lynda Ward Stevenson, Individually and on behalf of others similarly situated v. Gulf Stream Coach, Inc., Fairmont Homes, Tom Stinnet Holiday RV, Fleetwood Enterprises, Shaw Group, CH2M Hill Constructors, Inc., Fluur Enterprises, Inc., Bechtel, National, Thompson Engineering, E.T.I., Inc., and Keta Group, Shaw Environmental, Inc., Jayco Enterprises, Starcraft, Forest River, Thor Industries, Recreation by Design, Coachman Industries, Throroughbred Industries; LLC and XYZ Insurance Companies*, C.A. 06-5659; Section: "I", Magistrate (4), filed 8/31/06. Pending before Judge Lance Africk, Section: "I"

*\* Robin Oldenburg, Austin Sicard and Cindy McDonald v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other as Yet Unnamed Travel Trailer Vendors to The Federal Emergency Management Agency; #:* C.A. 07-2961; Section: "B" Magistrate (3) filed 5/18/07, Pending before Judge Ivan Lemelle, Division: "B"

**Western District of Louisiana**

*Kimberly Nelson v. Gulf Streams Coach, Inc., Fleetwood Enterprises and Unnamed Travel Trailer Vendors*; U.S. District Court , Western District of Louisiana, Number: 6:07-cv-00921; TLM-MEM; Tucker Melancon, Judge.  Filed 5/29/07.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Darryl J. Becnel (La. Bar 22943)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445


Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

Attorneys for the plaintiffs, Robin Oldenburg, Austin
Sicard and Cindy McDonald in *Oldenburg, et al v.
United States*, et al; C.A. 07-2961

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 2 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: FEMA TRAILER            MDL DOCKET NO: _____
        FORMALDEHYDE LITIGATION


Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

     Counsel for Plaintiffs, Robin Oldenburg, Austin Sicard & Cindy McDonald , *individually and on behalf of others similarly situated*, C.A. 07-2961; U.S.D.C., Eastern District of Louisiana, New Orleans; Section: "B"; Magistrate (3)
[Additional Counsel Listed on Signature Page]

**REVISED**
**PROOF OF SERVICE BY MAIL**

     I do hereby certify that on this 8th day of June, 2007 , I served true and correct copies

of the following documents via U.S. Mail:

1.     MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407

2.     EXHIBITS INCLUDING *Times Picayune* NEWSPAPER ARTICLE AND THE DOCKET SHEETS AND COVER SHEETS (WHERE AVAILABLE) OF THE FILED CASES PURSUANT TO 28 U.S.C. Sec. 1407.

3.     MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. Sec. 1407

4.     SCHEDULE OF ACTIONS INVOLVED PURSUANT TO 28 U.S.C. Sec. 1407

5.     PROOF OF SERVICE BY MAIL

on the following parties, addressed as indicated:

**Attorneys for Plaintiff Robin Oldenburg, Austin Sicard & Cindy McDonald**

Daniel E. Becnel, Jr. (Bar #: 2926)
Darryl J. Becnel (Bar #: 22,943)
Matthew B. Moreland
Law Offices of Daniel E. Becnel, Jr.
106 West 7th Street
P.O. Drawer H
Reserve, LA 70084
(985) 536-1186 - Phone
(985) 536-6445 - Fax

Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

2

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

**Attorneys for Plaintiffs, Decarlo McGuire, Kevin Rodney, Dr. Marshall J. Stevenson, Jr., Lynda Ward Stevenson & Kimberly G. Nelson:**

Roy Rodney, Jr.
John Karl Etter
John Marston Fowler
Yvette P. Cravins
RODNEY & ETTER
620 N. Carollton Avenue
New Orleans, LA 70119
Phone: (504) 483-3224
Fax: (504) 483-2259

**Attorneys for Gulf Stream Coach, Inc.**

Timothy D. Scandurro
SCANDURRO & LAYRISSON, L.L.C.
607 St. Charles Avenue
Suite 100
New Orleans, LA 70130
Phone: (504) 522-7100

Andrew D Weinstock
Joseph G. Glass
DUPLASS, ZWAIN, BOURGEOIS, MORTON,
PFISTER & WEINSTOCK
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
(504) 837-3700

**Attorneys for the plaintiffs Keith Hillard, Lisa Hillard, Amy L. Bordelon, Betty Carter, Emmett Lusich, Jenny Lusich, Decarlo McGuire Kevin Rodney, Dr. Marshall J. Stevenson, Jr., Lynda Ward Stevenson**

J. Michael Veron
J. Rock Palermo, III
Bice Palermo & Veron
723 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602

3

Telephone: (337) 310-1600

Paul A. Dominick
Richard L. Tapp, Jr.
Nexsen Pruet Jacobs Pollard & Robinson, LLP
P.O. Box 486
Charleston, SC 29402
Telepone: (843) 577-9440

Sean K. Trundy
Sean K. Trundy, LLC
P.O. Box 41343
North Charleston, SC 29423
Telephone: (843) 747-4424


**Attorney for defendant, United States of America**:

Jacqueline Elaine Coleman Snead
Marc A. Perez
U.S. Dept. Of Justice, Federal Progams Branch, D.C.
Civil Division
20 Massachusetts Ave., NW
Rm. 7214
Washington, DC 20530
Telephone: (202) 514-3418


**Attorney for defendant Faimont Homes, Inc.:**

**Timothy D. Scandurro**
SCANDURRO & LAYRISSON, L.L.C.
607 St. Charles Avenue
Suite 100
New Orleans, LA 70130
Phone: (504) 522-7100


**Attorney for defendant Tom Stinnett Holiday RV Center, Inc.**

Arthur Wendel Stout, III
Isaac H. Ryan
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine Street
New Orleans, LA 70130
Phone: (504) 566-1201

Fleetwood Enterprises, Inc.
Jerry L. Saporito
Edward T. Hayes

4

SAPORITO LAW FIRM, LLC
639 Loyola Avenue
Suite 2100
New Orleans, LA 70013
(504) 529-5070


**Attorney for defendant, Circle B. Enterprises:**

W. Gerald Gaudet
Lamont P. Domingue
Voorhies & Labbe
700 St. John St.
P.O. Box 3527
Lafayette, LA 70502
Phone: (337) 232-9700

**Attorneys for Shaw Group, Inc.:**

William H. Howard, III
Danny G. Shaw
Gerardo R. Barrios
Baker Donelson Bearman Caldwel & Berkowits, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5275


**Attorneys for Defendant, CH2M Constructors, Inc.:**

William H. Howard, III
Danny G. Shaw
Gerardo R. Barrios
Baker Donelson Bearman Caldwel & Berkowits, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5275

**Attorneys for Defendant, Fluor Enterprises, Inc.:**

Leon Gary, Jr.
Brandon Kelly Black
James Conner Percy
Ryan Estes Johnson
Madeline Fischer
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza
Fifth Floor
Baton Rouge, LA 70809
Phone: (225) 248-2000

Nan Robers Eitel
Jones, Walker (Washington)
2600 Virginia Avenue
Suite 1113
Washington, DC 20037
Phone: (202) 944-1105
Fax: (504) 589-88356

**Attorneys for Defendant, Bechtel National, Inc.:**

John Joseph Hainkel, III
Frilot, Partridge, Kohnke & Clements, LC
Energy Centre
1100 Poydras Street
New Orleans, LA 70163-8000
Phone: (504) 599-8000

Kerry J. Miller
Michael B. North
Paul C. Thibodeaux
Frilot Partridge
Energy Centre
1100 Poydras Street
Suite 3600
New Orleans, LA 70163-3600
Telephone: (504) 599-8000

**Attorneys for Defendants Thompson Engineering:**

Joseph G. Gallagher, Jr.
Hulse & Wanek
1010 Common Street
Suite 2800
New Orleans, LA 70112
Telephone: (504) 524-6221

**Attorneys for Defendants Keta Group LLC:**

Thomas G.O'Brien
Kyle Potts
Adams and Reese LLP (New Orleans)
One Shell Square
701 Poydras Street
Suite 4500
New Orleans, LA 70139
Phone: (504) 585-0309
Fax: (504) 566-0210

**Attorneys for Defendants Morgan Buildings and Spas, Inc.:**

Christine Lipsey
McGlinchey Stafford PLLC
Baton Rouge
301 Main Street -
14th Floor
Baton Rouge, LA 70825

Jude C. Bursavich
Michael Paul Fruge
Breazeale, Sachse & Wilson
One American Place
P.O. Box 3197
23rd Floor
Baton Rouge, LA 70821
Telephone: (225) 387-4000

**Attorney for the defendant, Recreation by Design**:

Lyon H. Garrison
Darrin L. Forte
Pamela J. Lormand
PRESTON LAW FIRM, LLP
909 Poydras Street
Suite 2400
New Orleans, LA 70112
Telephone: (504) 527-0680

**Attorney for the defendant, Fleetwood Canada, Ltd.**

Jerry L. Saporito
Edward T. Hayes
SAPORITO LAW FIRM, LLC
639 Loyola Avenue
Suite 2100
New Orleans, LA 70013
(504) 529-5070

**Attorney for the defendant, Starcraft, R.V., Inc**.

James Conner Percy
Ryan Estes Johnson
Madeline Fischer
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza
Fifth Floor
Baton Rouge, LA 70809
Phone: (225) 248-2000

Nan Robers Eitel
Jones, Walker (Washington)
2600 Virginia Avenue
Suite 1113
Washington, DC 20037
Phone: (202) 944-1105
Fax: (504) 589-88356

**Attorneys for defendants Pilgrim International, Inc.**

James Conner Percy
Ryan Estes Johnson
Madeline Fischer
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza
Fifth Floor
Baton Rouge, LA 70809
Phone: (225) 248-2000

Nan Robers Eitel
Jones, Walker (Washington)
2600 Virginia Avenue
Suite 1113
Washington, DC 20037
Phone: (202) 944-1105
Fax: (504) 589-88356

**Attorneys for defendants, Federal Emergency Management Agency:**

Jacqueline Elaine Coleman Snead
Marc A. Perez
U.S. Dept. Of Justice, Federal Progams Branch, D.C.
Civil Division
20 Massachusetts Ave., NW
Rm. 7214
Washington, DC 20530
Telephone: (202) 514-3418

Jacqueline Elaine Coleman Snead
Marc A. Perez
U.S. Dept. Of Justice, Federal Progams Branch, D.C.
Civil Division
20 Massachusetts Ave., NW
Rm. 7214
Washington, DC 20530
Telephone: (202) 514-3418

9

**Attorneys for defendant, Shaw Environmental, Inc.**

William H. Howard, III
Danny G. Shaw
Gerardo R. Barrios
Baker Donelson Bearman Caldwel & Berkowits, PC
201 St. Charles Avenue
Suite 3600
New Orleans, LA 70170
Telephone: (504) 566-5275


**Defendants for whom no appearance has been made and who are thus being served directly:**

ETI, INC.
8131 East 46th Street
Tulsa, OK 74145

JAYCO ENTERPRISES
104 Bontranger Drive
P.O. Box 460
Middlebury, IN 46540

STARCRAFT
P.O. Box 458
Topeka, IN 46571

FOREST RIVER
1025 East Waterford Street
Wakarusa, IN 46573

THOR INDUSTRIES
419 West Pike Street
P.O. Box 629
Jackson Center, OH 45334

THOROUGHBRED INDUSTRIES
6902 Brackenwood Court
Fort Wayne, IN 46835

COACHMAN INDUSTRIES
P.O. Box 3300
Elkhardt, IN 46515

On June 8, 2007, I also delivered true and correct copies of these documents via U.S. Mail to the following addresses for filing:

Clerk of the Court
U.S. District Court, Eastern District of Louisiana
500 Poydras Street, Room C-151
New Orleans, LA 70130

Clerk of Court
U.S. District Court, Western District of Louisiana
Suite 2100
800 Lafayette Street
Lafayette, LA 70501

I declare under penalty of perjury under the laws of the State of Louisiana that the above is true and correct. Executed on June 8, 2007.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Darryl J. Becnel (La. Bar 22943)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445


Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

Attorneys for the plaintiffs, Robin Oldenburg, Austin
Sicard and Cindy McDonald in *Oldenburg, et al v.
United States*, et al; C.A. 07-2961

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 2 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL

ON MULTI-DISTRICT LITIGATION

IN RE: FEMA TRAILER
    FORMALDEHYDE LITIGATION

MDL DOCKET NO: _____

## EXHIBIT LIST

Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, Louisiana 70084
Telephone: 985-536-1186
Facsimile: 985-539-6445

    Counsel for Plaintiffs, Robin Oldenburg, Austin Sicard & Cindy McDonald , *individually and on behalf of others similarly situated*, C.A. 07-2961; U.S.D.C., Eastern District of Louisiana, New Orleans; Section: "B"; Magistrate (3)
[Additional Counsel Listed on Signature Page]

    **NOW INTO COURT,** through undersigned counsel comes the plaintiffs, *Robin Oldenburg,*

*Austin Sicard and Cindy McDonald, Plaintiffs/Proposed Class Representatives v. United States of*

*America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other, as Yet unnamed Travel*

*Trailer Vendors to the Federal Emergency Management Agency; Defendants, U.S.D.C. Eastern*

1

District of Louisiana, New Orleans Division, C.A. 07-2961 , Sect. "B", Mag. 3 , who respectfully submit this Exhibit List:

1.  New Orleans Times Picyune Article.

2.  Docket Sheet t in Case * *Robin Oldenburg, Austin Sicard and Cindy McDonald v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other as Yet Unnamed Travel Trailer Vendors to The Federal Emergency Management Agency;* #: C.A. 07-2961; Section: "B" Magistrate (3) filed 5/18/07.

3.  Complaint in case * *Robin Oldenburg, Austin Sicard and Cindy McDonald v. United States of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd; and Other as Yet Unnamed Travel Trailer Vendors to The Federal Emergency Management Agency;* #: C.A. 07-2961; Section: "B" Magistrate (3) filed 5/18/07.

4.  Docket Sheet in Case *Keith Hillard, Lisa Hillard For Themselves and as legal Gurardians for: Gabriell Hillard, Keith Hillard, Jr., Christopher Hillard; Amy L. Bordelon, ; Betty Carter For Herself and as Legal Gurardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny Lusich for Themselves and as Legal Gurardians for Summer Lusich and Lacey Lusich; and on Behalf of Themselves and Others Similarly Situated,  v. United States of America, Gulf Stream Coach, Inc.; Fleetwood Enterprises, Inc.; Fleetwood Canada, Ltd.; Starcraft RV, Inc.; Pilgrim International, Inc.; Monaco Coach Corporation; KZRV LP; and Other as Yet Unnamed Travel Trailer Vendors to the Federal Emergency Management Agency,* C.A. 06-2576, Sect. S, Mag. 4, filed 5/18/06;

2

5.      Complaint in Case *Keith Hillard, Lisa Hillard For Themselves and as legal Gurardians for: Gabriell Hillard, Keith Hillard, Jr., Christopher Hillard; Amy L. Bordelon, ; Betty Carter For Herself and as Legal Gurardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny Lusich for Themselves and as Legal Gurardians for Summer Lusich and Lacey Lusich; and on Behalf of Themselves and Others Similarly Situated,  v. United States of America, Gulf Stream Coach, Inc.; Fleetwood Enterprises, Inc.; Fleetwood Canada, Ltd.; Starcraft RV, Inc.; Pilgrim International, Inc.; Monaco Coach Corporation; KZRV LP; and Other as Yet Unnamed Travel Trailer Vendors to the Federal Emergency Management Agency,  C.A. 06-2576, Sect. S, Mag. 4, filed 5/18/06;

6.      Docket Sheet in Case Decarlo McQuire, Kevin Rodney, Jr., Dr. Marshall J. Stevenson, Jr. And Lynda Ward Stevenson, Individually and on behalf of others similarly situated v. Gulf Stream Coach, Fairmont Homes, Tom Stinnet Holiday RV, Fleetwood Enterprises, Shaw Group, CH2M Hill Constructors, Flour Enterprises, Bechtel, National, Thompson Engineering, E.T.I., Inc., and Keta Group, LLC and XYZ Insurance Companies, C.A. 06-5659; Section: "S", Magistrate (4), filed 8/31/06

7.      Complaint in Case Decarlo McQuire, Kevin Rodney, Jr., Dr. Marshall J. Stevenson, Jr. And Lynda Ward Stevenson, Individually and on behalf of others similarly situated v. Gulf Stream Coach, Fairmont Homes, Tom Stinnet Holiday RV, Fleetwood Enterprises, Shaw Group, CH2M Hill Constructors, Flour Enterprises, Bechtel, National, Thompson Engineering, E.T.I., Inc., and Keta Group, LLC and XYZ Insurance Companies, C.A. 06-5659; Section: "S", Magistrate (4), filed 8/31/06

8.      Docket Sheet in Case Kimberly Nelson v. Gulf Streams Coach, Inc., Fleetwood Enterprises

3

*and Unnamed Travel Trailer Vendors*; U.S. District Court ,Western District of Louisiana, Number: 6:07-cv-00921; TLM-MEM; Tucker Melancon, Judge.  Filed 5/29/07.

9.     Statement that no complaint is available in Case *Kimberly Nelson v. Gulf Streams Coach, Inc., Fleetwood Enterprises and Unnamed Travel Trailer Vendors*; U.S. District Court ,Western District of Louisiana, Number: 6:07-cv-00921; TLM-MEM; Tucker Melancon, Judge.  Filed 5/29/07.

Respectfully submitted,

Daniel E. Becnel, Jr. T.A. (La. Bar 2926)
Darryl J. Becnel (La. Bar 22943)
Matt Moreland (La. Bar 24567)
P.O. Drawer H
106 West Seventh Street
Reserve, LA   70084
Telephone: (985)536-1186
Facsimile: (985)536-6445


Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
Energy Centre
1100 Poydras Street
Suite 2800
New Orleans, LA 70163
Telephone: (504) 522-2304
Fax: (504) 528-9973

Jerrold S. Parker
PARKER & WAICHMAN, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
Telephone: (516) 466-6500

4

Ronnie Glynn Penton
LAW OFFICES OF RONNIE G. PENTON
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
Telephone: (985) 643-1747

Attorneys for the plaintiffs, Robin Oldenburg, Austin
Sicard and Cindy McDonald in *Oldenburg, et al v.
United States*, et al; C.A. 07-2961

**UPDATED: 7:55 a.m. CDT, May 29, 2007    New Orleans, Partly Sunny with Thunderstorms 72° F** · Complete Forecas



nola
.COM

FORUMS    BLOGS    CAMS    ENTERTAINMENT    MORE TOPICS    JOBS

- News - From the Times-Picayune

## The Times-Picayune

· Subscribe
· Today's Paper & More

**TOP STORIES**
· Hospital auxiliary seeking volunteers
· College sports dream true for just a few
· COMMUNITY REPORT
  · More Headlines

**Sound Off**
· Daily Slaughter Continues *by ZornLemma*
· It Sure Is *by RealFilFrady*
· "souljahs" all *by SPQR*
· More

**Hot Topics**
· Saints
· Crime & Safety
· Mardi Gras
· Bourbon Street
· Prep Football
  · All Forums

**BLOGS**

**Times-Picayune Updates**
· Former NO police officer cleared in rape case 2:56 p.m. CT
· Terrytown fire engine hit on Lapalco 2:53 p.m. CT
· Jesuit, Rummel postponed 2:22 p.m. CT
  · All Blogs

# FEMA trailers called health hazards

**Formaldehyde found in new housing units**

Tuesday, May 29, 2007

**By Kate Moran**

When consumers smell that crisp, fresh-from-the-factory scent that emanates from new carpets, new car interiors and new towels, they are smelling a compound called formaldehyde that is commonly used as a finisher in manufactured products.

Formaldehyde is also found in plywood and other materials used in the construction of travel trailers, and some Louisiana residents living in such temporary housing complain that the chemical is making them sick or, at the very least, uncomfortable.

It is difficult to tell how many trailer residents might have been exposed to high concentrations of formaldehyde. The compound can sting the eyes and cause labored breathing -- common symptoms that also afflict people with colds and allergies. There is no blood test to determine whether a patient has inhaled formaldehyde.

▼ Advertisement    CONTINUE STORY



We Are Marching Again

An Original Silkscreen by George Rodrigue for Katrina Relief



EXHIBIT
1

As of last week, the Federal Emergency Management Agency had logged 140 complaints from trailer residents who believed they had been exposed to formaldehyde -- only a fraction,

the agency points out, of the 120,000 trailers and mobile homes it has distributed along the Gulf Coast. FEMA recommends residents solve the problem by ventilating the trailer -- via air conditioning or open windows -- because the formaldehyde will not return once it dissipates.

Environmental groups contend that the problem is more widespread than the federal numbers indicate. The Sierra Club conducted air-quality tests last year that showed 83 percent of trailers contained formaldehyde at levels that can irritate the eyes and sinuses.

Several local attorneys have caught on to the issue. Just this month, veteran litigator Daniel Becnel Jr. filed suit in federal district court seeking class-action status for clients who had been exposed to "harmful levels" of formaldehyde in their trailers.

"People lock their trailers because they are afraid of burglars," Becnel said. "If you leave it closed up on a bright sunny day, it gets to be 120 degrees in there. What happens is that the chemical starts to volatilize, and it gets into the carpets and anything people have. Old people and young people are especially vulnerable to it."

Toxicologists say Becnel's description is mostly accurate. Building materials found inside trailers, including plywood and particle board, emit formaldehyde into the air. The compound vaporizes more quickly as temperatures and humidity climb, a fact that could make residents of tropical states like Louisiana more vulnerable to irritation.

Low-tech solution

While formaldehyde would be found in any home with finished wood products, including new kitchen cabinets, the compound accumulates quickly in small, enclosed spaces such as trailers. The problem often gets worse if the trailer resident smokes, because cigarettes also give off formaldehyde.

**CONTINUED**  1 | 2 | 3  Nex

Use of this site constitutes acceptance of our User Agreement. Please read our Priv

©2007 New OrleansNet LLC. All Rights Reserved. Site Index | RSS Feed

UPDATED: 7:56 a.m. CDT, May 29, 2007    **New Orleans, Partly Sunny with Thunderstorms 72° F** · Complete Forecas



· JEWL    SPORTS    FORUMS    BLOGS    CAMS    ENTERTAINMENT    MORE TOPICS    JOBS

- News - From the Times-Picayune

# The Times-Picayune
· Subscribe
· Today's Paper & More

**TOP STORIES**
· Hospital auxiliary seeking volunteers
· College sports dream true for just a few
· COMMUNITY REPORT
  · More Headlines

**Sound Off**
· Daily Slaughter Continues *by ZornLemma*
· It Sure Is *by RealFilFrady*
· "souljahs" all *by SPQR*
  · More

**Hot Topics**
· Saints
· Crime & Safety
· Mardi Gras
· Bourbon Street
· Prep Football
  · All Forums

**Times-Picayune Updates**
· Former NO police officer cleared in rape case 2:56 p.m. CT
· Terrytown fire engine hit on Lapalco 2:53 p.m. CT
· Jesuit, Rummel postponed 2:22 p.m. CT
  · All Blogs

## FEMA trailers called health hazards

Page 2 of 3

FEMA began distributing brochures last year that warned storm victims they might experience flu-like symptoms from inhaling formaldehyde inside their trailers and advised that ventilating provides a simple solution.

While the advice is decidedly low-tech, toxicologists say ventilation is indeed the best solution for reducing exposure to formaldehyde, short of moving out of the trailer. Experts say symptoms should decrease over time because wood products give off the highest volumes of formaldehyde when they are new.

"When people first move in to a mobile home, it is wise to air it out well. Once it has been in use for a while, any formaldehyde should be gone," said LuAnn White, director of the Tulane Center for Applied Environmental Public Health. "I would have expected people to have symptoms when they first moved in, but not after they had been living there for a year.

▼ Advertisement                          CONTINUE STORY



We Are Marching Again

BUY ONLINE
www.bluedogrelief.com

"New formaldehyde is not made," White said. "What you're breathing is what was there in the building materials."

Keeping windows and doors open can create another problem for trailer residents, however,

especially in the spring: it lets in pollen and can inflame seasonal allergies, even if it gets rid of the formaldehyde.

"The best thing somebody can do is to call a neighbor, tell them you will be home in a few hours and ask them to turn on your air conditioning for you. By doing that, you will pull out some of the fumes and filter out some of the things like pollen," said Dr. James Diaz, head of environmental and occupational health sciences at the Louisiana State University Health Sciences Center.

The federal government sets standards for the amount of formaldehyde that can issue from the building materials in mobile homes, but it does not regulate formaldehyde levels in travel trailers. The Occupational Safety and Health Administration limits the amount people can breathe in the workplace -- up to than 0.75 parts per million for an eight-hour day -- but has no authority over private homes.

Although no standards have been developed for travel trailers, FEMA found significant amounts of formaldehyde during tests conducted last fall. The agency closed up 96 new trailers for six weeks and then collected air samples inside.

Experts found an average concentration of 1.2 parts per million inside the trailers -- well above the workplace standard. They also determined that formaldehyde levels dropped to about 0.3 parts per million after the trailers were ventilated for four days.

"It is well established in the portable housing industry that 'off-gassing' of formaldehyde from construction materials is more pronounced when these materials are new and that levels decrease significantly with age and ventilation," Gil Jamieson, the agency's associate deputy administrator for Gulf Coast recovery, said in an e-mail.

Previous | 1 | **2** | 3  Next

Use of this site constitutes acceptance of our User Agreement. Please read our Priv
©2007 New OrleansNet LLC. All Rights Reserved. Site Index | RSS Feed

UPDATED: 7:56 a.m. CDT, May 29, 2007    New Orleans, Partly Sunny with Thunderstorms 72° F   · Complete Forecas



# nola
### .COM

Search local
Post your re
Sign up for j

NEWS    SPORTS    FORUMS    BLOGS    CAMS    ENTERTAINMENT    MORE TOPICS    JOBS

- News - From the Times-Picayune

## The Times-Picayune
· Subscribe
· Today's Paper & More

**TOP STORIES**
- Hospital auxiliary seeking volunteers
- College sports dream true for just a few
- COMMUNITY REPORT
  - More Headlines

FORUMS

**Sound Off**
- Daily Slaughter Continues by ZornLemma
- It Sure Is by RealFilFrady
- "souljahs" all by SPQR
  - More

**Hot Topics**
- Saints
- Crime & Safety
- Mardi Gras
- Bourbon Street
- Prep Football
  - All Forums

BLOGS

**Times-Picayune Updates**
- Former NO police officer cleared in rape case 2:56 p.m. CT
- Terrytown fire engine hit on Lapalco 2:53 p.m. CT
- Jesuit, Rummel postponed 2:22 p.m. CT
  - All Blogs

# FEMA trailers called health hazards

Page 3 of 3

**FEMA responds**

Jamieson said that FEMA nonetheless was taking complaints about exposure seriously. He said the agency will send staff members out to a trailer to investigate if a resident smells the telltale odor of formaldehyde -- familiar to any student of high school biology as the chemical that embalms dissection specimens.

Jamieson said his agency would replace the trailer with an older one that had reduced formaldehyde emissions if workers smelled the compound's distinct odor or if the residents were suffering from symptoms of exposure.

▼ Advertisement

CONTINUE STORY



We Are Marching Again

BUY ONLINE
www.bluedogrelief.com

FEMA has commissioned a study of the health effects of formaldehyde exposure. Jamieson said the agency has also asked manufacturers to start applying the federal standards that govern formaldehyde emissions in mobile homes to trailers.

In the meantime, the chairman of the House Committee on Oversight and Government Reform wrote a letter requiring FEMA to turn over all documents related to formaldehyde

emissions by Tuesday. The chairman, U.S. Rep. Henry Waxman, D-Calif., had previously sent a letter to the agency asking whether manufacturers used substandard materials in the rush to make trailers available to hurricane victims. That first letter, dated August, 2006, was co-signed by U.S. Rep. Charlie Melancon, D-Napoleonville.

A few Louisiana residents have lodged complaints with the state's congressional delegation about the air quality in their trailers. One River Ridge woman told U.S. Rep. Bobby Jindal, R-Kenner, that she suffered headaches and other symptoms during the first few months in her trailer.

The woman, who talked to a reporter but asked that her name not be used, said her trailer arrived in June 2006. She was out of town until August, but when she came home and opened the trailer, she said her eyes burned when she walked inside. She opened the windows and ran several fans but would still wake up in the mornings with a headache.

She said the discomfort disappeared a few months later, when the weather got a little colder.

"I started calling FEMA and the governor's office and my congressman," she said. "I kept a journal of every call and complaint. FEMA said there was nothing they could do. They knew they were having problems but said they had to do a study. They said they had no other trailers to swap out and had no intention of swapping them out."

Jamieson said FEMA has replaced 47 trailers to address concerns about formaldehyde exposure.

. . . . . . .

Kate Moran can be reached at kmoran@timespicayune.com or (504) 826-3491.

Previous | 1 | 2 | 3

Use of this site constitutes acceptance of our User Agreement. Please read our Priv
©2007 New OrleansNet LLC. All Rights Reserved. Site Index | RSS Feed

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:07-cv-02961-ILRL-DEK

Oldenburg et al v. United State of America et al
Assigned to: Judge Ivan L. R. Lemelle
Referred to: Magistrate Judge Daniel E. Knowles, III
Cause: 28:1332 Diversity-Product Liability

Date Filed: 05/18/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Robin Oldenburg**                    represented by **Daniel E. Becnel, Jr.**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
985-536-1186
Email: dbecnel@becnellaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darryl James Becnel**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
985-536-1186
Email: darrylbecnel@becnellaw.com
*ATTORNEY TO BE NOTICED*

**Gerald Edward Meunier**
Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, La 70163-2800
504-522-2304
Fax: 504-528-9973
Email: gmeunier@gainsben.com
*ATTORNEY TO BE NOTICED*

**Jerrold S. Parker**
Parker & Waichman, LLP
111 Great Neck Rd.
Suite 101
Great Neck, NY 11021
516-466-6500

EXHIBIT
a

*ATTORNEY TO BE NOTICED*

**Matthew B. Moreland**
Law Offices of Daniel E. Becnel, Jr.
106 W. Seventh St.
P. O. Drawer H
Reserve, LA 70084
985-536-1186
Email: mmoreland@becnellaw.com
*ATTORNEY TO BE NOTICED*

**Ronnie Glynn Penton**
Law Offices of Ronnie G. Penton
(Slidell)
2250 Gause Blvd. East
Suite 310
Slidell, LA 70458
985-643-1747
Email: fedcourtmail@rgplaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Austin Sicard**                    represented by **Daniel E. Becnel, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darryl James Becnel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Edward Meunier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jerrold S. Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew B. Moreland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronnie Glynn Penton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cindy McDonald**                    represented by **Daniel E. Becnel, Jr.**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Darryl James Becnel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerald Edward Meunier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jerrold S. Parker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew B. Moreland**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ronnie Glynn Penton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United State of America**

**Defendant**

**Fleetwood Enterprises, Inc.**

**Defendant**

**Fleetwood Canada, Ltd.**

**Defendant**

**Unidentified Parties**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2007 | 1 | COMPLAINT with Jury Demand against United State of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Unidentified Parties (Filing fee $ 350.) filed by Cindy McDonald, Robin Oldenburg, Austin Sicard. (Attachments: # 1 Civil Cover Sheet)(cl, ) (Entered: 05/22/2007) |
| 05/18/2007 | 2 | Summons Issued as to United State of America, Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. (cl, ) (Entered: 05/22/2007) |
| 05/24/2007 | 3 | EXPARTE/CONSENT MOTION to Appear as Counsel of Record by |

| | | |
|---|---|---|
| | | Cindy McDonald, Robin Oldenburg, Austin Sicard. (Attachments: # 1 Proposed Order)(Becnel, Darryl) (Entered: 05/24/2007) |
| 05/24/2007 | 4 | DEFICIENT EXPARTE/CONSENT MOTION to Dismiss Party United States of America by Cindy McDonald, Robin Oldenburg, Austin Sicard. (Attachments: # 1 Proposed Order)(Becnel, Darryl) Modified on 5/25/2007 (lag, ). (Entered: 05/24/2007) |
| 05/24/2007 | 5 | DEFICIENT MOTION to Certify Class by Cindy McDonald, Robin Oldenburg, Austin Sicard. Motion Hearing set for 6/20/2007 09:00 AM before Judge Ivan L. R. Lemelle. (Attachments: # 1 Memorandum in Support # 2 Request for Expedited Hearing# 3)(Becnel, Darryl) Modified on 5/25/2007 (lag, ). (Entered: 05/24/2007) |
| 05/25/2007 | 6 | ORDER granting 3 Motion to Appear as to Darryl J. Becnel, Matthew Moreland. Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 05/25/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/29/2007 15:55:12 | | |
| **PACER Login:** | db0557 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:07-cv-02961-ILRL-DEK |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY 18 I P 3 59

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBIN OLDENBURG; AUSTIN SICARD & CINDY McDONALD | * * * | CIVIL ACTION #: _____ **07-2961** |
| VERSUS | * * | SECTION: _____ |
| UNITED STATES OF AMERICA; FLEETWOOD ENTERPRISES, INC.; FLEETWOOD CANADA, LTD.; AND OTHER, AS YET UNNAMED TRAVEL TRAILER VENDORS TO THE FEDERAL EMERGENCY MANAGMENT AGENCY | * * * * * * * * | MAGISTRATE: _____ **SECT B MAG 3** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CLASS ACTION COMPLAINT - (Jury Trial Requested)

NOW INTO COURT, through the undersigned counsel, come Robin Oldenburg; Austin

Sicard and Cindy McDonald, all person of the full age of majority and residents of the Parish of .

. . for the purpose of submitting this Class Action Complaint, and respectfully say as follows:

**1.**

Plaintiffs file this Class Action Complaint, on their own behalf, and on behalf of a class

of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represent that they have

injuries common to all those similarly situated who incurred damages arising out of the use of

FEMA trailers which caused them injuries in the manner specified herein.



EXHIBIT
3

/ Fee __350.__
✓ Process_____
X Dktd _____
___ CtRmDep_____
___ Doc. No_____

**2.**

Named plaintiffs herein are:

a.      Robin Oldenburg, a person of the full age of majority and resident of the Parish of St.

        Bernard, State of Louisiana;

b.      Austin Sicard, a person of the full age of majority and a resident of the Parish of St.

        Bernard, State of Louisiana.

c.      Cindy McDonald, a person of the full age of majority and a resident of the Parish of St.

        Bernard, State of Louisiana.


**3.**

Made defendants herein are:

a.      **UNITED STATES OF AMERICA;**

b.      **FLEETWOOD ENTERPRISES, INC.;** a non-Louisiana corporation authorized to do

        and doing business in the State of Louisiana, and in the parish of Orleans, with its

        domicile and principal place of business in States other than Louisiana;

d.      **FLEETWOOD CANADA, LTD;**  a non-Louisiana corporation authorized to do and

        doing business in the State of Louisiana, and in the parish of St. Bernard, with its

        domicile and its principal place of business in States other than Louisiana;

## VENUE AND JURISDICTION

### 4.

The defendants named herein each do substantial business in the State of Louisiana and within this federal District, and at all times relevant hereto, they engaged in commerce both in this federal judicial district and in the State of Louisiana.

### 5.

Plaintiffs allege that they have suffered damages in an amount in excess of $75,000.00 exclusive of interest and court costs, as to themselves and each proposed class member.

### 6.

There is complete diversity of citizenship and/or federal question jurisdiction herein because defendants were contractors of the Federal Government as to the matters complained of herein. Alternatively, there is jurisdiction due to ample diversity to meet the terms of the Class Action Fairness Act (CAFA), 28 U.S.C. 1332(d)(2).

### 7.

This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d)(2) because this is a class action in which there is at least minimal diversity and the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. Alternatively, this court has jurisdiction because there is diversity of citizenship between the plaintiffs and the defendants due to the fact that defendants were contractors of the federal government. Alternatively, this court has federal question jurisdiction because the project at

issue was a federal construction project through the Federal Emergency Management
Administration.

**8.**

Venue is proper in this District pursuant to 28 U. S. C. § 1391, because a large portion

the negligent and wrongful actions of the defendants occurred in the Eastern District of

Louisiana; the named plaintiffs reside in the Eastern District of Louisiana, the damages to the

named plaintiffs occurred within the Eastern District of Louisiana and the many of the applicable

facts which form the basis of this lawsuit occurred in the Eastern District of Louisiana.

**PRELIMINARY STATEMENT**

**9.**

This is a class action brought on behalf of those persons residing or living in

manufactured mobile homes, mobile homes or travel trailers (hereinafter called "housing units")

along the Gulf coast of the United States.  These housing units were provided by FEMA after the

landfalls of Hurricane Katrina on August 25, 2005 through August 20, 2005, and who are being

subjected to harmful levels of formaldehyde while residing in said housing units.

**10.**

At 6:10 a.m. on August 29, 2005 Katrina made landfall near Grand Isle, Louisiana as a

Category 4 hurricane, and then made a second landfall a short time later near the Louisiana-

Mississippi border.

**11.**

Despite the fact that the scope of the damage to Louisiana, Mississippi and Alabama

costal areas was forseeable, the Federal Government was unprepared to handle the devastation

and the damage was too great to be handled by State and local governments.

**12.**

The homes of hundreds of thousands of citizens of the United States who resided along

the gulf coast were rendered unhabitable and said citizens were left homeless.

**13.**

Eventually, the Federal Government, through FEMA, began providing temporary housing

to plaintiffs in the form of housing units which became widely known as "FEMA trailers".

**14.**

Said provision of temporary housing to plaintiffs created a duty on the part of the Federal

Government to insure that the housing was safe.  However, the housing provided has been unsafe

and presents a clear and present danger to the health and well-being of the plaintiffs and their

families.

**15.**

All of the plaintiffs have spent significant time in the FEMA provided housing units

manufactured by one or more of the named or unnamed manufacturing defendants and provided

to plaintiffs by the Federal Government.  In this manner, plaintiffs have been exposed to

dangerously high concentrations of formaldehyde fumes and have had no choice but to accept

their plight.

## 16.

Formaldehyde is used in the manufacture of certain construction materials such as particle

board and plywood, particularly in the manufactured home industry.  Pursuant to federal law,

defendants are required to display a "Health Notice" about exposure to formaldehyde which

reads:

### IMPORTANT HEALTH NOTICE

Some of the building materials used in this home emit
formaldehyde.  Eye, nose and throat irritation, headache, nausea,
and a variety of asthma-like symptoms, including shortness of
breath, have been reported as a result of formaldehyde exposure.
Elderly persons and young children, as well as anyone with a
history of asthma, allergies, or lung problems, may be at greater
risk.  Research is continuing on the possible long-term effects of
exposure to formaldehyde.

Reduced ventilation resulting from energy efficiency standards
may allow formaldehyde and other contaminants to accumulate in
the indoor air.  Additional ventilation to dilute the indoor air may
be obtained from a passive or mechanical ventilation system
offered by the manufacturer.  Consult your dealer for information
about the ventilation options offered with this home.

High indoor temperatures and humidity raise formaldehyde levels.
When a home is to be located in areas subject to extreme summer
temperatures, an air-conditioning system can be used to control
indoor temperature levels.   Check the comfort cooling certificate
to determine if this home has been equipped or designed for the
installation of an air-conditioning system.

If you have any questions regarding the health effects of
formaldehyde, consult your doctor or local health department.

See 24 C.F.R.  § 3280.309.

**17.**

According to the National Cancer Institute, formaldehyde has been classified as a human

carcinogen (cancer-causing substance) by the International Agency for Research on Cancer and

as a probably human carcinogen by the U.S. Environmental Protection Agency.

**18.**

In 1987, OSHA reduced the amount of foraldehyde to which workers can be exposed

over an 8 hour day from 3ppm to 1 ppm.  In May, 1992 the formaledhyde exposure limit was

further reduced to 0.75 p.p.m.

**19.**

The Department of Housing and Urban Development ("HUD") regulates formaldehyde

levels in certain construction materials to include the pressed wood products used in

manufactured housing (such as prefabricated mobile homes).  By regulation, plywood "shall not

emit formaldehyde in excess of 0.2 parts per million (PPM) ..."  Similarly, by regulation,

particleboard materials "shall not emit formaldehyde in excess of 0.3 ppm ..."  See 24 C.F.R. §

3280.308.

**20.**

Despite the Federal Government's knowledge of the dangers of formaldehyde emissions

in the building components fo FEMA Housing, the Federal Government provided housing to the

plaintiffs which contained formaldehyde emissions which are dangerously unhealthy and exceed

the levels permitted by law and have and will result in injury to the plaintiffs.

## CLASS ACTION ALLEGATIONS

### 21.

Petitioners bring this action on their own behalf and on behalf of all others similarly situated in the respects herein below stated:

### 22.

The claims of the proposed class representatives are typical of the claims of the proposed class.

### 23.

Plaintiffs will fairly and adequately represent and protect the interests of all members of the described class. Plaintiffs have retained attorneys highly experienced in the prosecution of class actions, including complex litigation, and mass tort class actions, to represent class members herein.

### 24.

The common questions of law and fact as shown in this complaint predominate over individual questions of causation or individual damages.

### 25.

Concentrating this litigation in one forum will aid with judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency.

26.

A class action is superior to other available methods for the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if any class members could afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by defendant' product. By contrast, the class action device presents far and fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Thousands of individual actions will create unnecessary burdens on and delay to injured victims in addition to straining the judicial system. Such individual actions will also magnify the expense for retaining expert witnesses, and prolong all parties' abilities to receive a speedy and efficient adjudication of this matter.


27.

Furthermore, class certification is appropriate because the prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications and substantially impair their ability to protect their interests.

28.

Accordingly, class certification is appropriate under the Federal Rules of Civil Procedure, Rule 23(b)(3)and/or (b)(1)(B), and the class action vehicle is the superior method for handling this litigation.

**29.**

This is a class action pursuant to F.R.C.P. 23 on behalf of a class of plaintiffs similarly situated but as yet unidentified, as plaintiffs herein represents that they have injuries common to all those similarly situated who suffered damages from living in the FEMA supplied housing units in the wake of hurricane Katrina.

**30.**

Plaintiffs allege and propose that the class be defined as:

All residents, domiciliaries, and property owners of the states of Louisiana, Mississippi and Alabama who resided in FEMA provided housing units after hurricane Katrina.

**31.**

The proposed class action arises out of the catastrophic events of Hurricane cantrina which rendered hundreds of thousands of people homeless thus causing them to use the FEMA provided housing units. The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class of plaintiffs clearly consists of hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

**32.**

This action is appropriate for determination through the Federal Class Action Rule (F.R.C.P. art. 23, *et seq*.) for the following reasons:

A.     **NUMEROSITY**

The class consists of hundreds of thousands of people.  The exact number and identities of the class plaintiffs are unknown at this time, and can only be ascertained through appropriate discovery, plaintiffs are of information and belief that the class of plaintiffs clearly consists of hundreds of thousands of persons presenting a level of numerosity better handled through the class action procedure.

B.     **COMMON QUESTIONS OF LAW AND FACT**

There are common questions of law and fact applicable to all class members and which predominate over individual questions and which include but are not limited to the dangerous nature of the FEMA provided housing units and the

C.     **ADEQUATE REPRESENTATION**

Plaintiffs will fairly and adequately represent the interests of the class, and the class representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class action litigation and who may be expected to handle this action in an expeditious and economical manner to the best interest of all members of the class;

D.     **TYPICALITY**

The claims of the class representative as named herein are typical of the claims of the class members they seek to represent in that they are all claims seeking damages arising from the damages they received as a result of exposure to formaldehyde from the FEMA trailers.

E.     **SUPERIORITY**

The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented, especially since individual joinder of each

of the class members is impracticable.  Individual litigation by each of the class members,

besides being unduly burdensome to the plaintiffs would also be unduly burdensome and

expensive to the court system as well as the defendants.

## ALLEGATIONS OF FAULT AND/OR LIABILITY

### 33.

At all times material hereto, defendant, the United States of America, acted under a duty

to use reasonable care and caution in providing the FEMA housing units to the plaintiffs that

were reasonably safe and non dangerous.  The United States of America assumed this duty as a

private actor.

### 34.

The United States of America failed to adhere to their duty to provide safe housing to

plaintiffs.  Instead, the United States of America was negligent, negligent per se, grossly

negligent and reckless in providing FEMA housing units which were unreasonably dangerous do

the their high level of formaldehyde emissions.

### 35.

As a direct result of the negligent actions of the United States of America, the plaintiffs

suffered and continue to suffer injury and damages.

36.

The manufacturing defendants, Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd. were a all times material hereto under a duty to provide reasonably safe and non dangerous housing units for the use of the plaintiffs.

37.

Defendants, Fleetwood Enterprises, Inc. And Fleetwood Canada, Ltd. breached their duty and were negligent, negligent per se, grossly negligent and reckless in providing FEMA housing units which were unreasonably dangerous do the their high level of formaldehyde emissions.

38.

As a result of the negligence and fault of the manufacturing defendants, plaintiffs suffered and continue to suffer injuries and damages.

39.

The defendants, the United States of America, Fleetwood Enterprises, Inc. and Fleetwood Canada, Ltd., were negligent and at fault in the following non exclusive particulars:

1. In providing unreasonably dangerous housing units to the plaintiffs;

2. In manufacturing unreasonably dangerous housing units;

3. In failing to warn plaintiffs of the unreasonably dangerous nature of the housing units;

4. In failing to ensure that the housing units they manufactured and provided to the plaintiffs were suitable for their intended use;

5.    In failing to properly inspect the housing units;

6.    In failing to adhere to an express or implied warranty of fitness and safety for the
housing units they manufactured and provided;

7.    In manufacturing and providing housing units which were unduly dangerous due
to their emissions of formaldehyde;

8.    In failing to act in a prudent and careful way under the situation and
circumstances;

9.    In failing to remedy the dangerous nature of the housing units they manufactured
and provided;

10.   Such other actions of negligence and fault as will be shown at the trial of this
matter.

### REQUEST FOR JURY TRIAL

**40.**

Plaintiffs are entitled to and demand a trial by jury.

**W H E R E F O R E**, your petitioner prays:

1.    That a summons be issued to the defendants so that they can be served the
summons along with a copy of this Complaint and be cited to appear and answer same;

2.    That after due proceedings had, that this action be certified as a class action
pursuant to the provisions of F.R.C.P. 23 and the applicable local rules, in the respects alleged
herein above, for the purposes of determining the common issues of liability for compensatory
damages;

3.      That upon certification of the class action, the Court call for the formulation of a

suitable management plan pursuant to the Federal Rules of Civil Procedure;

4.      That after due proceedings had, and a trial by jury, there be a judgment in this

matter in favor of the plaintiffs and against the defendants, declaring that the defendants are

liable, to the plaintiffs and all members of the class for all applicable damages and thereafter;

5.      That the rights of the plaintiffs and all members of the class to establish their

entitlement to compensatory damages, and the amount thereof, be reserved for determination in

their individual actions when appropriate;

6.      That plaintiffs recover their costs for the prosecution of this class action, and for

interest on all damages from the date of judicial demand until paid.

Respectfully submitted,

DANIEL E. BECNEL, JR. (LSBA # 2926)
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
Post Office Drawer "H"
Reserve, Louisiana 70084
Telephone:     (985) 536-1186
Facsimile:     (985) 536-6445

RONNIE G. PENTON (LSBA #: 10462)
Law Offices of Ronnie G. Penton
209 Hoopen Place
Bogalusa, LA 70427
Phone: (985) 732-5651
Fax: (985) 735-5579

GERALD E. MEUNIER (LSBA #: 9471)
Gainsburg, Benjamin,David, Meunier
& Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
Phone: (504) 522-2304
Fax: (504) 528-9973

JERROLD PARKER
Parker, Waichman Alonso Mark LLP
111 Great Neck Road
Great Neck, NY 11021

MASTER

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
### CIVIL DOCKET FOR CASE #: 2:06-cv-02576-LMA-KWR

Hillard et al v. United States of America et al
Assigned to: Judge Lance M Africk
Referred to: Magistrate Judge Karen Wells Roby
Member case: (View Member Case)
Cause: 28:2675 Federal Tort Claims Act

Date Filed: 05/18/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: U.S. Government
Defendant

### Plaintiff

**Keith Hillard**
*for himself and as legal guardian for
Gabriell Hillard, Keith Hillard, Jr.,
Christopher Hillard, Cydney Hillard,
and other, as yet unnamed, travel
trailor vendors to the Federal
Emergency Management Agency*

represented by **J. Michael Veron**
Bice Palermo & Veron
723 Kirby St.
P. O. Box 2125
Lake Charles, LA 70602-2125
337-310-1600
Email: mike@bpvlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
Bice & Palermo
721 Kirby St.
P. O. Box 2125
Lake Charles, LA 70602-2125
337-310-1600
Email: rock@bpvlaw.com

**Paul A. Dominick**
Nexsen Pruet Jacobs Pollard &
Robinson, LLP
P. O. Box 486
Charleston, SC 29402
843-577-9440
Email: pdominick@nexsenpruet.com
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
Nexsen Pruet Jacobs Pollard &
Robinson, LLP
P. O. Box 486
Charleston, SC 29402
843-577-9440
Email: rtapp@nexsenpruet.com
*ATTORNEY TO BE NOTICED*



EXHIBIT
4

Sean K. Trundy
Sean K. Trundy, LLC
P. O. Box 41343
North Charleston, SC 29423
843-747-4424
Email:
sean@northcharlestonlawyer.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Lisa Hillard**
*on behalf of herself and as legal*
*guardian for Gabriell Hillard, Keith*
*Hillard, Jr., Christopher Hillard,*
*Cydney Hillard*

represented by **J. Michael Veron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
(See above for address)

**Paul A. Dominick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean K. Trundy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Amy L. Bordelon**

represented by **J. Michael Veron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
(See above for address)

**Paul A. Dominick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean K. Trundy**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Betty Carter**
*for herself and as legal guardian for*
*April Carter and William Carter, Jr.*

represented by **J. Michael Veron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
(See above for address)

**Paul A. Dominick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean K. Trundy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Emmett Lusich**
*for himself and as legal guardian for*
*Summer Lusich and Lacey Lusich*

represented by **J. Michael Veron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
(See above for address)

**Paul A. Dominick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean K. Trundy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jenny Lusich**
*for herself and as legal guardian for*
*Summer Lusich and Lacy Lusich*

represented by **J. Michael Veron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Rock Palermo, III**
(See above for address)

**Paul A. Dominick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard L. Tapp, Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean K. Trundy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Decarlo McGuire**                   represented by   **Roy J. Rodney, Jr.**
*06-5659*                                              Rodney & Etter, LLC (New Orleans)
                                                       620 N. Carrollton Avenue
                                                       New Orleans, LA 70119
                                                       504-483-3224
                                                       Email: RJR@rodneylaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Karl Etter**
                                                       Rodney & Etter, LLC (New Orleans)
                                                       620 N. Carrollton Avenue
                                                       New Orleans, LA 70119
                                                       504-483-3224
                                                       Fax: 504-483-2259
                                                       Email: jke@rodneylaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Marston Fowler**
                                                       Rodney & Etter, LLC (New Orleans)
                                                       620 N. Carrollton Avenue
                                                       New Orleans, LA 70119
                                                       504-483-3224
                                                       Email: jmf@rodneylaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Yvette P. Cravins**
                                                       Rodney & Etter, LLC
                                                       200 West Congress St.
                                                       Suite 650
                                                       Lafayette, LA 70501
                                                       337-232-6924
                                                       *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Kevin Rodney**                    represented by    **Roy J. Rodney, Jr.**
*06-5659*                                              (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Karl Etter**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Marston Fowler**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Yvette P. Cravins**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Dr. Marshall J. Stevenson, Jr.**   represented by    **Roy J. Rodney, Jr.**
*06-5659*                                              (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Karl Etter**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Marston Fowler**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Yvette P. Cravins**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Lynda Ward Stevenson**             represented by    **Roy J. Rodney, Jr.**
*06-5659, Individually and on behalf of*               (See above for address)
*others similarly situated*                            *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Karl Etter**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John Marston Fowler**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

Yvette P. Cravins
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**                 represented by   **Jacqueline Elaine Coleman Snead**
U.S. Dept of Justice, Federal Programs
Branch, DC
Civil Division
20 Massachusetts Ave. NW
Rm. 7214
Washington, DC 20530
202-514-3418
Email: jacqueline.snead@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc A Perez**
U. S. Department of Justice, Federal
Programs Branch
Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 514-4505
Fax: (202) 616-8460
Email: marc.perez@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gulf Stream Coach, Inc.**                 represented by   **Timothy D. Scandurro**
Scandurro & Layrisson, L.L.C.
607 St. Charles Ave.
Suite 100
New Orleans, LA 70130
504-522-7100
Email: tim@scanlayr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew D. Weinstock**
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-837-3700
Email: andreww@duplass.com

*ATTORNEY TO BE NOTICED*

**Dewey M. Scandurro**
Scandurro & Layrisson, L.L.C.
607 St. Charles Ave.
Suite 100
New Orleans, LA 70130
504-522-7100
Fax: 504-529-6199
Email: dewey@scanlayr.com
*ATTORNEY TO BE NOTICED*

**Joseph G. Glass**
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: jglass@duplass.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fleetwood Enterprises, Inc.**          represented by   **Jerry L. Saporito**
Saporito Law Firm, LLC
639 Loyola Ave.
Suite 2100
New Orleans, LA 70113
529-5070
Email: jsaporito@saporitolawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward T. Hayes**
Saporito Law Firm, LLC
639 Loyola Ave.
Suite 2100
New Orleans, LA 70113
504-529-5070
Fax: 504-529-5434
Email: ehayes@saporitolawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fleetwood Canada, Ltd.**              represented by   **Jerry L. Saporito**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Edward T. Hayes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Starcraft RV, Inc.**                  represented by   **James Conner Percy**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: jpercy@joneswalker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madeleine Fischer**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre (NO)
Place St. Charles
201 St. Charles Ave.
50th Floor
New Orleans, LA 70170-5100
504-582-8296
Email: mfischer@joneswalker.com
*ATTORNEY TO BE NOTICED*

**Nan Roberts Eitel**
Jones Walker (Washington)
2600 Virginia Avenue
Suite 1113
Washington, DC 20037
202-944-1105
Fax: 504-589-8356
Email: neitel@joneswalker.com
*ATTORNEY TO BE NOTICED*

**Ryan Estes Johnson**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: rjohnson@joneswalker.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pilgrim International, Inc.**

represented by **James Conner Percy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Madeleine Fischer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nan Roberts Eitel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Estes Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

## Defendant

**Monaco Coach Corporation**
*TERMINATED: 11/17/2006*

represented by **Nancy J. Marshall**
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130
504-581-5141
Email: nmarshall@dkslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan H. Waller**
Campbell, Waller & Poer
2100 A Southbridge Pkwy.
Suite 450
Birmingham, AL 35209
205-803-0051
Email: jwaller@cwp-law.com
*ATTORNEY TO BE NOTICED*

**Karen Patricia Holland**
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130
504-593-0624
Email: kholland@dkslaw.com

**Miles Clay Williams**
Campbell, Waller & Poer, LLC
2100 A Southbridge Pkwy.
Suite 450
Birmingham, AL 35209

205-803-9951
Email: clayw@cwp-law.com

**Defendant**

**KZRV LP**                                    represented by    **James Conner Percy**
*TERMINATED: 11/17/2006*                                        (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Madeleine Fischer**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Nan Roberts Eitel**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Ryan Estes Johnson**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified Parties**

**Defendant**

**Federal Emergency Management**              represented by    **Jacqueline Elaine Coleman Snead**
**Agency**                                                      (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Marc A Perez**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Gulf Stream Coach, Inc.**                   represented by    **Timothy D. Scandurro**
*06-5659*                                                       (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Andrew D. Weinstock**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Dewey M. Scandurro**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Joseph G. Glass**
                                                                (See above for address)

*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Fairmont Homes Inc.**                   represented by   **Timothy D. Scandurro**
*06-5659*                                                 (See above for address)
*TERMINATED: 02/07/2007*                                  *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew D. Weinstock**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dewey M. Scandurro**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joseph G. Glass**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Tom Stinnett Holiday RV Center,**       represented by   **Arthur Wendel Stout, III**
**Inc.**                                                  Deutsch, Kerrigan & Stiles LLP (New
*06-5659*                                                 Orleans)
*TERMINATED: 01/12/2007*                                  755 Magazine St.
                                                          New Orleans, LA 70130
                                                          504-566-1201
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Isaac H. Ryan**
                                                          Deutsch, Kerrigan & Stiles LLP (New
                                                          Orleans)
                                                          755 Magazine St.
                                                          New Orleans, LA 70130
                                                          504-581-5141
                                                          Email: iryan@dksno.com
                                                          *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Fleetwood Enterprises, Inc.**           represented by   **Jerry L. Saporito**
*06-5659*                                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Edward T. Hayes**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Morgan Buildings and Spas**
*06-5659*
*TERMINATED: 09/07/2006*

### Consol Defendant

**Circle B Enterprises**
*06-5659*
*TERMINATED: 01/18/2007*

represented by **Lamont P. Domingue**
Voorhies & Labbe
700 St.John St.
P. O. Box 3527
Lafayette, LA 70502-3527
337-232-9700
Email: lpd@volalaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**W. Gerald Gaudet**
Voorhies & Labbe
700 St.John St.
P. O. Box 3527
Lafayette, LA 70502-3527
337-232-9700
Email: wgg@volalaw.com
*ATTORNEY TO BE NOTICED*

### Consol Defendant

**Shaw Group Inc**
*06-5659*
*TERMINATED: 09/20/2006*

represented by **William H. Howard, III**
Baker Donelson Bearman Caldwell &
Berkowitz, PC
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504-566-5275
Email: bhoward@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny G. Shaw**
Baker, Donelson, Bearman, Caldwell &
Berkowitz
3 Sanctuary Blvd.
Suite 201
Mandeville, LA 70471
985-819-8400
Email: dshaw@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Gerardo R. Barrios**
Baker, Donelson, Bearman, Caldwell &
Berkowitz
3 Sanctuary Blvd.

Suite 201
Mandeville, LA 70471
985-819-8400
Email: gbarrios@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**CH2M Hill Constructors Inc.**    represented by    **William H. Howard, III**
*06-5659*                                            (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Danny G. Shaw**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Gerardo R. Barrios**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Fluor Enterprises, Inc.**    represented by    **Leon Gary, Jr.**
*06-5659*                                        Jones, Walker, Waechter, Poitevent,
                                                 Carrere & Denegre, LLP
                                                 Four United Plaza
                                                 8555 United Plaza Blvd.
                                                 Fifth Floor
                                                 Baton Rouge, LA 70809
                                                 225-248-2000
                                                 Email: lgary@joneswalker.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Brandon Kelly Black**
                                                 Jones, Walker, Waechter, Poitevent,
                                                 Carrere & Denegre, LLP
                                                 Four United Plaza
                                                 8555 United Plaza Blvd.
                                                 Fifth Floor
                                                 Baton Rouge, LA 70809
                                                 225-248-2000
                                                 Email: bblack@joneswalker.com
                                                 *ATTORNEY TO BE NOTICED*

                                                 **James Conner Percy**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Nan Roberts Eitel**
                                                 (See above for address)

*ATTORNEY TO BE NOTICED*

**Ryan Estes Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Bechtel National Inc.**
*06-5659*
*TERMINATED: 01/25/2007*

represented by **John Joseph Hainkel, III**
Frilot, Partridge, Kohnke & Clements,
LC
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
(504) 599-8000
Email: jjh@fpkc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kerry J. Miller**
Frilot Partridge
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
504-599-8000
Email: kmiller@frilotpartridge.com
*ATTORNEY TO BE NOTICED*

**Michael B. North**
Frilot Partridge L.C.
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
(504) 599-8183
Email: mnorth@frilotpartridge.com
*ATTORNEY TO BE NOTICED*

**Paul C. Thibodeaux**
Frilot Partridge
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
504-599-8000
Email:
pthibodeaux@frilotpartridge.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Thompson Engineering**
*06-5659*
*TERMINATED: 01/10/2007*

represented by    **Joseph G. Gallagher, Jr.**
Hulse & Wanek
1010 Common St.
Suite 2800
New Orleans, LA 70112-2426
(504) 524-6221
Email: jgg@hulsewanek.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**E.T.I. Inc.**
*06-5659*

**Consol Defendant**

**Keta Group LLC**
*06-5659*

represented by    **Thomas G. O'Brien**
Adams and Reese LLP (New Orleans)
One Shell Square
701 Poydras Street
Suite 4500
New Orleans, LA 70139
504-585-0309
Fax: 504-566-0210
Email: thomas.obrien@arlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Potts**
Adams and Reese LLP (New Orleans)
One Shell Square
701 Poydras Street
Suite 4500
New Orleans, LA 70139
504-581-3234
Email: kyle.potts@arlaw.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Unidentified Parties**
*06-5659*

**Consol Defendant**

**Morgan Buildings and Spas, Inc.**
*06-5659, incorrectly sued as Morgan*
*Buidlings and Spas*

represented by    **Christine Lipsey**
McGlinchey Stafford PLLC - Baton
Rouge
301 Main Street
14th Floor
Baton Rouge, LA 70825

225-383-9000
Email: clipsey@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jude C. Bursavich**
Breazeale, Sachse & Wilson
One American Place
P. O. Box 3197
23rd Floor
Baton Rouge, LA 70821-3197
225-387-4000
Email: jcb@bswllp.com
*ATTORNEY TO BE NOTICED*

**Michael Paul Fruge**
Breazeale, Sachse & Wilson
One American Place
P. O. Box 3197
23rd Floor
Baton Rouge, LA 70821-3197
225-387-4000
Email: mpf@bswllp.com
*ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Shaw Environmental, Inc**                     represented by   **William H. Howard, III**
*06-5659, incorrectly named as Shaw*                            (See above for address)
*Group, Inc.*                                                   *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Danny G. Shaw**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Gerardo R. Barrios**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Jayco Enterprises**
*06-5659*

**Consol Defendant**

**Starcraft**
*06-5659*

**Consol Defendant**

**Forest River**
*06-5659*

**Consol Defendant**

**Thor Industries**
*06-5659*

**Consol Defendant**

**Recreation By Design**                    represented by  **Lyon H. Garrison**
*06-5659*                                                    Preston Law Firm, LLP
                                                             909 Poydras Street
                                                             Suite 2400
                                                             New Orleans, LA 70112
                                                             504-527-0680
                                                             Email: lgarrison@prestonlawfirm.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Darrin L. Forte**
                                                             Preston Law Firm, LLP
                                                             909 Poydras Street
                                                             Suite 2400
                                                             New Orleans, LA 70112
                                                             504-527-0680
                                                             Email: dforte@prestonlawfirm.com
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Pamela J. Lormand**
                                                             Preston Law Firm, LLP
                                                             909 Poydras Street
                                                             Suite 2400
                                                             New Orleans, LA 70112
                                                             504-527-0680
                                                             Email: plormand@prestonlawfirm.com
                                                             *ATTORNEY TO BE NOTICED*

**Consol Defendant**

**Coachman Industries**
*06-5659*

**Consol Defendant**

**Thoroughbred Industries**
*06-5659*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/18/2006 | 1 | COMPLAINT against all defendants (Filing fee $ 350.) filed by all plaintiffs. (Attachments: # 1 Civil Cover Sheet)(car, ) (Entered: 05/19/2006) |
| 05/18/2006 | 2 | Summons Issued as to United States of America, Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Starcraft RV, |

| | | Inc., Pilgrim International, Inc., Monaco Coach Corporation, KZRV LP. (car, ) (Entered: 05/19/2006) |
|---|---|---|
| 05/23/2006 | 3 | Supplemental and AMENDED COMPLAINT with Jury Demand against all defendants filed by all plaintiffs.(ijg, ) (Entered: 05/26/2006) |
| 05/24/2006 | 4 | Summons Issued as to United States of America, Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Starcraft RV, Inc., Pilgrim International, Inc., Monaco Coach Corporation, KZRV LP. (ijg, ) (Entered: 05/26/2006) |
| 06/08/2006 | 5 | Request of Summons Issued as to United States of America filed by all plaintiffs re 1 Complaint, 3 Amended Complaint. (ijg, ) (Entered: 06/10/2006) |
| 06/08/2006 | 6 | Summons Issued as to United States of America. (ijg, ) (Entered: 06/10/2006) |
| 06/16/2006 | 7 | Second AMENDED COMPLAINT with Jury Demand against all defendants filed by all plaintiffs.(Veron, J.) (Entered: 06/16/2006) |
| 06/22/2006 | 8 | WAIVER OF SERVICE Returned Executed; waiver sent to Monaco Coach Corporation on 6/1/2006, answer due 7/31/2006. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 9 | SUMMONS Returned Executed; United States of America served on 5/31/2006, answer due 7/31/2006. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 10 | SUMMONS Returned Executed; United States Attorney General served on 6/1/06. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 11 | SUMMONS Returned Executed; Gulf Stream Coach, Inc. served on 5/30/2006, answer due 6/19/2006. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 12 | SUMMONS Returned Executed; Starcraft RV, Inc. served on 5/30/2006, answer due 6/19/2006. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 13 | SUMMONS Returned Executed; Pilgrim International, Inc. served on 5/30/2006, answer due 6/19/2006. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 14 | SUMMONS Returned Executed; Monaco Coach Corporation served on 5/30/06. (blg, ) (Entered: 06/23/2006) |
| 06/22/2006 | 15 | SUMMONS Returned Executed; KZRV LP served on 5/30/2006, answer due 6/19/2006. (blg, ) (Entered: 06/23/2006) |
| 06/23/2006 | 31 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $5.) by all plaintiffs. (ijg, ) (Entered: 06/30/2006) |
| 06/23/2006 | 33 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $5.) by all plaintiffs. (ijg, ) (Entered: 06/30/2006) |
| 06/23/2006 | 35 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $5.) by all plaintiffs. (ijg, ) (Entered: 06/30/2006) |
| 06/26/2006 | 32 | ORDER granting 31 Motion to Appear Pro Hac Vice as to Paul A. |

| | | |
|---|---|---|
| | | Dominick. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 06/30/2006) |
| 06/26/2006 | 34 | ORDER granting 33 Motion to Appear Pro Hac Vice as to Richard L. Tapp, Jr. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 06/30/2006) |
| 06/26/2006 | 36 | ORDER granting 35 Motion to Appear Pro Hac Vice as to Sean K. Trundy. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 06/30/2006) |
| 06/27/2006 | 16 | Request of Summons Issued as to Federal Emergency Management Agency filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 17 | Request of Summons Issued as to Fleetwood Canada, Ltd. filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 18 | Request of Summons Issued as to Fleetwood Enterprises, Inc. filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 19 | Request of Summons Issued as to Gulf Stream Coach, Inc. filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 20 | Request of Summons Issued as to KZRV LP filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 21 | Request of Summons Issued as to Monaco Coach Corporation filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 22 | Request of Summons Issued as to Monaco Coach Corporation filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 23 | Request of Summons Issued as to Pilgrim International, Inc. filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 24 | Request of Summons Issued as to Starcraft RV, Inc. filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 25 | Request of Summons Issued as to United States of America filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 26 | Request of Summons Issued as to United States of America filed by all plaintiffs re 7 Amended Complaint. (Veron, J.) (Entered: 06/27/2006) |
| 06/27/2006 | 27 | NOTICE OF DEFICIENT DOCUMENT: re 16 17 18 19 20 21 22 23 24 25 26 Requests of Summons Issued as to Monaco Coach Corporation, United States of America, Gulf Stream Coach, Inc., Fleetwood Canada, Ltd., Monaco Coach Corporation, Pilgrim International, Inc., Starcraft RV, Inc., KZRV LP, Fleetwood Enterprises, Inc., Federal Emergency Management Agency filed by all plaintiffs re 7 Amended Complaint. (Veron, J.). Reason(s) of deficiency: Incorrect, illegible or incomplete document or improper formatting of PDF. For corrective information, see section(s) D01 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm |

| | | |
|---|---|---|
| | | **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 7/5/2006.** (ijg, ) Modified on 6/27/2006 (ijg, ). (Entered: 06/27/2006) |
| 06/28/2006 | 28 | Request of Summons Issued as to United States of America, Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Starcraft RV, Inc., Pilgrim International, Inc., Monaco Coach Corporation, KZRV LP, Federal Emergency Management Agency filed by all plaintiffs re 7 Amended Complaint. (Attachments: # 1 Summonses )(Veron, J.) Modified on 6/29/2006 (ijg, ). (Entered: 06/28/2006) |
| 06/28/2006 | 29 | Correction of Docket Entry by Clerk re 28 Request for Summons Issued, ; attachment not described. (ijg, ) (Entered: 06/29/2006) |
| 06/29/2006 | 30 | Summons Issued as to United States of America, Gulf Stream Coach, Inc., Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., Starcraft RV, Inc., Pilgrim International, Inc., Monaco Coach Corporation, KZRV LP, Federal Emergency Management Agency. (ijg, ) (Entered: 06/29/2006) |
| 07/24/2006 | 37 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 3 First Amended Complaint, 1 Complaint, & 7 Second Amended Complaint by Gulf Stream Coach, Inc. (caa, ) (Entered: 07/26/2006) |
| 07/25/2006 | 38 | ORDER granting 37 Motion for Extension of Time to Answer re 1 Complaint, 7 Second Amended Complaint, & 3 First Amended Complaint as to Gulf Stream Coach, Inc. answer due 8/22/2006. Signed by Judge Karen Wells Roby on 7/25/2006. (caa, ) (Entered: 07/26/2006) |
| 07/28/2006 | 39 | NOTICE of Voluntary Dismissal Without prejudice as to United States of America by all plaintiffs. (Veron, J.) (Entered: 07/28/2006) |
| 07/28/2006 | 40 | Correction of Docket Entry by Clerk re 39 Notice of Voluntary Dismissal ; Typed name omitted by s/; Attorney advised of signature requirements. (ijg, ) (Entered: 07/31/2006) |
| 07/31/2006 | 41 | MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1))* by United States of America, Federal Emergency Management Agency. Motion Hearing set for 8/30/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing # 3 Exhibits)(Perez, Marc) Modified on 7/31/2006 (ijg, ). (Entered: 07/31/2006) |
| 07/31/2006 | 42 | Correction of Docket Entry by Clerk re 41 MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1))* - Attachments not described. (ijg, ) (Entered: 07/31/2006) |
| 07/31/2006 | 43 | EXPARTE/CONSENT MOTION for Extension of Time to Answer *Original Complaint* by Monaco Coach Corporation. (Attachments: # 1 Proposed Order Order of Extension of Time to Answer)(Marshall, |

| | | Nancy) (Entered: 07/31/2006) |
|---|---|---|
| 07/31/2006 | 44 | Correction of Docket Entry by Clerk re 43 MOTION for Extension of Time to Answer *Original Complaint* ; Typed name omitted by s/; Attorney advised of signature requirements. (ijg, ) (Entered: 08/01/2006) |
| 07/31/2006 | 45 | WAIVER OF SERVICE Returned Executed; waiver sent to Pilgrim International, Inc. on 6/16/2006, answer due 8/15/2006. (ijg, ) (Entered: 08/01/2006) |
| 07/31/2006 | 46 | WAIVER OF SERVICE Returned Executed; waiver sent to KZRV LP on 6/5/2006, answer due 8/4/2006. (ijg, ) (Entered: 08/01/2006) |
| 07/31/2006 | 47 | WAIVER OF SERVICE Returned Executed; waiver sent to Gulf Stream Coach, Inc. on 5/26/2006, answer due 7/25/2006. (ijg, ) (Entered: 08/01/2006) |
| 07/31/2006 | 49 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 7 Second Supplemental and Amended Complaint by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP. (ijg, ) (Entered: 08/11/2006) |
| 08/08/2006 | 56 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $5.) by all plaintiffs. (Attachments: # 1 Application and Affidavit in Support)(ijg, ) (Entered: 08/16/2006) |
| 08/09/2006 | 48 | ORDER granting 43 Motion for Extension of Time to Answer as to Monaco Coach Corporation answer due 8/14/2006. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 08/10/2006) |
| 08/09/2006 | 50 | ORDER granting 49 Motion for Extension of Time to Answer as to Starcraft RV, Inc. answer due 8/18/2006; Pilgrim International, Inc. answer due 8/18/2006; KZRV LP answer due 8/18/2006. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 08/11/2006) |
| 08/09/2006 | 57 | ORDER granting 56 Motion to Appear Pro Hac Vice as to Dennis J. Lynch. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 08/16/2006) |
| 08/14/2006 | 51 | MOTION to Dismiss *LA law claims* by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. Motion Hearing set for 8/30/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Hayes, Edward) Corrected Main document added on 8/15/2006 (ijg, ). Modified on 8/15/2006 (ijg, ). (Entered: 08/14/2006) |
| 08/14/2006 | 52 | MOTION to Dismiss *AL, MS, TX law claims* by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. Motion Hearing set for 8/30/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Hayes, Edward) Corrected Main document added on 8/15/2006 (ijg, ). Modified on 8/15/2006 (ijg, ). (Entered: 08/14/2006) |
| 08/14/2006 | 53 | MOTION to Dismiss Party Monaco Coach Corporation *pursuant to Rule 12(b)6* by Monaco Coach Corporation. Motion Hearing set for 8/30/2006 |

|  |  | 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support to Rule 12(b)(6) Motion to Dismiss# 2 Notice of Hearing # 3 Exhibit)(Marshall, Nancy) (Entered: 08/14/2006) |
|---|---|---|
| 08/14/2006 | 54 | Correction of Docket Entry by Clerk re 51 MOTION to Dismiss *LA law claims* ; Incorrect Magistrate Judge on document. (ijg, ) (Entered: 08/15/2006) |
| 08/14/2006 | 55 | Correction of Docket Entry by Clerk re 52 MOTION to Dismiss *AL, MS, TX law claims* ; Incorrect Magistrate Judge on document. (ijg, ) (Entered: 08/15/2006) |
| 08/14/2006 | 58 | MOTION to Dismiss for improper venue, MOTION to Dismiss Party Gulf Stream Coach, Inc. for failure to state a claim upon which relief can be granted by Gulf Stream Coach, Inc. Motion Hearing set for 8/30/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing # 3 Exhibits A - D)(ijg, ) (Entered: 08/17/2006) |
| 08/17/2006 | 59 | DEFICIENT EXPARTE/CONSENT MOTION to Continue by all plaintiffs. Motion Hearing set for 9/27/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Proposed Order)(Veron, J.) Modified on 8/18/2006 (ijg, ). (Entered: 08/17/2006) |
| 08/17/2006 | 60 | ERROR - CERTIFICATE of Counsel by J. Michael Veron re 59 MOTION to Continue. (Veron, J.) Modified on 8/18/2006 (ijg, ). (Entered: 08/17/2006) |
| 08/17/2006 | 61 | NOTICE OF DEFICIENT DOCUMENT: re 59 DEFICIENT EXPARTE/CONSENT MOTION to Continue by all plaintiffs. Motion Hearing set for 9/27/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # (1) Proposed Order)(Veron, J.) Modified on 8/18/2006 (ijg, ).. Reason(s) of deficiency: Notice of Hearing not provided. For corrective information, see section(s) D12 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 8/24/2006.** (ijg, ) (Entered: 08/18/2006) |
| 08/17/2006 | 62 | Correction of Docket Entry by Clerk re 60 Certificate of Counsel - Should have been an attachment to document number 59. (ijg, ) (Entered: 08/18/2006) |
| 08/18/2006 | 63 | EXPARTE/CONSENT MOTION to Continue by all plaintiffs. (Attachments: # 1 Certificate of Conference# 2 Proposed Order)(Veron, J.) Modified on 8/18/2006 (ijg, ). (Entered: 08/18/2006) |
| 08/18/2006 | 64 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice (Filing fee $10.) by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. (Attachments: # 1 Affidavit re admission pro hac vice# 2 Affidavit re Pro Hac Vice# 3 Proposed Order re- Pro Hac Vice)(Hayes, Edward) Modified on 8/25/2006 (ijg, ). (Entered: 08/18/2006) |

| 08/18/2006 | 65 | Correction of Docket Entry by Clerk re 63 MOTION to Continue ; Attachment not described - Proposed Order. (ijg, ) (Entered: 08/18/2006) |
|---|---|---|
| 08/18/2006 | 66 | MOTION for More Definite Statement by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP. Motion Hearing set for 9/13/2006 11:00 AM before Magistrate Judge Karen Wells Roby. (Johnson, Ryan) Modified on 8/21/2006 (ijg, ). Memorandum in Support and Notice of Hearing added on 8/21/2006 (ijg, ). (Entered: 08/18/2006) |
| 08/18/2006 | 67 | ERROR: DOCKETED AS SEPARATE DOCUMENT - RESPONSE/MEMORANDUM in Support filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP re 66 MOTION for More Definite Statement. (Johnson, Ryan) Modified on 8/21/2006 (ijg, ). (Entered: 08/18/2006) |
| 08/18/2006 | 68 | ERROR: DOCKETED AS SEPARATE DOCUMENT - NOTICE of Hearing on Motion filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP re 66 MOTION for More Definite Statement. Motion Hearing set for 9/13/2006 11:00 AM before Magistrate Judge Karen Wells Roby (Johnson, Ryan) Modified on 8/21/2006 (ijg, ). (Entered: 08/18/2006) |
| 08/18/2006 | 69 | ERROR: MOTION WITH MULTIPLE RELIEFS FILED AS ONE RELIEF - MOTION for Temporary Restraining Order by all plaintiffs. Motion Hearing set for 9/13/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Exhibit # 3 Exhibit # 4 Notice of Hearing)(Veron, J.) Modified on 8/21/2006 (ijg, ). (Entered: 08/18/2006) |
| 08/18/2006 | 70 | MOTION for Temporary Restraining Order, MOTION for Preliminary Injunction, MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes by all plaintiffs. Motion Hearing set for 9/13/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Exhibit # 3 Exhibit # 4 Notice of Hearing)(ijg, ) (Entered: 08/21/2006) |
| 08/18/2006 | 71 | Correction of Docket Entry by Clerk re 69 MOTION for Temporary Restraining Order; Multiple relief document filed as one relief. Document re-docketed by Clerk. (ijg, ) (Entered: 08/21/2006) |
| 08/18/2006 | 72 | Correction of Docket Entry by Clerk re 66 MOTION for More Definite Statement - Re-Noticed Motion before Magistrate Judge Roby. 67 Response/Memorandum in Support of Motion, and 68 Notice of Hearing on Motion filed as separate documents; Memorandum in Support and Notice of Hearing attached to the appropriate document 66 Motion for More Definite Statement. (ijg, ) (Entered: 08/21/2006) |
| 08/21/2006 | 73 | ORDER Granting 63 MOTION to Continue Hearing on 58 MOTION to Dismiss for improper venue, MOTION to Dismiss Party Gulf Stream Coach, Inc. , 53 MOTION to Dismiss Party Monaco Coach Corporation *pursuant to Rule 12(b)6* filed by Monaco Coach Corporation,, 52 MOTION to Dismiss *AL, MS, TX law claims* filed by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd. 51 MOTION to Dismiss *LA law claims* filed by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd. |

| | | Motion Hearing reset for 9/27/2006 10:00 AM before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) Modified on 8/23/2006 (ijg, ). (Entered: 08/21/2006) |
|---|---|---|
| 08/21/2006 | 77 | Correction of Docket Entry by Clerk re 41 *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1))* set for hearing on 8/30/2006. (ijg, ) (Entered: 08/23/2006) |
| 08/21/2006 | 83 | ORDER granting 64 Motion to Appear Pro Hac Vice as to Lee Ann Anand, Richard Hines. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 08/29/2006) |
| 08/22/2006 | 74 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 41 MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1))*. (Veron, J.) (Entered: 08/22/2006) |
| 08/22/2006 | 75 | Request/Statement of Oral Argument by all plaintiffs regarding 41 MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1))*. (Veron, J.) Modified on 8/23/2006 (ijg, ). (Entered: 08/22/2006) |
| 08/22/2006 | 76 | Correction of Docket Entry by Clerk re 75 Request/Statement of Oral Argument; Removed text "74 Response/Memorandum in Opposition to Motion." and removed relationship with record document number 74. (ijg, ) (Entered: 08/23/2006) |
| 08/23/2006 | 79 | ORDER Setting/Resetting Hearing on 66 MOTION for More Definite Statement: Motion Hearing set for 9/13/2006 10:00 AM before Judge Mary Ann Vial Lemmon.. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 08/25/2006) |
| 08/23/2006 | 80 | Letter to Judge Lemmon from counsel for KZRV, LP, Starcraft RV, Inc. & Pilgrim International dated 8/22/06 re hearing on Motion for More Definite Statement. (sek, ) (Entered: 08/25/2006) |
| 08/25/2006 | 78 | EXPARTE/CONSENT MOTION to Continue by United States of America. (Attachments: # 1 Proposed Order)(Coleman, Jacqueline) (Entered: 08/25/2006) |
| 08/25/2006 | 81 | Correction of Docket Entry by Clerk re 78 MOTION to Continue ; Typed name omitted by s/; Attorney advised of signature requirements. (ijg, ) (Entered: 08/25/2006) |
| 08/28/2006 | 82 | ORDER Granting 78 MOTION to Continue Hearing on 41 MOTION to Dismiss for Lack of Jurisdiction by United States of America. Motion Hearing set for 9/13/2006 10:00 AM before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) (Entered: 08/29/2006) |
| 08/31/2006 | 84 | ERROR: Request/Statement of Oral Argument by all plaintiffs. (Veron, J.) Modified on 9/1/2006 (ijg, ). (Entered: 08/31/2006) |
| 08/31/2006 | 85 | ERROR: Request/Statement of Oral Argument by all plaintiffs. (Veron, |

|  |  | J.) Modified on 9/1/2006 (ijg, ). (Entered: 08/31/2006) |
|---|---|---|
| 08/31/2006 | 86 | Correction of Docket Entry by Clerk re 85 Request/Statement of Oral Argument, 84 Request/Statement of Oral Argument; Documents not linked to appropriate motions. Re-docketed by Clerk. (ijg, ) (Entered: 09/01/2006) |
| 08/31/2006 | 87 | Request/Statement of Oral Argument by all plaintiffs regarding 70 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes. (ijg, ) (Entered: 09/01/2006) |
| 08/31/2006 | 88 | Request/Statement of Oral Argument by all plaintiffs regarding 52 MOTION to Dismiss *AL, MS, TX law claims*, 51 MOTION to Dismiss *LA law claims*, 53 MOTION to Dismiss Party Monaco Coach Corporation *pursuant to Rule 12(b)6*, 58 MOTION to Dismiss for improper venue MOTION to Dismiss Party Gulf Stream Coach, Inc. MOTION to Dismiss Party Gulf Stream Coach, Inc.. (ijg, ) (Entered: 09/01/2006) |
| 09/01/2006 | 89 | Request/Statement of Oral Argument by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP regarding 66 MOTION for More Definite Statement. (Johnson, Ryan) Corrected Main document added on 9/5/2006 (ijg, ). Modified on 9/5/2006 (ijg, ). (Entered: 09/01/2006) |
| 09/01/2006 | 90 | EXPARTE/CONSENT MOTION to Appear Pro Hac Vice by Monaco Coach Corporation. (Attachments: # 1 Proposed Order # 2 Exhibit 1# 3 Exhibit 2)(Marshall, Nancy) Modified on 9/5/2006 (ijg, ). Modified on 9/12/2006 (ijg, ). (Entered: 09/01/2006) |
| 09/01/2006 | 91 | Correction of Docket Entry by Clerk re 89 Request/Statement of Oral Argument ; Removed blank page (Page 4). (ijg, ) (Entered: 09/05/2006) |
| 09/05/2006 | 92 | RESPONSE/MEMORANDUM in Opposition filed by United States of America re 70 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes. (Coleman, Jacqueline) (Entered: 09/05/2006) |
| 09/05/2006 | 93 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 66 MOTION for More Definite Statement. (Veron, J.) (Entered: 09/05/2006) |
| 09/05/2006 | 94 | RESPONSE/MEMORANDUM in Opposition filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP re 70 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes . (Johnson, Ryan) (Entered: 09/05/2006) |
| 09/06/2006 | 95 | Statement of Corporate Disclosure by Fleetwood Enterprises, Inc., |

| | | Fleetwood Canada, Ltd.. (Hayes, Edward) (Entered: 09/06/2006) |
|---|---|---|
| 09/06/2006 | 96 | Request/Statement of Oral Argument by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP regarding 70 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes. (Johnson, Ryan) (Entered: 09/06/2006) |
| 09/06/2006 | 104 | ORDER granting 90 Motion to Appear Pro Hac Vice as to Jonathan H. Waller, Miles Clay Williams. . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 09/12/2006) |
| 09/08/2006 | 97 | EXPARTE/CONSENT MOTION for Leave to File *Reply* by United States of America. (Attachments: # 1 Proposed Pleading # 2 Proposed Order)(Coleman, Jacqueline) (Entered: 09/08/2006) |
| 09/08/2006 | 100 | EXPARTE/CONSENT MOTION for Leave to File Memo in Response to Motion for TRO and Preliminary Injunction, and in response to opposition memoranda by Gulf Stream Coach, Inc. (ijg, ) (Entered: 09/12/2006) |
| 09/11/2006 | 98 | ORDER granting 97 Motion for Leave to File Reply Memorandum. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 09/11/2006) |
| 09/11/2006 | 99 | REPLY to Response to Motion filed by United States of America re 41 MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12 (b)(1))*. (ijg, ) (Entered: 09/11/2006) |
| 09/11/2006 | 103 | Statement of Corporate Disclosure by Gulf Stream Coach, Inc. identifying Oakland Enterprises, Inc. as Corporate Parent. (ijg, ) (Entered: 09/12/2006) |
| 09/11/2006 | | Filing fee received from Monaco Coach Corporation: $ 5 (ijg, ) (Entered: 09/12/2006) |
| 09/12/2006 | 101 | ORDER granting 100 Motion for Leave to File Memorandum in Response to motion for TRO and Preliminary Injunction, and in response to opposition memoranda. Signed by Judge Mary Ann Vial Lemmon on 9/11/2006. (ijg, ) (Entered: 09/12/2006) |
| 09/12/2006 | 102 | RESPONSE/MEMORANDUM in Opposition filed by Gulf Stream Coach, Inc. re 70 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes. (ijg, ) (Entered: 09/12/2006) |
| 09/13/2006 | 105 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 9/13/2006 re 70 MOTION for |

| | | |
|---|---|---|
| | | Temporary Restraining Order MOTION for Preliminary Injunction MOTION for Judicial Review of USA's Current Formaldehyde Testing Program Conducted on Fema-Provided Homes filed by Betty Carter, Keith Hillard, Lisa Hillard, Amy L. Bordelon, Emmett Lusich, Jenny Lusich, 66 MOTION for More Definite Statement filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP, 41 MOTION to Dismiss for Lack of Jurisdiction *(United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction under Fed. R. Civ. P. 12(b)(1))* filed by Federal Emergency Management Agency, United States of America.Motion to dismiss was submitted. Motion for More Definite Statement was granted. Motion for TRO/preliminary injunction/judicial review was withdrawn without prejudice. (Court Reporter Cynthia Crawford.) (ijg, ) (Entered: 09/14/2006) |
| 09/13/2006 | 106 | Notice of Related Case(s) by Gulf Stream Coach, Inc. of related case(s) 06-5659 B (4). (ijg, ) (Entered: 09/14/2006) |
| 09/19/2006 | 110 | Letter to Court from J. Rock Palermo III dated 9/15/2006 (ijg, ) (Entered: 09/22/2006) |
| 09/21/2006 | 107 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 52 MOTION to Dismiss *AL, MS, TX law claims,* 51 MOTION to Dismiss *LA law claims.* (Veron, J.) (Entered: 09/21/2006) |
| 09/21/2006 | 108 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 58 MOTION to Dismiss for improper venue MOTION to Dismiss Party Gulf Stream Coach, Inc. MOTION to Dismiss Party Gulf Stream Coach, Inc.. (Veron, J.) (Entered: 09/21/2006) |
| 09/21/2006 | 109 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 53 MOTION to Dismiss Party Monaco Coach Corporation *pursuant to Rule 12(b)6.* (Veron, J.) (Entered: 09/21/2006) |
| 09/22/2006 | 111 | Statement of Corporate Disclosure by Monaco Coach Corporation identifying Barclays Global Investors, N.A., Barclay's PLC as Corporate Parent. (Marshall, Nancy) Modified on 9/25/2006 (gec, ). (Entered: 09/22/2006) |
| 09/25/2006 | 112 | Correction of Docket Entry by Clerk re 111 Statement of Corporate Disclosure, adding Barclays Global Investors, N.A., Barclay's PLC as Corporate Parent. (gec, ) (Entered: 09/25/2006) |
| 09/25/2006 | 113 | ERROR: WRONG EVENT SELECTED - REPLY to Response to Motion filed by Gulf Stream Coach, Inc. re 58 MOTION to Dismiss for improper venue MOTION to Dismiss Party Gulf Stream Coach, Inc. MOTION to Dismiss Party Gulf Stream Coach, Inc.. (Attachments: # 1 Proposed Order # 2 Proposed Pleading)(Scandurro, Timothy) Modified on 9/26/2006 (ijg, ). (Entered: 09/25/2006) |
| 09/25/2006 | 114 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)* by KZRV LP. Motion Hearing set for 10/11/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Exhibit Exhibit 1# 2 Memorandum in Support # 3 Notice of Hearing)(Johnson, Ryan) (Entered: 09/25/2006) |

| 09/25/2006 | 115 | Request/Statement of Oral Argument by KZRV LP regarding 114 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. (Johnson, Ryan) (Entered: 09/25/2006) |
|---|---|---|
| 09/25/2006 | 116 | Correction of Docket Entry by Clerk re 113 Reply to Response to Motion; Wrong event selected; Re-docketed as Ex Parte/Consent Motion for Leave to File Reply to Response to Motion. (ijg, ) (Entered: 09/26/2006) |
| 09/25/2006 | 117 | EXPARTE/CONSENT MOTION for Leave to File Reply to Response to Motion by Gulf Stream Coach, Inc. (Attachments: # 1 Proposed Order # 2 Proposed Pleading)(ijg, ) (Entered: 09/26/2006) |
| 09/26/2006 | 118 | MOTION to Dismiss Party KZ RV, Starcraft and Pilgrim by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP. Motion Hearing set for 10/11/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing) (Johnson, Ryan) (Entered: 09/26/2006) |
| 09/26/2006 | 119 | MOTION to Dismiss *Claims Governed by Texas, Alabama and Mississippi law* by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP. Motion Hearing set for 10/11/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Johnson, Ryan) (Entered: 09/26/2006) |
| 09/26/2006 | 120 | Request/Statement of Oral Argument by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP regarding 119 MOTION to Dismiss *Claims Governed by Texas, Alabama and Mississippi law*. (Johnson, Ryan) (Entered: 09/26/2006) |
| 09/26/2006 | 121 | Request/Statement of Oral Argument by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP regarding 118 MOTION to Dismiss Party KZ RV, Starcraft and Pilgrim. (Johnson, Ryan) (Entered: 09/26/2006) |
| 09/26/2006 | 122 | ORDER granting 117 Motion for Leave to File reply memo. Signed by Judge Mary Ann Vial Lemmon on 9/26/06. (dmg, ) (Entered: 09/27/2006) |
| 09/26/2006 | 123 | REPLY to Response to Motion filed by Gulf Stream Coach, Inc. re 58 MOTION to Dismiss. (dmg, ) (Entered: 09/27/2006) |
| 09/27/2006 | 124 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 9/27/2006 re 52 MOTION to Dismiss *AL, MS, TX law claims* filed by Fleetwood Enterprises, Inc.,, Fleetwood Canada, Ltd.,, 51 MOTION to Dismiss *LA law claims* filed by Fleetwood Enterprises, Inc.,, Fleetwood Canada, Ltd.,, 53 MOTION to Dismiss Party Monaco Coach Corporation *pursuant to Rule 12(b)6* filed by Monaco Coach Corporation,, 58 MOTION to Dismiss for improper venue MOTION to Dismiss Party Gulf Stream Coach, Inc. MOTION to Dismiss Party Gulf Stream Coach, Inc. filed by Gulf Stream Coach, Inc. Motions taken under submission. (Court Reporter Cynthia Crawford.) (ijg, ) (Entered: 09/28/2006) |
|  |  |  |

| | | |
|---|---|---|
| 09/29/2006 | 125 | STATUS REPORT *on Motion for More Definite Statement* by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP. (Attachments: # 1 Exhibit 1)(Johnson, Ryan) (Entered: 09/29/2006) |
| 09/29/2006 | 126 | Letter to Court from James C. Percy dated 9/25/2006 (ijg, ) (Entered: 10/02/2006) |
| 10/04/2006 | 127 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 118 MOTION to Dismiss Party KZ RV, Starcraft and Pilgrim, 119 MOTION to Dismiss *Claims Governed by Texas, Alabama and Mississippi law*, 114 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. (Veron, J.) (Entered: 10/04/2006) |
| 10/11/2006 | 128 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 10/11/2006 re 118 MOTION to Dismiss Party KZ RV, Starcraft and Pilgrim filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP, 119 MOTION to Dismiss *Claims Governed by Texas, Alabama and Mississippi law* filed by Starcraft RV, Inc., Pilgrim International, Inc., KZRV LP, 114 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* filed by KZRV LP - submitted. (Court Reporter Cynthia Crawford.) (car, ) (Entered: 10/12/2006) |
| 10/16/2006 | 129 | TRANSCRIPT of Proceedings held on 9/13/06 before Judge Mary Ann Vial Lemmon. Court Reporter: Cynthia Crawford. (gec, ) (Entered: 10/17/2006) |
| 10/25/2006 | 130 | Ex Parte MOTION to Transfer Case *and Notice of Related Case* by United States of America, Federal Emergency Management Agency. (Attachments: # 1 Proposed Order)(Coleman, Jacqueline) (Entered: 10/25/2006) |
| 11/02/2006 | 131 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 130 Ex Parte MOTION to Transfer Case *and Notice of Related Case*. (Veron, J.) (Entered: 11/02/2006) |
| 11/09/2006 | 132 | ORDER denying 130 Motion to Transfer Case. . Signed by Judge Mary Ann Vial Lemmon on 11/8/2006. (cms, ) (Entered: 11/14/2006) |
| 11/15/2006 | 133 | EXPARTE/CONSENT MOTION to Dismiss Party Monaco Coach Corporation *Without Prejudice Pursuant to Rule 41(a)(1)* by all plaintiffs as set forth in plaintiffs' 2nd supplemental and amended complaint. (Attachments: # 1 Proposed Order)(Veron, J.) Modified docket text on 11/16/2006 (jtd, ). (Entered: 11/15/2006) |
| 11/15/2006 | 134 | EXPARTE/CONSENT MOTION to Dismiss Party KZRV, LP *Without Prejudice Pursuant to Rule 41(a)(1)* by all plaintiffs as set forth in plaintiffs' 2nd supplemental and amended complaint. (Attachments: # 1 Proposed Order)(Veron, J.) Modified docket text on 11/16/2006 (jtd, ). (Entered: 11/15/2006) |
| 11/17/2006 | 135 | ORDER granting 133 Motion to Dismiss Party. Party Monaco Coach Corporation dismissed . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 11/20/2006) |

| 11/17/2006 | 136 | ORDER granting 134 Motion to Dismiss Party. Party KZRV LP dismissed . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 11/20/2006) |
| 12/22/2006 | 137 | Letter to Court from Ryan E. Johnson dated 12/19/2006 (Attachments: # 1 Exhibit) (ijg, ) (Entered: 12/22/2006) |
| 02/28/2007 | 138 | ORDER and REASONS granting 41 Motion to Dismiss for Lack of Jurisdiction. The 51 MOTION to Dismiss *LA law claims* filed by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., and the 118 MOTION to Dismiss Party KZ RV, Starcraft and Pilgrim filed by Pilgrim International, Inc., Starcraft RV, Inc., KZRV LP are Granted; 52 MOTION to Dismiss *AL, MS, TX law claims* filed by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd., 119 MOTION to Dismiss *Claims Governed by Texas, Alabama and Mississippi law* filed by Pilgrim International, Inc., Starcraft RV, Inc., KZRV LP, and 58 MOTION to Dismiss for improper venue MOTION to Dismiss Party Gulf Stream Coach, Inc. filed by Gulf Stream Coach, Inc. are Denied. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) Modified on 3/1/2007 (ijg, ). (Entered: 02/28/2007) |
| 03/09/2007 | 139 | ANSWER to Complaint with Jury Demand, ANSWER to Amended Complaint with Jury Demand, ANSWER to Amended Complaint with Jury Demand by Defendants Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd..(Hayes, Edward) (Entered: 03/09/2007) |
| 03/14/2007 | 140 | MOTION to Amend/Correct 138 Order on Motion to Dismiss/Lack of Jurisdiction,,,, MOTION to Alter Judgment 138 Order on Motion to Dismiss/Lack of Jurisdiction,,, by Gulf Stream Coach, Inc.. Motion Hearing set for 4/18/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Scanduro, Timothy) (Entered: 03/14/2007) |
| 04/10/2007 | 141 | RESPONSE to Motion filed by all plaintiffs re 140 MOTION to Amend/Correct 138 Order on Motion to Dismiss/Lack of Jurisdiction (Palermo, J.) Modified on 4/11/2007 to remove extraneous docket text (ijg, ). (Entered: 04/10/2007) |
| 04/16/2007 | 142 | MOTION for Leave to File *Reply Memorandum* by Gulf Stream Coach, Inc.. (Attachments: # 1 Proposed Order # 2 Proposed Pleading Reply Memorandum)(Scanduro, Timothy) (Entered: 04/16/2007) |
| 04/18/2007 | 143 | ORDER granting 142 Motion for Leave to File Reply Memorandum. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 04/18/2007) |
| 04/18/2007 | 144 | REPLY to Response to Motion filed by Gulf Stream Coach, Inc. re 140 MOTION to Amend/Correct 138 Order on Motion to Dismiss/Lack of Jurisdiction. (ijg, ) (Entered: 04/18/2007) |
| 04/23/2007 | 145 | MOTION to Dismiss *and/or Strike Claims for Class Relief* by Starcraft RV, Inc., Pilgrim International, Inc.. Motion Hearing set for 4/16/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Johnson, Ryan) |

| | | |
|---|---|---|
| | | (Entered: 04/23/2007) |
| 04/23/2007 | 146 | MOTION to Dismiss *and/or Strike Claims for Class Action Relief*, MOTION for Joinder *in Motion to Dismiss and/or Strike Claims for Class Action Relief* by Gulf Stream Coach, Inc.. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 5/16/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing) (Scandurro, Timothy) (Entered: 04/23/2007) |
| 04/24/2007 | 147 | MOTION for Joinder *in Motion to Dismiss and/or Strike Claims for Class Action Relief* by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 5/16/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing)(Hayes, Edward) Modified on 4/25/2007 (gec, ). (Entered: 04/24/2007) |
| 04/24/2007 | 149 | ORDERED that 145 MOTION to Dismiss and/or Strike is set for 5/16/2007. Further ORDERED that 146 MOTION for Joinder wil be set for hearing before the district judge on 5/16/07. Signed by Judge Mary Ann Vial Lemmon on 4/24/07.(gec, ) (Entered: 04/25/2007) |
| 04/25/2007 | 148 | MOTION for Joinder *in Motion to Dismiss And/Or Strike Claims for Class Action Relief* by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd.. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 5/16/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1Notice of Hearing)(Hayes, Edward) Modified on 4/26/2007 (gec, ). (Entered: 04/25/2007) |
| 04/26/2007 | 150 | ORDER striking 147 MOTION for Joinder. Signed by Judge Mary Ann Vial Lemmon on 4/25/07.(gec, ) (Entered: 04/26/2007) |
| 05/01/2007 | 151 | MOTION for Extension of Time to File *Motion for Class Certification* by Amy L. Bordelon, Betty Carter, Emmett Lusich, Jenny Lusich, Keith Hillard, Lisa Hillard. Motion Hearing set for 5/16/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Proposed Order)(Palermo, J.) (Entered: 05/01/2007) |
| 05/02/2007 | 152 | ORDER Setting Hearing on 151 MOTION for Extension of Time to File *Motion for Class Certification* : Motion Hearing set for 5/16/2007 before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon on 5/2/2007.(caa, ) (Entered: 05/03/2007) |
| 05/07/2007 | 153 | Request/Statement of Oral Argument by all plaintiffs regarding 148 MOTION for Joinder *in Motion to Dismiss And/Or Strike Claims for Class Action Relief*, 146 MOTION to Dismiss *and/or Strike Claims for Class Action Relief* MOTION for Joinder *in Motion to Dismiss and/or Strike Claims for Class Action Relief*, 145 MOTION to Dismiss *and/or Strike Claims for Class Action Relief*, 151 MOTION for Extension of Time to File *Motion for Class Certification*, 140 MOTION to Amend/Correct 138 Order on Motion to Dismiss/Lack of Jurisdiction. (Palermo, J.) Modified on 5/8/2007 to remove extraneous docket text only (ijg, ). (Entered: 05/07/2007) |
| | | |

| 05/08/2007 | 154 | RESPONSE/MEMORANDUM in Opposition filed by Fleetwood Enterprises, Inc., Fleetwood Canada, Ltd. re 151 MOTION for Extension of Time to File *Motion for Class Certification*. (Hayes, Edward) (Entered: 05/08/2007) |
| --- | --- | --- |
| 05/08/2007 | 155 | RESPONSE/MEMORANDUM in Opposition filed by Gulf Stream Coach, Inc. re 151 MOTION for Extension of Time to File *Motion for Class Certification*. (Scandurro, Timothy) (Entered: 05/08/2007) |
| 05/08/2007 | 156 | RESPONSE/MEMORANDUM in Opposition filed by Starcraft RV, Inc., Pilgrim International, Inc. re 151 MOTION for Extension of Time to File *Motion for Class Certification*. (Johnson, Ryan) (Entered: 05/08/2007) |
| 05/15/2007 | 157 | REPLY to Response to Motion filed by all plaintiffs re 151 MOTION for Extension of Time to File *Motion for Class Certification*. (Attachments: # 1 Exhibit A-1# 2 Exhibit A-2)(Palermo, J.) (Entered: 05/15/2007) |
| 05/16/2007 | 158 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 5/16/2007 re 145 MOTION to Dismiss filed by Pilgrim International, Inc., Starcraft RV, Inc., 146 MOTION to Dismiss filed by Gulf Stream Coach, Inc., 148 MOTION for Joinder in Motion to Dismiss filed by Fleetwood Canada, Ltd., 151 MOTION for Extension of Time to File Motion for Class Certification filed by plaintiffs. Motions argued and taken under submission. (Court Reporter Bonnie Hebert.) (gec, ) (Entered: 05/16/2007) |
| 05/22/2007 | 159 | ORDER TRANSFERRING CASE. Case transferred to Judge Peter Beer for all further proceedings. Judge Mary Ann Vial Lemmon no longer assigned to case. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) (Entered: 05/22/2007) |
| 05/23/2007 | 160 | ORDER; Case 06-5659 is consolidated with master case 06-2576; All entries shall be made on the master docket sheet only with a notation listing the cases to which the document applies. Signed by Judge Peter Beer on 5/23/2007. (Ref: 06-2576 & 06-5659)(cak, ) (Entered: 05/24/2007) |
| 05/30/2007 | 161 | ORDER REASSIGNING CASE. Case reassigned to Judge Jay C. Zainey for all further proceedings. Judge Peter Beer no longer assigned to case. Signed by Judge Peter Beer on 5/23/2007.(Reference: 06-2576 & 06-5859)(cak, ) (Entered: 05/30/2007) |
| 05/30/2007 | 162 | ORDER REASSIGNING CASE. Case reassigned to Judge Lance M Africk for all further proceedings. Judge Jay C. Zainey no longer assigned to case. Signed by Judge Jay C. Zainey.(Reference: 06-2576, 06-5659)(gbw, ) (Entered: 05/30/2007) |

---

| **PACER Service Center** |
| --- |
| **Transaction Receipt** |
|  |

| 05/31/2007 14:50:58 | | | |
|---|---|---|---|
| **PACER Login:** | db0557 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-02576-LMA-KWR |
| **Billable Pages:** | 18 | **Cost:** | 1.44 |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAY 18  AM 8: 45

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KEITH HILLARD, LISA HILLARD FOR
THEMSELVES AND AS LEGAL
GUARDIANS FOR: GABRIELL HILLARD,
KEITH HILLARD, JR., CHRISTOPHER
HILLARD, AND CYDNEY HILLARD; AMY
L. BORDELON; BETTY CARTER FOR
HERSELF AND AS LEGAL GUARDIAN
FOR APRIL CARTER, AND WILLIAM
CARTER, JR.; EMMETT LUSICH, JENNY
LUSICH FOR THEMSELVES AND AS
LEGAL GUARDIANS FOR SUMMER
LUSICH AND LACEY LUSICH; AND ON
BEHALF OF THEMSELVES AND ALL
OTHERS SIMILARLY SITUATED

VERSUS

UNITED STATES OF AMERICA; GULF
STREAM COACH, INC.; FLEETWOOD
ENTERPRISES, INC.; FLEETWOOD
CANADA, LTD.; STARCRAFT RV, INC.;
PILGRIM INTERNATIONAL, INC.;
MONACO COACH CORPORATION; KZRV
LP; AND OTHER, AS YET UNNAMED,
TRAVEL TRAILER VENDORS TO THE
FEDERAL EMERGENCY MANAGEMENT
AGENCY

CIVIL ACTION **06-2576**

CLASS ACTION COMPLAINT
(Jury Trial Demanded)

**SECT. S MAG. 4**



**EXHIBIT
5**

# 350.00
Fee
✓ Process_____
X Dktd _____
___ CtRmDep_____
___ Doc. No._____

## COMPLAINT

1.

The individual plaintiffs, KEITH HILLARD, LISA HILLARD FOR THEMSELVES AND AS LEGAL GUARDIANS FOR GABRIELLE HILLARD, KEITH HILLARD, JR., CHRISTOPHER HILLARD, AND CYDNEY HILLARD; AMY L. BORDELON; BETTY CARTER FOR HERSELF AND AS LEGAL GUARDIAN FOR APRIL CARTER, AND WILLIAM CARTER, JR.; EMMETT LUSICH, JENNY LUSICH FOR THEMSELVES AND AS LEGAL GUARDIANS FOR SUMMER LUSICH AND LACEY LUSICH (hereinafter the "Individual Plaintiffs") on behalf of themselves and all others similarly situated (hereinafter collectively with the class members, the "Class" or "Plaintiffs") complaining of the UNITED STATES OF AMERICA (hereinafter "Federal Government"), GULF STREAM COACH, INC., FLEETWOOD ENTERPRISES, INC., FLEETWOOD CANADA, LTD., STARCRAFT RV, INC., PILGRIM INTERNATIONAL, INC., MONACO COACH CORPORATION, and KZRV LP (hereinafter collectively referred to as "Manufacturers"); and other, as yet unnamed, travel trailer vendors (hereinafter referred to as "Unnamed Manufacturers"), and the FEDERAL EMERGENCY MANAGEMENT AGENCY (hereinafter "FEMA"), (hereinafter collectively, the "Defendants") would respectfully allege as follows:

- 2 -

**PRELIMINARY STATEMENT**

2.

This is a class action on behalf of those persons residing in manufactured mobile homes, mobile homes or travel trailers (hereinafter all referred to as "FEMA Housing"), along the Gulf Coast of the United States which, in turn, were provided by FEMA after the landfalls of Hurricane Katrina on August 25, 2005 through August 29, 2005, and who are being subjected to exposure to unlawful and harmful levels of formaldehyde while residing in FEMA Housing.

3.

Hurricane Katrina struck the New Orleans area on August 29, 2005. The Federal Government was not prepared. The scope of the Katrina's wrath was far too great to be handled by local and state governments. This was not a surprise. The fact that Louisiana, Mississippi and Alabama have low-lying coastal communities which could be overwhelmed by a powerful storm was well-known and anticipated.

4.

This is an area of the country heavily populated by hard-working, blue collar and middle class Americans whose homes were not built to withstand Katrina's fury.

5.

Despite all this, the Federal Government was flummoxed when hundreds of thousands of its taxpayers were left with uninhabitable homes.

6.

Eventually, the Federal Government, through FEMA, began providing temporary housing to Plaintiffs, all of whom are victims of Hurricane Katrina.

7.

The provision of temporary housing to Plaintiffs created a duty on the part of the Federal Government to insure that the housing was safe.  Tragically, the temporary housing is unsafe and presents a clear and present danger to the health and well-being of Plaintiffs and their families.

8.

The Plaintiffs (1) have all spent significant time in FEMA housing manufactured by one of the Manufacturers or Unnamed Manufacturers and provided by the Federal Government; (2) have all been exposed to dangerously high concentrations of formaldehyde fumes; and (3) since August of 2005, Plaintiffs have had no choice but to accept their plight.

9.

Formaldehyde is used in the manufacture of certain construction materials such as particle board and plywood, particularly in the manufactured home

industry. Resultantly, by federal law, manufactured homes are required to display

a "Health Notice" about exposure to formaldehyde which reads:

Important Health Notice

> Some of the building materials used in this home emit
> formaldehyde. Eye, nose, and throat irritation, headache, nausea,
> and a variety of asthma-like symptoms, including shortness of
> breath, have been reported as a result of formaldehyde exposure.
> Elderly persons and young children, as well as anyone with a
> history of asthma, allergies, or lung problems, may be at greater
> risk. Research is continuing on the possible long-term effects of
> exposure to formaldehyde.

> Reduced ventilation resulting from energy efficiency standards
> may allow formaldehyde and other contaminants to accumulate in
> the indoor air. Additional ventilation to dilute the indoor air may
> be obtained from a passive or mechanical ventilation system
> offered by the manufacturer. Consult your dealer for information
> about the ventilation options offered with this home.

> High indoor temperatures and humidity raise formaldehyde levels.
> When a home is to be located in areas subject to extreme summer
> temperatures, an air-conditioning system can be used to control
> indoor temperature levels. Check the comfort cooling certificate to
> determine if this home has been equipped or designed for the
> installation of an air-conditioning system.

> If you have any questions regarding the health effects of
> formaldehyde, consult your doctor or local health department.

*See* 24 C.F.R. § 3280.309.

10.

Per the National Cancer Institute, formaldehyde has been classified as a

human carcinogen (cancer-causing substance) by the International Agency for

- 5 -

Research on Cancer and as a probable human carcinogen by the U.S. Environmental Protection Agency.[1]

11.

As evidence of formaldehyde's harmful effects, in 1987, OSHA reduced the amount of formaldehyde to which *workers* can be exposed over an 8-hour work day from 3 ppm to 1 ppm. In May 1992, the formaldehyde exposure limit was further reduced to 0.75 ppm. *See* 29 C.F.R. § 1910.1048(c)(1). OSHA also requires medical monitoring for all employees exposed to a time-weighted-average concentration of formaldehyde of 0.1 ppm or more.

12.

As further evidence of formaldehyde's harmful effects, the Department of Housing and Urban Development ("HUD") regulates formaldehyde levels in certain construction materials to include the pressed wood products used in manufactured housing (such as prefabricated and mobile homes). By regulation, plywood "shall not emit formaldehyde in excess of 0.2 parts per million (ppm)...." Similarly, by regulation, particleboard materials "shall not emit formaldehyde in excess of 0.3 ppm...." *See* 24 C.F.R. § 3280.308.

13.

Despite the Federal Government's knowledge of the danger of formaldehyde emissions in the building components of FEMA Housing, the

---

[1]        Source: http://www.cancer.gov/cancertopics/factsheet/Risk/formaldehyde.

federal Government provided housing to the Plaintiffs, which contained formaldehyde emissions which are dangerously unhealthy and exceed the levels permitted by law and have and will result in injury to the Plaintiffs.

## NATURE OF THE CASE

14.

The Individual Plaintiffs bring this action on behalf of themselves and a class of similarly situated occupants seeking including, without limit, a finding of liability regarding the unlawful and culpable acts of the Defendants which have resulted and continue to result in exposure to known or probable carcinogens. The Individual Plaintiffs, on behalf of themselves and the class, are also seeking injunctive relief to prevent further harm, and request medical testing and monitoring to ascertain the impact of their exposure to the formaldehyde, as well as monetary damages to compensate them for losses related to moving, obtaining temporary housing and/or other expenses incurred as a result of Defendants' wrongful acts.

## JURISDICTION AND VENUE

### 15.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship and the Class Action Fairness Act of 2005); and 28 U.S.C. § 1346 (United States as defendant and/or Federal Tort Claims Act). The Plaintiffs request the provisions in the Federal Tort Claims Act, 28 USC 2675. The plaintiffs request that the Court hold the tort claims against the Federal Government in abeyance until FEMA can deny or accept them pursuant to the Federal Tort Claims Act, 28 USC 2675. However, Plaintiffs are seeking the immediate injunctive relief against the Federal Government.

### 16.

This Court maintains personal jurisdiction over the civilian Defendants in this action since the civilian Defendants regularly transact business in Louisiana and regularly produce, manufacture, market, sell and distribute products for use or consumption in Louisiana. The Court maintains jurisdiction over the U.S. Government since the litigation is founded upon the violation of regulations concerning formaldehyde emissions and acts compensable under the Federal Tort Claims Act.

### 17.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since the civilian Defendants reside, are licensed to do business, and/or transact

business in this District.  Venue is proper as to the U.S. Government pursuant to 28 U.S.C. § 1402 since the Individual Plaintiffs reside in this District and the acts or omissions as to certain of the Individual Plaintiffs occurred in this District.

## PARTIES

18.

The following Individual Plaintiffs are citizens and residents of Gretna, Louisiana: Keith Hillard, Lisa Hillard for themselves and as legal guardians for Gabrielle Hillard, Keith Hillard, Jr., Christopher Hillard, and Cydney Hillard.

19.

The following Individual Plaintiff is a citizen and resident of Pearlington, Mississippi: Amy L. Bordelon.

20.

The following Individual Plaintiffs are citizens and residents of Bay St. Louis, Mississippi: Betty Carter for herself and as legal guardian for April Carter, and William Carter, Jr.; Emmett Lusich, Jenny Lusich for themselves and as legal guardians for Summer Lusich and Lacey Lusich.

21.

The proposed Class is comprised of those persons residing in the states of: Alabama, Louisiana, and Mississippi, who reside in FEMA housing provided by

the Federal Government after the landfall of Hurricane Katrina.   FEMA is an agency and instrumentality of the Federal Government.

22.

Defendant Gulf Stream Coach, Inc. is on information and belief an Indiana corporate entity which conducts business in Louisiana, Mississippi and Alabama.

23.

Defendant Fleetwood Enterprises, Inc., is on information and belief a California corporate entity which conducts business in Louisiana, Mississippi and Alabama.

24.

Defendant Fleetwood Canada, Ltd., is on information and belief a Canadian corporate entity which conducts business in Louisiana, Mississippi and Alabama.

25.

Defendant Starcraft RV, Inc. is on information and belief an Indiana corporate entity which conducts business in Louisiana, Mississippi and Alabama.

26.

Defendant Pilgrim International, Inc. is on information and belief an Indiana corporate entity which conducts business in Louisiana, Mississippi and Alabama.

27.

Defendant Monaco Coach Corporation is, on information and belief, an Indiana corporate entity which conducts business in Louisiana, Mississippi and Alabama.

28.

Defendant KZRV, LP, is on information and belief an Indiana corporate entity which conducts business in Louisiana, Mississippi and Alabama.

29.

Defendant Gulf Stream Coach, Inc. is, on information and belief, an Indiana corporate entity which conducts business in Louisiana, Mississippi, and Alabama.

30.

The Defendants which are currently styled as "Other, as yet unnamed, mobile home vendors to the Federal Emergency Management Agency" represent other U.S. manufacturers of mobiles homes and trailers which are also believed to be vendors to Defendant FEMA and have sold mobile homes and trailers to FEMA which are, in part, the focus of this litigation.

## RULE 23(a)

### Typicality

31.

The Individual Plaintiffs and the Class have tangible and legally protectable interests at stake in this action.

32.

The claims of the named Individual Plaintiffs and the Class members have a common origin and share a common basis. Their claims originate from the same improper and culpable practices of the Defendants, and the Defendants acted in the same way toward the Individual Plaintiffs and the Class members. As such, the Individual Plaintiffs and Class members have been the victims of the following practice of one or more of the Defendants: being subjected to exposure to the dangerous, unhealthy and unlawful emissions of formaldehyde in U.S. Government provided mobile homes.

33.

The Individual Plaintiffs state claims for which relief can be granted that are typical of the claims of Class members. If brought and prosecuted individually, the claims of such Class members would necessarily require proof of the same material and substantive facts, rely upon same remedial theories and seek the same relief.

34.

The claims and remedial theories pursued by the named Individual Plaintiffs are sufficiently aligned with the interest of the Class members to ensure that the universal claims of the Class will be prosecuted with diligence and care by the Individual Plaintiffs as representatives of the Class.

## Numerosity

35.

The members of the Class are so numerous that joinder of all members is impracticable. On information and belief, the Defendants have provided mobile homes to over 95,000 occupants in Mississippi; 5,000 occupants in Alabama; and 50,000 occupants in Louisiana.[2] The Class members are, however, ascertainable as the names and addresses of all Class members can be identified in business records maintained by the Defendant, United States.

## Commonality

36.

The questions of law and fact common to the class include, inter alia:

    (a)    Whether the FEMA Housing, as constructed and provided by Defendants, contain materials which emit dangerous, unhealthy and illegal levels of formaldehyde.

---

[2]  Source: http://www.bechtel.com/newsarticles/492.asp;
http://www.sptimes.com/2005/09/21/Worldandnation/Fitful_start_to_FEMA_.shtml.

    (b)      Whether there is sufficient evidence to require the U.S. Government to undertake immediate action to insure the safety and well-being of Plaintiffs.

37.

If Defendants are found to have manufactured or procured and provided FEMA Housing with materials which emit dangerous, unhealthy and illegal levels of formaldehyde, then Individual Plaintiffs and the Class would be entitled to relief.

**Adequate Representation**

38.

The Individual Plaintiffs are willing and prepared to serve the Court and the proposed Class in a representative capacity with all of the obligations and duties material thereto. The Individual Plaintiffs will fairly and adequately protect the interest of the Class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the Class.

39.

The self-interests of the Individual Plaintiffs as class representatives are co-extensive with and not antagonistic to those of the Class members. The Individual Plaintiffs will undertake to well and truly protect the interests of the Class members.

- 14 -

40.

The Individual Plaintiffs have engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise well represent the named Individual Plaintiffs and proposed Class members.

## RULE 23(b)(1)(A) AND (B)

41.

The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

42.

The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards and inconsistent or varying adjudications, on what would necessarily be the same essential facts, proof and legal theories would also create and allow to exist inconsistent and incompatible rights within the Class.

- 15 -

**RULE 23(b)(2)**

43.

The Defendants have acted or refused to act on grounds generally applicable to the Class, making injunctive relief appropriate.

**RULE 23(b)(3)(2)**

44.

The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

45.

A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that individual claims by the class members are impractical as the costs of pursuit far exceed what any one plaintiff or class member has at stake and, as a result, there has been very little individual litigation over the controversies herein, and individual members of the class have no interest in prosecuting and controlling separate actions.

46.

The proposed class action is manageable.

## FOR A FIRST CAUSE OF ACTION AGAINST THE U.S.
### (Negligence, Negligence Per Se, Gross Negligence, Recklessness, and Willfulness)

47.

The Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

48.

At all times relevant hereto, the Federal Government was under a duty to use due care and caution for the safety of foreseeable users and occupants of its FEMA Housing.  This duty was also assumed as a private actor, namely as Landlord, in the wake of Hurricane Katrina.

49.

In violation of said duties, the Federal Government was negligent, negligent per se grossly negligent, reckless, and/or willful in the following:

In providing mobile homes and trailers to occupants which was dangerous, unhealthy and unsafe due to high levels of formaldehyde emissions.

50.

As the direct and proximate result of the acts and/or omissions of Federal Government, the Plaintiffs have suffered and will continue to suffer injury and damages.

## FOR A FIRST CAUSE OF ACTION AGAINST THE
## MANUFACTURERS AND UNNAMED MANUFACTURERS
### (*Negligence, Negligence Per Se, Gross Negligence, Recklessness, and Willfulness*)

51.

The Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

52.

At all times relevant hereto, these Defendants were under a duty to use due care and caution for the safety of foreseeable users and occupants of the mobile homes, including the Plaintiffs:

    (a)    In manufacturing, marketing, distributing, licensing, and selling the FEMA Housing;

    (b)    In observing and complying with the requirements of all applicable statutes, regulations, and ordinances;

    (c)    In ensuring that the product met or exceeded industry standards and government standards; and

    (d)    In alerting consumers and occupants of the defects in the mobile homes through a meaningful product recall or other notice of defects to the marketplace.

53.

In violation of said duties, the Defendants were negligent, negligent per se, grossly negligent, reckless, and/or willful in the following:

    (a)    The manufacturing, testing, marketing, distribution, licensing and sale of the FEMA Housing which was

- 18 -

defective and unreasonably dangerous for their foreseeable use because of excessive emissions of formaldehyde;

(b)  The failure to properly test the FEMA Housing to properly evaluate their level of emissions of formaldehyde under foreseeable conditions for extended periods of time;

(c)  In manufacturing, advertising, marketing, distributing, and selling the FEMA Housing to third-parties including, without limit, government personnel and end users when the Defendants knew or should have known that mobile homes were defective and unsuitable for use under foreseeable conditions;

(d)  The failure to provide adequate and proper warnings to occupants and end-users of the FEMA Housing of the presence of excessive levels of emissions of formaldehyde and the hazards associated    with the excessive levels of emissions of formaldehyde.

(e)  The failure to provide proper and adequate updates, information, and warnings to occupants and end users, after the sale of the FEMA Housing, of the hazards associated with the excessive levels of emissions of formaldehyde; and

(f)  The failure to properly hire, train, and supervise individuals who, in turn, would inspect materials manufactured by vendors of wood products used in FEMA Housing to ensure that such wood materials did not emit excessive levels of formaldehyde.

54.

As the direct and proximate result of the acts and/or omissions of these

Defendants, the Plaintiffs have suffered and will suffer injury and damages.

### FOR A SECOND CAUSE OF ACTION AGAINST THE
### MANUFACTURERS AND UNNAMED MANUFACTURERS
### *(Strict Liability In Tort)*

55.

The Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

56.

The Defendants' actions in selling the FEMA Housing in a defective condition, which was unreasonably dangerous, and which reached the Plaintiffs without substantial change in the condition, constituted a behavior for which these Defendants are strictly liable to the Plaintiffs in tort.

57.

As a direct and proximate result of these Defendants' actions, the Plaintiffs have suffered, and continue to suffer injury and damages.

### FOR A THIRD CAUSE OF ACTION AGAINST THE
### MANUFACTURERS AND OTHER AS YET UNNAMED
### MANUFACTURERS
### *[Breach of Implied Warranties (under the UCC and Common Law) and*
### *Express Warranties]*

58.

The Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

59.

At all times relevant hereto, the Defendants were in the business of manufacturing, marketing, distributing, and selling mobile homes and travel trailers in the United States.

60.

The Defendants sold the mobile homes to the Federal Government, and/or its agents and or representatives for use as FEMA Housing.

61.

The Defendants expressly and/or impliedly warranted that the FEMA Housing would be of merchantable quality and fit for their intended purpose as a safe and compliant house to be used, among other things, to house families including families with small children and infants.

62.

The Defendants materially breached these warranties in that the mobile homes were defective and unfit for those particular purposes and was not of a reasonably merchantable quality.

63.

As a direct and proximate result of the Defendants' breaches of these warranties accompanying the mobile homes, the Plaintiffs have been injured.

64.

The Plaintiffs respectfully demand a jury trial.

WHEREFORE, the Plaintiffs, on behalf of themselves and all other members of the Class, pray that:

I.    The Court certify this case as class action under Rule 23;

II.    The Court enjoin Defendants from continuing to provide and lease FEMA Housing which violates federal regulations and are injurious to the health of the occupants;

III.    The Court order FEMA (United States) to provide immediate payments to Plaintiffs for alternative housing pending completion of mandatory testing to determine the suitability of the housing;

IV.    The Court require FEMA (United States) to remedy any defects in the housing to bring the levels of formaldehyde to acceptable levels and provide appropriate warnings;

V.    In the alternative, FEMA (United States) provide suitable alternative housing on the same terms as the defective FEMA housing;

VI.    The Plaintiffs be awarded actual, consequential and punitive damages;

VII.    The defendants provide the plaintiffs with medical testing to determine the adverse effects of formaldehyde exposure and medical monitoring and surveillance;

VIII.    The Plaintiffs be awarded their attorney's fees, expenses and costs of this action; and

- 22 -

IX.   The Plaintiffs be awarded such other and further relief as the Court

deems just and proper.

By their attorneys,

J. MICHAEL VERON (#7570)
J. ROCK PALERMO (#21793)
    BICE, PALERMO & VERON
P. O. BOX 2125
LAKE CHARLES, LA  70602
(337) 310-1600
(337) 310-1601 (FAX)

SEAN K. TRUNDY
SEAN KEVIN TRUNDY, L.L.C.
P. O. BOX 41343
NORTH CHARLESTON, SC  29423
(843) 747-4424
(843) 747-4489

PAUL A. DOMINICK
RICHARD L. TAPP, JR.
NEXSEN PRUET, L.L.C.
P. O. BOX 486
CHARLESTON, SC  29402
(843) 577-9440
(843) 720-1777

BY:    _____

J. ROCK PALERMO

- 23 -

CONSOL

# U. S. District Court
## Eastern District of Louisiana (New Orleans)
## CIVIL DOCKET FOR CASE #: 2:06-cv-05659-LMA-KWR

McGuire et al v. Gulf Stream Coach, Inc. et al
Assigned to: Judge Lance M Africk
Referred to: Magistrate Judge Karen Wells Roby
Lead case: 2:06-cv-02576-LMA-KWR
Member case: (View Member Case)
Case in other court: CDC Orleans Parish, 06-07054 F
Cause: 28:1332 Diversity-Product Liability

Date Filed: 08/31/2006
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Decarlo McGuire**

represented by **Roy J. Rodney, Jr.**
Rodney & Etter, LLC (New Orleans)
620 N. Carrollton Avenue
New Orleans, LA 70119
504-483-3224
Email: RJR@rodneylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Karl Etter**
Rodney & Etter, LLC (New Orleans)
620 N. Carrollton Avenue
New Orleans, LA 70119
504-483-3224
Fax: 504-483-2259
Email: jke@rodneylaw.com

**John Marston Fowler**
Rodney & Etter, LLC (New Orleans)
620 N. Carrollton Avenue
New Orleans, LA 70119
504-483-3224
Email: jmf@rodneylaw.com
*ATTORNEY TO BE NOTICED*

**Yvette P. Cravins**
Rodney & Etter, LLC
200 West Congress St.
Suite 650
Lafayette, LA 70501
337-232-6924


EXHIBIT
6

**Plaintiff**

**Kevin Rodney**                    represented by   **Roy J. Rodney, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Karl Etter**
                                                     (See above for address)

                                                     **John Marston Fowler**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Yvette P. Cravins**
                                                     (See above for address)

**Plaintiff**
**Dr. Marshall J. Stevenson, Jr.**   represented by   **Roy J. Rodney, Jr.**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Karl Etter**
                                                     (See above for address)

                                                     **John Marston Fowler**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Yvette P. Cravins**
                                                     (See above for address)

**Plaintiff**
**Lynda Ward Stevenson**             represented by   **Roy J. Rodney, Jr.**
*Individually and on behalf of others*               (See above for address)
*similarly situated*                                 *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **John Karl Etter**
                                                     (See above for address)

                                                     **John Marston Fowler**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Yvette P. Cravins**
                                                     (See above for address)

V.

**Defendant**

**Gulf Stream Coach, Inc.**

represented by **Timothy D. Scandurro**
Scandurro & Layrisson, L.L.C.
607 St. Charles Ave.
Suite 100
New Orleans, LA 70130
504-522-7100
Email: tim@scanlayr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew D. Weinstock**
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-837-3700
Email: andreww@duplass.com
*ATTORNEY TO BE NOTICED*

**Dewey M. Scandurro**
Scandurro & Layrisson, L.L.C.
607 St. Charles Ave.
Suite 100
New Orleans, LA 70130
504-522-7100
Fax: 504-529-6199
Email: dewey@scanlayr.com

**Joseph G. Glass**
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002
504-832-3700
Email: jglass@duplass.com

**Defendant**

**Fairmont Homes Inc.**
*TERMINATED: 02/07/2007*

represented by **Timothy D. Scandurro**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew D. Weinstock**
(See above for address)
*ATTORNEY TO BE NOTICED*

Dewey M. Scandurro
(See above for address)

Joseph G. Glass
(See above for address)

**Defendant**

**Tom Stinnett Holiday RV Center, Inc.**
*TERMINATED: 01/12/2007*

     represented by  **Arthur Wendel Stout, III**
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130
504-566-1201
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Isaac H. Ryan**
Deutsch, Kerrigan & Stiles LLP (New Orleans)
755 Magazine St.
New Orleans, LA 70130
504-581-5141
Email: iryan@dksno.com

**Defendant**

**Fleetwood Enterprises, Inc.**

     represented by  **Jerry L. Saporito**
Saporito Law Firm, LLC
639 Loyola Ave.
Suite 2100
New Orleans, LA 70113
529-5070
Email: jsaporito@saporitolawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward T. Hayes**
Saporito Law Firm, LLC
639 Loyola Ave.
Suite 2100
New Orleans, LA 70113
504-529-5070
Fax: 504-529-5434
Email: ehayes@saporitolawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Morgan Buildings and Spas**
*TERMINATED: 09/07/2006*

**Defendant**

**Circle B Enterprises**
*TERMINATED: 01/18/2007*

represented by **Lamont P. Domingue**
Voorhies & Labbe
700 St.John St.
P. O. Box 3527
Lafayette, LA 70502-3527
337-232-9700
Email: lpd@volalaw.com
*LEAD ATTORNEY*

**W. Gerald Gaudet**
Voorhies & Labbe
P. O. Box 3527
Lafayette, LA 70502-3527
337-232-9700
Email: wgg@volalaw.com
*TERMINATED: 11/06/2006*
*LEAD ATTORNEY*

**Defendant**

**Shaw Group Inc**
*TERMINATED: 09/20/2006*

represented by **William H. Howard, III**
Baker Donelson Bearman Caldwell &
Berkowitz, PC
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170
504-566-5275
Email: bhoward@bakerdonelson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny G. Shaw**
Baker, Donelson, Bearman, Caldwell &
Berkowitz
3 Sanctuary Blvd.
Suite 201
Mandeville, LA 70471
985-819-8400
Email: dshaw@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Gerardo R. Barrios**
Baker, Donelson, Bearman, Caldwell &
Berkowitz
3 Sanctuary Blvd.
Suite 201
Mandeville, LA 70471
985-819-8400
Email: gbarrios@bakerdonelson.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**CH2M Hill Constructors Inc.**    represented by    **William H. Howard, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny G. Shaw**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerardo R. Barrios**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Fluor Enterprises, Inc.**    represented by    **Leon Gary, Jr.**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: lgary@joneswalker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Kelly Black**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: bblack@joneswalker.com
*ATTORNEY TO BE NOTICED*

**James Conner Percy**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: jpercy@joneswalker.com

**Nan Roberts Eitel**
Jones Walker (Washington)

LAED CM/ECF - Live - Docket Report

2600 Virginia Avenue
Suite 1113
Washington, DC 20037
202-944-1105
Fax: 504-589-8356
Email: neitel@joneswalker.com

**Ryan Estes Johnson**
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Blvd.
Fifth Floor
Baton Rouge, LA 70809
225-248-2000
Email: rjohnson@joneswalker.com
*ATTORNEY TO BE NOTICED*

**Defendant**
**Bechtel National Inc.**
*TERMINATED: 01/25/2007*

represented by **John Joseph Hainkel, III**
Frilot, Partridge, Kohnke & Clements,
LC
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
(504) 599-8000
Email: jjh@fpkc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kerry J. Miller**
Frilot Partridge
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
504-599-8000
Email: kmiller@frilotpartridge.c

**Michael B. North**
Frilot Partridge L.C.
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-36
(504) 599-8183
Email: mnorth@frilotparti

**Paul C. Thibodeaux**

Frilot Partridge
Energy Centre
1100 Poydras St.
Suite 3600
New Orleans, LA 70163-3600
504-599-8000
Email:
pthibodeaux@frilotpartridge.com

**Defendant**

**Thompson Engineering**                    represented by **Joseph G. Gallagher, Jr.**
*TERMINATED: 01/10/2007*                    Hulse & Wanek
                                            1010 Common St.
                                            Suite 2800
                                            New Orleans, LA 70112-2426
                                            (504) 524-6221
                                            Email: jgg@hulsewanek.com
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**E.T.I. Inc.**

**Defendant**

**Keta Group LLC**                          represented by **Thomas G. O'Brien**
                                            Adams and Reese LLP (New Orleans)
                                            One Shell Square
                                            701 Poydras Street
                                            Suite 4500
                                            New Orleans, LA 70139
                                            504-585-0309
                                            Fax: 504-566-0210
                                            Email: thomas.obrien@arlaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Kyle Potts**
                                            Adams and Reese LLP (New Orleans)
                                            One Shell Square
                                            701 Poydras Street
                                            Suite 4500
                                            New Orleans, LA 70139
                                            504-581-3234
                                            Email: kyle.potts@arlaw.com
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified Parties**

**Defendant**

**Morgan Buildings and Spas, Inc.**         represented by **Christine Lipsey**

*incorrectly sued as Morgan Buidlings and Spas*

McGlinchey Stafford PLLC - Baton Rouge
301 Main Street
14th Floor
Baton Rouge, LA 70825
225-383-9000
Email: clipsey@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jude C. Bursavich**
Breazeale, Sachse & Wilson
One American Place
P. O. Box 3197
23rd Floor
Baton Rouge, LA 70821-3197
225-387-4000
Email: jcb@bswllp.com

**Michael Paul Fruge**
Breazeale, Sachse & Wilson
One American Place
P. O. Box 3197
23rd Floor
Baton Rouge, LA 70821-3197
225-387-4000
Email: mpf@bswllp.com

**Defendant**

**Shaw Environmental, Inc**
*incorrectly named as Shaw Group, Inc.*

represented by **William H. Howard, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Danny G. Shaw**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gerardo R. Barrios**
(See above for address)

**Defendant**

**Jayco Enterprises**

**Defendant**

**Starcraft**

**Defendant**

**Forest River**

**Defendant**

**Thor Industries**

**Defendant**

**Recreation By Design**                    represented by   **Lyon H. Garrison**
                                                          Preston Law Firm, LLP
                                                          909 Poydras Street
                                                          Suite 2400
                                                          New Orleans, LA 70112
                                                          504-527-0680
                                                          Email: lgarrison@prestonlawfirm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Darrin L. Forte**
                                                          Preston Law Firm, LLP
                                                          909 Poydras Street
                                                          Suite 2400
                                                          New Orleans, LA 70112
                                                          504-527-0680
                                                          Email: dforte@prestonlawfirm.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Pamela J. Lormand**
                                                          Preston Law Firm, LLP
                                                          909 Poydras Street
                                                          Suite 2400
                                                          New Orleans, LA 70112
                                                          504-527-0680
                                                          Email: plormand@prestonlawfirm.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Coachman Industries**

**Defendant**

**Thoroughbred Industries**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/31/2006 | 1 | NOTICE OF REMOVAL from CDC Orleans Parish, case number 06-7054 F. ( Filing fee $ 350 ) filed by Gulf Stream Coach, Inc., Fairmont Homes Inc., Fleetwood Enterprises, Inc.. (Attachments: # 1 State Court Pleadings # 2 Civil Cover Sheet)(lag, ) (Entered: 09/08/2006) |
| 09/05/2006 | 3 | Consent to Removal by Fluor Enterprises, Inc. (lag, ) (Entered: 09/08/2006) |
| 09/05/2006 | 4 | Consent to Removal by CH2M Hill Constructors Inc.. (lag, ) (Entered: |

| | | 09/08/2006) |
|---|---|---|
| 09/05/2006 | 5 | Consent to Removal by Shaw Group Inc. (lag, ) (Entered: 09/08/2006) |
| 09/05/2006 | 8 | EXPARTE/CONSENT MOTION for Leave to File responsive pleadings by 10/15/06 by Fluor Enterprises, Inc.. (lag, ) (Entered: 09/08/2006) |
| 09/06/2006 | 7 | Consent to Removal by Bechtel National Inc.. (lag, ) (Entered: 09/08/2006) |
| 09/07/2006 | 9 | ORDER dismissing 8 Motion for Leave to File responsive pleading. Signed by Judge Ivan L. R. Lemelle on 9/7/06. (lag, ) (Entered: 09/08/2006) |
| 09/07/2006 | 10 | Consent to Removal by Morgan Buildings and Spas. (lag, ) (Entered: 09/08/2006) |
| 09/07/2006 | 11 | Joinder in Removal by Morgan Buildings and Spas. (Attachments: # 1 Certificate# 2 Exhibit)(lag, ) (Entered: 09/08/2006) |
| 09/07/2006 | 19 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Complaint by Morgan Buildings and Spas. (lag, ) (Entered: 09/13/2006) |
| 09/08/2006 | 2 | NOTICE of directives pursuant to 28:1447(b), by Clerk.(lag, ) (Entered: 09/08/2006) |
| 09/08/2006 | 6 | EXPARTE/CONSENT MOTION for Extension of Time to Answer by Fleetwood Enterprises, Inc.. (Attachments: # 1 Proposed Order)(Hayes, Edward) Modified on 9/11/2006 (lag, ). (Entered: 09/08/2006) |
| 09/08/2006 | 25 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Complaint by Bechtel National Inc. (lag, ) (Entered: 09/14/2006) |
| 09/08/2006 | 27 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Complaint by Gulf Stream Coach, Inc., Fairmont Homes Inc.. (lag, ) (Entered: 09/14/2006) |
| 09/08/2006 | 30 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Complaint by Tom Stinnett Holiday RV Center, Inc.. (lag, ) (Entered: 09/14/2006) |
| 09/11/2006 | 12 | Correction of Docket Entry by Clerk re 6 MOTION for Extension of Time to Answer ; Attachment was not described. (lag, ) (Entered: 09/11/2006) |
| 09/11/2006 | 20 | ORDER granting 19 Motion for Extension of Time to Answer as to Morgan Buildings and Spas answer due 9/27/2006. . Signed by Judge Ivan L. R. Lemelle on 9/8/06. (lag, ) (Entered: 09/13/2006) |
| 09/11/2006 | 21 | Notice of Compliance by Gulf Stream Coach, Inc., Fairmont Homes Inc. re 2 NOTICE of directives. (Attachments: # 1 Exhibit)(gec, ) (Entered: 09/13/2006) |
| 09/11/2006 | 22 | Statement of Corporate Disclosure by Gulf Stream Coach, Inc. identifying Oakland Enterprises, Inc. as Corporate Parent. (gec, ) |

| | | |
|---|---|---|
| | | (Entered: 09/13/2006) |
| 09/11/2006 | 23 | Statement of Corporate Disclosure by Fairmont Homes Inc. identifying Oakland Enterprises, Inc. as Corporate Parent. (gec, ) (Entered: 09/13/2006) |
| 09/12/2006 | 13 | EXPARTE/CONSENT MOTION for Extension of Time to Answer *for extension of time within which to plead* by Morgan Buildings and Spas. (Lipsey, Christine) Proposed Order added on 9/13/2006 (lag, ). (Entered: 09/12/2006) |
| 09/12/2006 | 14 | Consent to Removal by Circle B Enterprises. (Gaudet, W.) (Entered: 09/12/2006) |
| 09/12/2006 | 15 | MOTION for Extension of Time to Answer *Class Action Petition for Injunctive Relief and Damages* by Circle B Enterprises. (Attachments: # 1 Proposed Order)(Gaudet, W.) (Entered: 09/12/2006) |
| 09/12/2006 | 32 | Consent to Removal by Gulf Stream Coach, Inc., Fairmont Homes Inc.. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 16 | Correction of Docket Entry by Clerk re 13 MOTION for Extension of Time to Answer *for extension of time within which to plead* ; Proposed Order must be separate attachment to motion. (lag, ) (Entered: 09/13/2006) |
| 09/13/2006 | 17 | Correction of Docket Entry by Clerk re 14 Consent to Removal ; Signature on pleading must match filer (lag, ) (Entered: 09/13/2006) |
| 09/13/2006 | 18 | Correction of Docket Entry by Clerk re 15 MOTION for Extension of Time to Answer *Class Action Petition for Injunctive Relief and Damages* ; Signature on pleading must match filer (lag, ) (Entered: 09/13/2006) |
| 09/13/2006 | 24 | EXPARTE/CONSENT MOTION for Extension of Time to Answer by Fluor Enterprises, Inc.. (Attachments: # 1 Proposed Order)(Black, Brandon) (Entered: 09/13/2006) |
| 09/13/2006 | 26 | ORDER granting 25 Motion for Extension of Time to Answer as to Bechtel National Inc. answer due 9/28/2006. . Signed by Judge Ivan L. R. Lemelle on 9/12/06. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 28 | ORDER granting 27 Motion for Extension of Time to Answer . Signed by Judge Ivan L. R. Lemelle on 9/12/06. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 29 | Consent to Removal by Tom Stinnett Holiday RV Center, Inc. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 31 | ORDER granting 30 Motion for Extension of Time to Answer as to Tom Stinnett Holiday RV Center, Inc. answer due 9/28/2006. . Signed by Judge Ivan L. R. Lemelle on 9/12/06. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 33 | Consent to Removal by Keta Group LLC. (lag, ) (Entered: 09/14/2006) |
| 09/13/2006 | 34 | Notice of Related Case(s) by Gulf Stream Coach, Inc., Fairmont Homes |

| | | |
|---|---|---|
| | | Inc. of related case(s) 06-2576 S. (lag, ) (Entered: 09/14/2006) |
| 09/14/2006 | 35 | ORDER granting 24 Motion for Extension of Time to Answer as to Fluor Enterprises, Inc. answer due 9/27/2006. . Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 09/15/2006) |
| 09/14/2006 | 36 | ORDER granting 6 Motion for Extension of Time to Answer as to Fleetwood Enterprises, Inc. answer due 9/28/2006. . Signed by Judge Ivan L. R. Lemelle. (lag, ) (Entered: 09/15/2006) |
| 09/14/2006 | 40 | EXPARTE/CONSENT MOTION for Extension of Time to Answer by Keta Group LLC. (blg, ) (Entered: 09/19/2006) |
| 09/14/2006 | 49 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Notice of Removal by Keta Group LLC. (ijg, ) (Entered: 09/20/2006) |
| 09/15/2006 | 37 | ORDER granting 15 Motion for Extension of Time to Answer as to Circle B Enterprises answer due 9/28/2006. . Signed by Judge Ivan L. R. Lemelle on 9/14/06. (lag, ) (Entered: 09/15/2006) |
| 09/15/2006 | 42 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Notice of Removal by Shaw Group Inc. (ijg, ) (Entered: 09/19/2006) |
| 09/15/2006 | 44 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 1 Notice of Removal by CH2M Hill Constructors Inc.. (ijg, ) (Entered: 09/19/2006) |
| 09/17/2006 | 38 | ORDER granting 13 Motion for Extension of Time to Answer re 1 Notice of Removal as to Morgan Buildings and Spas answer due 10/15/2006. Signed by Judge Ivan L. R. Lemelle on 9/15/2006. (caa, ) (Entered: 09/18/2006) |
| 09/18/2006 | 39 | ORDER TRANSFERRING CASE. Case transferred to Judge Mary Ann Vial Lemmon for all further proceedings. Judge Ivan L. R. Lemelle no longer assigned to case. Signed by Judge Ivan L. R. Lemelle on 9/14/2006.(caa, ) (Entered: 09/18/2006) |
| 09/18/2006 | 41 | ORDER granting 40 Motion for Extension of Time to Answer as to Keta Group LLC, answer due 10/9/2006. Signed by Judge Ivan L. R. Lemelle on 09/15/06. (blg, ) (Entered: 09/19/2006) |
| 09/19/2006 | 43 | ORDER granting 42 Motion for Extension of Time to Answer as to Shaw Group Inc answer due 9/28/2006. . Signed by Judge Mary Ann Vial Lemmon on 9/18/2006. (ijg, ) (Entered: 09/19/2006) |
| 09/19/2006 | 45 | ORDER granting 44 Motion for Extension of Time to Answer as to CH2M Hill Constructors Inc. answer due 9/28/2006. . Signed by Judge Mary Ann Vial Lemmon on 9/18/2006. (ijg, ) (Entered: 09/19/2006) |
| 09/19/2006 | 46 | ERROR: WRONG EVENT SELECTED - MOTION for Disclosure *Corporate Disclosure* by Morgan Buildings and Spas. (Lipsey, Christine) Modified on 9/20/2006 (ijg, ). (Entered: 09/19/2006) |
| 09/19/2006 | 47 | Correction of Docket Entry by Clerk re 46 MOTION for Disclosure *Corporate Disclosure* ; Wrong event selected; Re-docketed as Statement |

| | | |
|---|---|---|
| | | of Corporate Disclosure. (ijg, ) (Entered: 09/20/2006) |
| 09/19/2006 | 48 | Statement of Corporate Disclosure by Morgan Buildings and Spas, Inc. identifying GMH Corp. as Corporate Parent. (ijg, ) (Entered: 09/20/2006) |
| 09/20/2006 | 50 | ORDER granting 49 Motion for Extension of Time to Answer . Signed by Judge Mary Ann Vial Lemmon on 9/19/2006. (ijg, ) (Entered: 09/20/2006) |
| 09/20/2006 | 51 | Statement of Corporate Disclosure by CH2M Hill Constructors Inc. identifying CH2M HILL Companies, Ltd. as Corporate Parent. (ijg, ) (Entered: 09/22/2006) |
| 09/20/2006 | 52 | Statement of Corporate Disclosure by Shaw Environmental, Inc identifying Shaw Environmental & Infrastructure, Inc., The Shaw Group, Inc. as Corporate Parents. (ijg, ) (Entered: 09/22/2006) |
| 09/22/2006 | 53 | Statement of Corporate Disclosure by Fluor Enterprises, Inc. identifying Fluor Corporation as Corporate Parent. (Black, Brandon) Corrected Main document added on 9/22/2006 (ijg, ). Modified on 9/22/2006 (ijg, ). (Entered: 09/22/2006) |
| 09/22/2006 | 54 | Correction of Docket Entry by Clerk re 53 Statement of Corporate Disclosure ; Incorrect District Judge on document. (ijg, ) (Entered: 09/22/2006) |
| 09/25/2006 | 55 | Statement of Corporate Disclosure by Fleetwood Enterprises, Inc. identifying None as Corporate Parent. (Hayes, Edward) (Entered: 09/25/2006) |
| 09/27/2006 | 57 | MOTION for More Definite Statement by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc., Bechtel National Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(ijg, ) (Entered: 09/28/2006) |
| 09/27/2006 | 58 | Request/Statement of Oral Argument by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc., Bechtel National Inc. regarding 57 MOTION for More Definite Statement. (ijg, ) (Entered: 09/28/2006) |
| 09/27/2006 | 59 | MOTION to Dismiss Party Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc. Pursuant to FRCP 12(b)(6) by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(ijg, ) (Entered: 09/28/2006) |
| 09/27/2006 | 60 | Request/Statement of Oral Argument by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc. regarding 59 MOTION to Dismiss Party Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill |

Case MDL No. 1873 Document 1    Filed 06/12/07    Page 134 of 224

| | | |
|---|---|---|
| | | Constructors Inc., Fluor Enterprises, Inc. (ijg, ) (Entered: 09/28/2006) |
| 09/27/2006 | 61 | MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc.. Motion Hearing set for 10/25/2006 10:09 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(ijg, ) (Entered: 09/28/2006) |
| 09/27/2006 | 62 | Request/Statement of Oral Argument by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc. regarding 61 MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b). (ijg, ) (Entered: 09/28/2006) |
| 09/28/2006 | 56 | DEFICIENT MOTION to Dismiss by Fleetwood Enterprises, Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing # 2 Memorandum in Support # 3 Exhibit Exhibit A to Memo in Support of Rule 12(b)(6) Motion for Partial Dismissal# 4 Request for Oral Argument on Rule 12 (b)(6) Motion for Partial Dismissal# 5 Proposed Order on Request for Oral Argument)(Hayes, Edward) Modified on 9/28/2006 (ijg, ). (Entered: 09/28/2006) |
| 09/28/2006 | 63 | NOTICE OF DEFICIENT DOCUMENT: re 56 Motion to Dismiss,. Reason(s) of deficiency: Attachment (Request for Oral Argument) should have been a separate document. For corrective information, see section(s) D02 on http://www.laed.uscourts.gov/cmecf/Deficiency/deficiency.htm **Attention: Document must be refiled in its entirety within five (5) working days. Otherwise, it may be stricken by the court without further notice. Deficiency remedy due by 10/5/2006.** (ijg, ) (Entered: 09/28/2006) |
| 09/28/2006 | 64 | MOTION to Dismiss *Partial and*, MOTION for More Definite Statement by Circle B Enterprises. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Request for Oral Argument# 3 Proposed Order)(Gaudet, W.) (Entered: 09/28/2006) |
| 09/28/2006 | 67 | Request/Statement of Oral Argument by Circle B Enterprises regarding 64 MOTION to Dismiss *Partial and* MOTION for More Definite Statement MOTION for More Definite Statement. (ijg, ) (Entered: 09/29/2006) |
| 09/29/2006 | 65 | MOTION to Dismiss *Pursuant to Rule 12(b)(6)* by Fleetwood Enterprises, Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing # 2 Memorandum in Support # 3 Exhibit Exhibit A to Memo in Support) (Hayes, Edward) (Entered: 09/29/2006) |
| 09/29/2006 | 66 | Request/Statement of Oral Argument by Fleetwood Enterprises, Inc. regarding 65 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*. (Hayes, |

| | | Edward) (Entered: 09/29/2006) |
|---|---|---|
| 10/02/2006 | 68 | EXPARTE/CONSENT MOTION for Extension of Time to Answer by Gulf Stream Coach, Inc., Fairmont Homes Inc.. (Attachments: # 1 Proposed Order)(Scandurro, Timothy) (Entered: 10/02/2006) |
| 10/03/2006 | 69 | MOTION to Dismiss for Lack of Jurisdiction by Fairmont Homes Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Affidavit of James F. Shea# 3 Notice of Hearing)(Scandurro, Timothy) (Entered: 10/03/2006) |
| 10/03/2006 | 70 | Request/Statement of Oral Argument by Fairmont Homes Inc. regarding 69 MOTION to Dismiss for Lack of Jurisdiction. (Scandurro, Timothy) (Entered: 10/03/2006) |
| 10/03/2006 | 71 | ERROR: MOTION WITH MULTIPLE RELIEFS FILED AS ONE RELIEF - MOTION to Dismiss by Gulf Stream Coach, Inc.. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Exhibit 2# 3 Exhibit 1# 4 Notice of Hearing)(Scandurro, Timothy) Modified on 10/4/2006 (ijg, ). (Entered: 10/03/2006) |
| 10/03/2006 | 72 | Request/Statement of Oral Argument by Gulf Stream Coach, Inc. regarding 74 MOTION to Dismiss, Motion for Joinder. (Scandurro, Timothy) Modified on 10/4/2006 (ijg, ). (Entered: 10/03/2006) |
| 10/03/2006 | 73 | Correction of Docket Entry by Clerk re 71 MOTION to Dismiss ; Multiple relief document filed as one relief; Document re-docketed by Clerk. (ijg, ) (Entered: 10/04/2006) |
| 10/03/2006 | 74 | MOTION to Dismiss Under Rule 12(b)(6), MOTION for Joinder in Co-Defendants' Motions by Gulf Stream Coach, Inc. Motion Hearing set for 10/25/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Exhibit 2# 3 Exhibit 1 - Part 1 of 2# 4 Exhibit 1 Part 2 of 2# 5 Notice of Hearing)(ijg, ) (Entered: 10/04/2006) |
| 10/10/2006 | 75 | Statement of Corporate Disclosure by Keta Group LLC. (dmg, ) (Entered: 10/11/2006) |
| 10/10/2006 | 76 | MOTION for More Definite Statement, MOTION to Dismiss Party Keta Group, LLC, MOTION for Joinder in co-dfts motions by Keta Group LLC. Motion Hearing set for 11/8/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(dmg, ) (Entered: 10/11/2006) |
| 10/10/2006 | 77 | Request/Statement of Oral Argument by Keta Group LLC regarding 76 MOTION for More Definite Statement MOTION to Dismiss Party Keta Group, LLC MOTION to Dismiss Party Keta Group, LLC MOTION for Joinder MOTION for Joinder. (dmg, ) (Entered: 10/11/2006) |
| 10/10/2006 | 78 | EXPARTE/CONSENT MOTION to Continue by all plaintiffs. (gec, ) (Entered: 10/13/2006) |

| 10/12/2006 | 79 | ORDER Setting/Resetting Hearing on 61 MOTION to Dismiss pursuant to FRCP 9(b), 57 MOTION for More Definite Statement, 59 MOTION to Dismiss Party Shaw, 65 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*, 64 MOTION to Dismiss *Partial and* MOTION for More Definite Statement 69 MOTION to Dismiss for Lack of Jurisdiction, 74 MOTION to Dismiss Under Rule 12(b)(6) MOTION for Joinder: Motion Hearing reset for 11/29/2006 10:00 AM before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon on 10/11/06.(gec, ) (Entered: 10/13/2006) |
| 10/16/2006 | 80 | ORDER Setting/Resetting Hearing on 76 MOTION for More Definite Statement, MOTION to Dismiss Party Keta Group, LLC, MOTION for Joinder. Motion Hearing set for 11/29/2006 10:00 AM before Judge Mary Ann Vial Lemmon. Signed by Judge Mary Ann Vial Lemmon on 10/16/06.(gec, ) (Entered: 10/17/2006) |
| 10/17/2006 | 81 | ORDER granting 68 Motion for Extension of Time to Answer . Signed by Judge Mary Ann Vial Lemmon on 10/17/06. (dmg, ) (Entered: 10/18/2006) |
| 10/27/2006 | 82 | MOTION to Sever Consolidation, or in the alternative MOTION to Re-Transfer Case to Original Court by all plaintiffs. Motion Hearing set for 11/29/2006 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing # 3 Exhibit A-C)(ijg, ) (Entered: 10/29/2006) |
| 10/27/2006 | 83 | Request/Statement of Oral Argument by all plaintiffs regarding 82 MOTION to Sever MOTION to Transfer Case MOTION to Transfer Case. (ijg, ) (Entered: 10/29/2006) |
| 11/03/2006 | 84 | EXPARTE/CONSENT MOTION to Substitute Attorney. Attorney Lamont P. Domingue to be substituted in place of W. Gerald Gaudet by Circle B Enterprises. (Attachments: # 1 Proposed Order # 2 Letter filing Motion to Designate Trial Counsel)(Domingue, Lamont) (Entered: 11/03/2006) |
| 11/06/2006 | 85 | ORDER granting 84 Motion to Substitute Attorney. Attorney Lamont P. Dominque be designated as trial counsel. Attorney W. Gerald Gaudet terminated . Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 11/07/2006) |
| 11/21/2006 | 86 | RESPONSE to Motion filed by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc., Bechtel National Inc. re 82 MOTION to Sever MOTION to Transfer Case MOTION to Transfer Case. (Barrios, Gerardo) (Entered: 11/21/2006) |
| 11/21/2006 | 87 | MOTION to Appear as Counsel of Record *Ryan E. Johnson* by Fluor Enterprises, Inc.. (Attachments: # 1 Proposed Order)(Black, Brandon) (Entered: 11/21/2006) |
| 11/21/2006 | 88 | RESPONSE/MEMORANDUM in Opposition filed by Circle B Enterprises re 82 MOTION to Sever MOTION to Transfer Case |

| | | |
|---|---|---|
| | | MOTION to Transfer Case. (Domingue, Lamont) (Entered: 11/21/2006) |
| 11/21/2006 | 89 | RESPONSE/MEMORANDUM in Opposition filed by Gulf Stream Coach, Inc., Fairmont Homes Inc. re 82 MOTION to Sever MOTION to Transfer Case MOTION to Transfer Case. (Scandurro, Timothy) (Entered: 11/21/2006) |
| 11/21/2006 | 90 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 65 MOTION to Dismiss *Pursuant to Rule 12(b)(6)*, 69 MOTION to Dismiss for Lack of Jurisdiction, 57 MOTION for More Definite Statement, 76 MOTION for More Definite Statement MOTION to Dismiss Party Keta Group, LLC MOTION to Dismiss Party Keta Group, LLC MOTION for Joinder MOTION for Joinder, 74 MOTION to Dismiss Under Rule 12(b)(6) MOTION for Joinder MOTION for Joinder, 61 MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b), 64 MOTION to Dismiss *Partial and* MOTION for More Definite Statement MOTION for More Definite Statement, 59 MOTION to Dismiss Party Shaw *Omnibus Memorandum in opposition to defendants' motions.* (Honore', Mary) (Entered: 11/21/2006) |
| 11/21/2006 | 91 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 74 MOTION to Dismiss Under Rule 12(b)(6) MOTION for Joinder MOTION for Joinder. (Honore', Mary) (Entered: 11/21/2006) |
| 11/22/2006 | 92 | MOTION for More Definite Statement *Under Rule 12(e), and Motion for Partial Dismissal Under Rule 12(b)(6), and Motion for Dismissal Under Rule 9(b)* by Thompson Engineering. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 1/10/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Gallagher, Joseph) (Entered: 11/22/2006) |
| 11/27/2006 | 93 | Statement of Corporate Disclosure by Thompson Engineering identifying Thompson, Inc. as Corporate Parent. (Gallagher, Joseph) (Entered: 11/27/2006) |
| 11/27/2006 | 95 | ORDER granting 87 Motion to Appear. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 11/29/2006) |
| 11/28/2006 | 94 | EXPARTE/CONSENT MOTION for Leave to File *Reply Memorandum* by Gulf Stream Coach, Inc.. (Attachments: # 1 Proposed Order # 2 Proposed Pleading Reply Memorandum in Support of Rule 12(b)(3) Motion# 3 Affidavit Exhibit A to Reply Memorandum)(Scandurro, Timothy) (Entered: 11/28/2006) |
| 11/29/2006 | 96 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 11/29/2006 re 69 MOTION to Dismiss for Lack of Jurisdiction filed by Fairmont Homes Inc., 64 MOTION to Dismiss *Partial and* MOTION for More Definite Statement filed by Circle B Enterprises, 71 MOTION to Dismiss filed by Gulf Stream Coach, Inc., 57 MOTION for More Definite Statement filed by Fluor Enterprises, Inc., Bechtel National Inc., Morgan Buildings and Spas, Inc., CH2M Hill Constructors Inc., Shaw Environmental, Inc, 65 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* MOTION to Dismiss |

| | | |
|---|---|---|
| | | *Pursuant to Rule 12(b)(6)* filed by Fleetwood Enterprises, Inc., 59 MOTION to Dismiss Party Shaw filed by Fluor Enterprises, Inc., Morgan Buildings and Spas, Inc., CH2M Hill Constructors Inc., Shaw Environmental, Inc, 76 MOTION for More Definite Statement MOTION to Dismiss Party Keta Group, LLC MOTION for Joinder filed by Keta Group LLC, 82 MOTION to Sever MOTION to Transfer Case filed by Kevin Rodney, Lynda Ward Stevenson, Marshall J. Stevenson, Jr., Decarlo McGuire, 61 MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) filed by Fluor Enterprises, Inc., Morgan Buildings and Spas, Inc., CH2M Hill Constructors Inc., Shaw Environmental, Inc. The motion of plaintiffs to sever consolidation or in the alternative totransfer to original court 82 was withdrawn by counsel for plaintiffs.The motions will be submitted after the defendants reply memoranda are filed. (Court Reporter David Zarek.) (ijg, ) (Entered: 12/04/2006) |
| 12/01/2006 | 97 | ORDER granting 94 Motion for Leave to File Reply Memorandum. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 12/05/2006) |
| 12/01/2006 | 98 | REPLY to Response to Motion filed by Gulf Stream Coach, Inc. re 74 MOTION to Dismiss Under Rule 12(b)(6). (Attachments: # 1 Affidavit) (ijg, ) (Entered: 12/05/2006) |
| 12/29/2006 | 99 | Supplemental Memorandum filed by all plaintiffs, in opposition of 69 MOTION to Dismiss for Lack of Jurisdiction, 64 MOTION to Dismiss *Partial and* MOTION for More Definite Statement, 71 MOTION to Dismiss, 57 MOTION for More Definite Statement, 65 MOTION to Dismiss *Pursuant to Rule 12(b)(6)* MOTION to Dismiss *Pursuant to Rule 12(b)(6),* 59 MOTION to Dismiss Party Shaw, 76 MOTION for More Definite Statement MOTION to Dismiss Party Keta Group, LLC MOTION for Joinder, 61 MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) *supplemental memorandum submitted in accordance with docket # 96.* (Attachments: # 1 Exhibit Exhibits A-H# 2 Exhibit Exhibits I-P# 3 Exhibit Exhibits Q-X) (Honore', Mary) (Entered: 12/29/2006) |
| 01/08/2007 | 100 | EXPARTE/CONSENT MOTION to Dismiss Party Thompson Engineering, Inc. by Thompson Engineering. (Attachments: # 1 Proposed Order to dismiss Thompson Engineering, Inc.)(Gallagher, Joseph) (Entered: 01/08/2007) |
| 01/08/2007 | 101 | REPLY to Response to Motion filed by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc. re 57 MOTION for More Definite Statement, 59 MOTION to Dismiss Party Shaw, 61 MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) MOTION to Dismiss plaintiffs' claims of fraud, negligent misrepresentation and conspiracy pursuant to FRCP 9(b) *Per Minute* |

| | | |
|---|---|---|
| | | *Entry, Reply Memorandum to Plaintiffs' Supplemental Memorandum.* (Attachments: # 1 Exhibit Exhibits A and B to Reply Memorandum) (Barrios, Gerardo) (Entered: 01/08/2007) |
| 01/08/2007 | 102 | REPLY to Response to Motion filed by Gulf Stream Coach, Inc. re 74 MOTION to Dismiss Under Rule 12(b)(6) MOTION to Dismiss Under Rule 12(b)(6) MOTION for Joinder. (Scandurro, Timothy) (Entered: 01/08/2007) |
| 01/10/2007 | 103 | ORDER granting 100 Motion to Dismiss Party. Party Thompson Engineering dismissed. Signed by Judge Mary Ann Vial Lemmon on 1/9/2007. (ijg, ) (Entered: 01/11/2007) |
| 01/11/2007 | 104 | MOTION to Dismiss by Decarlo McGuire. (Attachments: # 1)(Honore', Mary) (Entered: 01/11/2007) |
| 01/12/2007 | 105 | MOTION to Certify Class by Decarlo McGuire. Motion Hearing set for 6/27/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing) (Honore', Mary) (Entered: 01/12/2007) |
| 01/12/2007 | 106 | ORDER granting 104 Motion to Dismiss pla's claims agst Tom Stinnett Holiday RV Center w/o prej. Signed by Judge Mary Ann Vial Lemmon on 1/12/07. (dmg, ) (Entered: 01/16/2007) |
| 01/17/2007 | 107 | EXPARTE/CONSENT MOTION to Dismiss Party Circle B Enterprises, Inc. by Lynda Ward Stevenson, Circle B Enterprises, Decarlo McGuire, Kevin Rodney, Marshall J. Stevenson, Jr. (Attachments: # 1 Proposed Order # 2 Clerk Letter)(Domingue, Lamont) (Entered: 01/17/2007) |
| 01/18/2007 | 108 | ORDER granting 107 Motion to Dismiss Party. Party Circle B Enterprises dismissed. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 01/22/2007) |
| 01/18/2007 | 109 | ORDER finding as moot 64 Motion to Dismiss; finding as moot 64 Motion for More Definite Statement. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 01/23/2007) |
| 01/23/2007 | 110 | EXPARTE/CONSENT MOTION to Dismiss Party Bechtel National, Inc. by Lynda Ward Stevenson, Decarlo McGuire, Kevin Rodney, Marshall J. Stevenson, Jr., Bechtel National Inc. (ijg, ) (Entered: 02/05/2007) |
| 01/25/2007 | 111 | ORDER granting 110 Motion to Dismiss Party. Party Bechtel National Inc. dismissed. Signed by Judge Ivan L. R. Lemelle on 1/23/2007. (ijg, ) (Entered: 02/05/2007) |
| 02/06/2007 | 112 | EXPARTE/CONSENT MOTION to Dismiss Party Fairmont Homes, Inc. by Fairmont Homes Inc.. (Attachments: # 1 Proposed Order)(Scandurro, Timothy) (Entered: 02/06/2007) |
| 02/07/2007 | 113 | ORDER granting 112 Motion to Dismiss Party. Party Fairmont Homes Inc. dismissed. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 02/07/2007) |
| | | |

| | | |
|---|---|---|
| 02/23/2007 | 114 | MOTION to Dismiss by Gulf Stream Coach, Inc., Morgan Buildings and Spas, Inc.. Motion Hearing set for 3/14/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Scandurro, Timothy) (Entered: 02/23/2007) |
| 02/23/2007 | 115 | Request/Statement of Oral Argument by Gulf Stream Coach, Inc. regarding 114 MOTION to Dismiss. (Scandurro, Timothy) (Entered: 02/23/2007) |
| 02/23/2007 | 116 | EXPARTE/CONSENT MOTION for Joinder *to Gulf Stream Coach, Inc.'s Motion to Dismiss Class Action* by Fleetwood Enterprises, Inc.. (Attachments: # 1 Notice of Hearing)(Hayes, Edward) (Entered: 02/23/2007) |
| 02/27/2007 | 117 | ORDER Oral argument on 114 MOTION to Dismiss is continued to 3/21/2007 10:00 AM before Judge Mary Ann Vial Lemmon. 116 MOTION for Joinder to Gulf Stream Coach, Inc.'s Motion to Dismiss Class Action is continued to 3/21/2007 without oral argument. Signed by Judge Mary Ann Vial Lemmon on 2/27/07.(gec, ) (Entered: 02/27/2007) |
| 02/27/2007 | 118 | MOTION for Joinder *to Dismiss Class Action Claims Filed on Behalf of Gulf Stream Coach, Inc.* by Fluor Enterprises, Inc.. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 3/21/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing # 2 Proposed Order)(Black, Brandon) (Entered: 02/27/2007) |
| 02/27/2007 | 119 | Request/Statement of Oral Argument by Fluor Enterprises, Inc. regarding 118 MOTION for Joinder *to Dismiss Class Action Claims Filed on Behalf of Gulf Stream Coach, Inc.*. (Attachments: # 1 Proposed Order)(Black, Brandon) (Entered: 02/27/2007) |
| 02/28/2007 | 120 | ORDER Setting Oral Hearing on 118 MOTION for Joinder *to Dismiss Class Action Claims Filed on Behalf of Gulf Stream Coach, Inc.* : Motion Hearing set for 3/21/2007 10:00 AM before Judge Mary Ann Vial Lemmon.. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) (Entered: 02/28/2007) |
| 02/28/2007 | 121 | ORDER and REASONS granting 57 Motion for More Definite Statement; granting 59 Motion to Dismiss Party; granting 61 Motion to Dismiss; granting in part and denying in part 65 Motion to Dismiss; granting in part and denying in part 74 Motion to Dismiss; granting in part and denying in part 74 Motion for Joinder; granting 76 Motion for More Definite Statement; granting 76 Motion to Dismiss Party; granting 76 Motion for Joinder. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 03/01/2007) |
| 03/05/2007 | 122 | MOTION to Dismiss *Class Action* by Keta Group LLC. Motion Hearing set for 3/21/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing # 2 Request for Oral Argument) (O'Brien, Thomas) (Entered: 03/05/2007) |
| 03/14/2007 | 124 | RESPONSE/MEMORANDUM in Opposition filed by all plaintiffs re 122 MOTION to Dismiss *Class Action*. (ijg, ) (Entered: 03/19/2007) |

| 03/15/2007 | 123 | MOTION for Extension of Deadlines *in which to File Motion for Class Certification* by Lynda Ward Stevenson, Decarlo McGuire, Kevin Rodney, Marshall J. Stevenson, Jr. Motion Hearing set for 3/21/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing)(Fowler, John) (Entered: 03/15/2007) |
|---|---|---|
| 03/20/2007 | 125 | RESPONSE/MEMORANDUM in Opposition filed by Gulf Stream Coach, Inc. re 123 MOTION for Extension of Deadlines *in which to File Motion for Class Certification*. (Scandurro, Timothy) (Entered: 03/20/2007) |
| 03/20/2007 | 126 | RESPONSE/MEMORANDUM in Opposition filed by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc. re 123 MOTION for Extension of Deadlines *in which to File Motion for Class Certification Joinder in Gulf Stream's Consolidated Memorandum in Opposition to Plaintiffs' Motion for Extension and Supplemental Memorandum in Support of Motion to Dismiss Class Action Claims*. (Barrios, Gerardo) (Entered: 03/20/2007) |
| 03/21/2007 | 127 | Minute Entry for proceedings held before Judge Mary Ann Vial Lemmon : Motion Hearing held on 3/21/2007 re 116 MOTION for Joinder *to Gulf Stream Coach, Inc.'s Motion to Dismiss Class Action* filed by Fleetwood Enterprises, Inc., 122 MOTION to Dismiss *Class Action* filed by Keta Group LLC, 114 MOTION to Dismiss filed by Gulf Stream Coach, Inc., Morgan Buildings and Spas, Inc., 123 MOTION for Extension of Deadlines *in which to File Motion for Class Certification* filed by Kevin Rodney, Lynda Ward Stevenson, Marshall J. Stevenson, Jr., Decarlo McGuire, 118 MOTION for Joinder *to Dismiss Class Action Claims Filed on Behalf of Gulf Stream Coach, Inc.* filed by Fluor Enterprises, Inc. Motions taken under submission. (Court Reporter Cynthia Crawford.) (ijg, ) (Entered: 03/21/2007) |
| 03/30/2007 | 128 | EXPARTE/CONSENT MOTION for Extension of Time to File *Amended Complaint* by Decarlo McGuire. (Attachments: # 1 Proposed Order) (Etter, John) (Entered: 03/30/2007) |
| 04/09/2007 | 129 | ORDER granting 128 Motion for Extension of Time to File Amended Complaint. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 04/09/2007) |
| 04/09/2007 | 130 | ERROR - Re-Filed as document number 131. First AMENDED COMPLAINT with Jury Demand against all defendants filed by Decarlo McGuire.(Etter, John) Modified on 4/10/2007 (ijg, ). (Entered: 04/09/2007) |
| 04/09/2007 | 131 | First AMENDED COMPLAINT with Jury Demand *and Restated Complaint* against all defendants filed by Decarlo McGuire.(Etter, John) (Entered: 04/09/2007) |
| 04/19/2007 | 132 | ANSWER to Amended Complaint with Jury Demand by Fleetwood Enterprises, Inc..(Hayes, Edward) (Entered: 04/19/2007) |

| | | |
|---|---|---|
| 04/19/2007 | 133 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 131 Amended Complaint by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc.. (Attachments: # 1 Proposed Order)(Barrios, Gerardo) (Entered: 04/19/2007) |
| 04/20/2007 | 134 | ORDER granting 133 Motion for Extension of Time to Answer re 131 Amended Complaint as to Morgan Buildings and Spas, Inc., Shaw Environmental, Inc.,CH2M Hill Constructors Inc., and Fluor Enterprises, Inc. answer due 5/15/2007. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 04/20/2007) |
| 04/20/2007 | 135 | ORDER and REASONS granting defendants' 114 116 118 122 Motions to Dismiss ; denying plaintiffs' 123 Motion for Extension of Deadlines. Signed by Judge Mary Ann Vial Lemmon. (ijg, ) (Entered: 04/20/2007) |
| 04/23/2007 | 136 | ANSWER to Amended Complaint *and Restated Complaint* by Gulf Stream Coach, Inc..(Scandurro, Timothy) (Entered: 04/23/2007) |
| 04/25/2007 | 137 | EXPARTE/CONSENT MOTION for Extension of Time to Answer re 131 Amended Complaint by Keta Group LLC. (Attachments: # 1 Proposed Order)(O'Brien, Thomas) (Entered: 04/25/2007) |
| 04/26/2007 | 138 | ORDER granting 137 Motion for Extension of Time to Answer as to Keta Group LLC answer due 5/15/2007. Signed by Judge Mary Ann Vial Lemmon on 4/26/07. (gec, ) (Entered: 04/26/2007) |
| 05/07/2007 | 139 | AMENDED ORDER AND REASONS: The 135 Order and Reasons issued on April 20, 2007, are amended solely to state that dft Morgan Buildings & Spas Inc joined in the motion to dismiss plas' class-action claims filed by dft Gulf Stream Coach, Inc 114. Signed by Judge Mary Ann Vial Lemmon.(ijg, ) Modified on 5/8/2007 to create relationship to record document number 114 (ijg, ). (Entered: 05/08/2007) |
| 05/15/2007 | 140 | MOTION to Dismiss Case *Rule 12(b)(6) Motion to Dismiss* by Morgan Buildings and Spas, Inc., Shaw Environmental, Inc, CH2M Hill Constructors Inc., Fluor Enterprises, Inc.. Motion Hearing set for 6/13/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Memorandum in Support # 2 Notice of Hearing) (Black, Brandon) (Entered: 05/15/2007) |
| 05/15/2007 | 141 | Joint MOTION for More Definite Statement *Re-Urged by Defendants* by Morgan Buildings and Spas, Inc.. Motion(s) referred to Karen Wells Roby. Motion Hearing set for 6/13/2007 10:00 AM before Judge Mary Ann Vial Lemmon. (Attachments: # 1 Notice of Hearing # 2 Memorandum in Support)(Lipsey, Christine) (Entered: 05/15/2007) |
| 05/15/2007 | 142 | *Affirmative Defenses and* ANSWER to Amended Complaint *and Restated Class Action Complaint* by Keta Group LLC.(O'Brien, Thomas) (Entered: 05/15/2007) |
| 05/15/2007 | 143 | EXPARTE/CONSENT MOTION for Extension of Time to Answer by Recreation By Design. (Attachments: # 1 Proposed Order)(Lormand, |

| | | Pamela) (Entered: 05/15/2007) |
|---|---|---|
| 05/16/2007 | 144 | ORDER granting 143 Motion for Extension of Time to Answer re 131 Amended Complaint as to Recreation By Design answer due 6/4/2007. Signed by Judge Mary Ann Vial Lemmon on 5/16/07. (gec, ) (Entered: 05/16/2007) |
| 05/22/2007 | 145 | ORDER TRANSFERRING CASE. Case transferred to Judge Peter Beer for all further proceedings. Judge Mary Ann Vial Lemmon no longer assigned to case. Signed by Judge Mary Ann Vial Lemmon on 5/21/2007.(ijg, ) (Entered: 05/22/2007) |
| 05/23/2007 | 146 | ORDER; Case 06-5659 is consolidated with master case 06-2576; All entries shall be made on the master docket sheet only with a notation listing the cases to which the document applies. Signed by Judge Peter Beer on 5/23/2007. (Ref: 06-2576 & 06-5659)(cak, ) (Entered: 05/24/2007) |
| 05/30/2007 | 147 | ORDER REASSIGNING CASE. Case reassigned to Judge Jay C. Zainey for all further proceedings. Judge Peter Beer no longer assigned to case. Signed by Judge Peter Beer on 5/23/2007. (ref: 06-2576 & 06-5659) (cak, ) (Entered: 05/30/2007) |
| 05/30/2007 | 148 | ORDER REASSIGNING CASE. Case reassigned to Judge Lance M Africk for all further proceedings. Judge Jay C. Zainey no longer assigned to case. Signed by Judge Jay C. Zainey.(gbw, ) (Entered: 05/30/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/31/2007 14:52:53 | | |
| **PACER Login:** | db0557 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-05659-LMA-KWR |
| **Billable Pages:** | 13 | **Cost:** | 1.04 |



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 AUG 31  PM 3: 19
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DECARLO McGUIRE, KEVIN RODNEY, DR. MARSHALL J. STEVENSON, JR. and LYNDA WARD STEVENSON, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | * CIVIL ACTION NO.<br>*<br>*<br>*<br>* SECTION<br>* |
| VERSUS | * MAGISTRATE<br>* |
| GULF STREAM COACH, INC., FAIRMONT HOMES, INC., TOM STINNET HOLIDAY RV CENTER, INC., FLEETWOOD ENTERPRISES, INC., MORGAN BUILDINGS AND SPAS, CIRCLE B ENTERPRISES, SHAW GROUP, INC., CH2M HILL CONSTRUCTORS, INC., FLUOR ENTERPRISES, INC., BECHTEL NATIONAL, INC., THOMPSON ENGINEERING, E.T.I., INC., KETA GROUP, L.L.C. AND XYZ INSURANCE COMPANIES | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

06 - 5659

SECT B MAG 4

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Gulf Stream Coach, Inc. ("Gulf Stream"), Fairmont Homes, Inc. ("Fairmont") and Fleetwood Enterprises, Inc. ("Fleetwood") (collectively, the "Removing Parties"), reserving any and all defenses and exceptions, hereby remove this action from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, as follows:

_ /Fee _350,_
_ ✓ Process_____
_ X_ Dktd _____
_ ___ CtRmDep_____
_ ___ Doc. No_____

NOTICE OF REMOVAL

EXHIBIT
7

PAGE 1 OF 8

1.

On or about August 9, 2006, Plaintiffs initiated this case on behalf of themselves and a proposed class by filing a Class Action Petition for Injunctive Relief and Damages ("Petition") against the Removing Parties and other defendants in the Civil District Court for the Parish of Orleans, State of Louisiana, Case No. 06-7054, Section "F." Civil District Court is within the Eastern District of Louisiana, so venue is proper herein.

2.

Copies of all process, pleadings and orders served upon Gulf Stream, Fairmont and Fleetwood as of August 30, 2006, are attached hereto as Exhibits "A, "B," and "C," respectively.

3.

This Notice of Removal is timely under 28 U.S.C. sections 1446(b) and 1453(b). This Notice of Removal has been filed in this Court within thirty days of the date on which Gulf Stream, the first-served defendant, was served with the Citation and Petition via the Louisiana Long-Arm Statute on August 14, 2006.

4.

This Court has jurisdiction of this case under 28 U.S.C. Section 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"). CAFA's intent "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications" (S. Rep. 109-14, at 35) and "its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant" (S. Rep. 109-14, p. 43), considering that such class actions usually have "significant implications for interstate commerce and national policy" (S.

Rep. 109-14, p. 27).   Removal to this Court and jurisdiction in this Court are proper because:

a.    The Removing Parties show that all plaintiffs and proposed class members are citizens of Louisiana, as set forth in the Petition.   The Removing Parties show that several defendants, including each of the Removing Parties, are citizens of states other than Louisiana, incorporated in states other than Louisiana, with their principal places of business in states other than Louisiana.   For example, Gulf Stream is an Indiana corporation with its principal place of business in Indiana.   Accordingly, there is diversity under CAFA.

b.    The Petition states that "the number of class members is unknown at this time, but is believed to number in excess of 20,000 persons. . . ."   The number of persons included in the putative class easily exceeds 100.

c.    As defined by CAFA, the amount in controversy exceeds the sum of $5,000,000 (five million dollars), exclusive of interest and costs, based on the Petition's allegations of the size of the proposed class, and the fact that its members seek, among significant other relief, replacement travel trailers, medical monitoring, various forms of injunctive relief, and attorneys fees and litigation costs.   With 20,000 proposed class members (and recent published reports of FEMA data indicating over 60,000 occupied FEMA trailers in the New Orleans metropolitan area alone), and with the cost of a replacement travel trailer exceeding $250, the request for new travel trailers alone exceeds $5,000,000 in the aggregate, and the

addition of the other requested relief further increases the amount in controversy.

d.   The same or similar factual allegations as those made by plaintiffs and proposed class members herein have already been asserted by a proposed class against certain Defendants herein, including Gulf Stream and Fleetwood, in <u>Hillard et al. v. United States of America et al.</u>, No. 06-2576, Section S on the docket of this Court, filed on May 18, 2006, asserting CAFA and federal question jurisdiction.  The proposed class in this matter consists of "all similarly situated persons within the State of Louisiana who are or have resided in FEMA travel trailers, between August 29, 2005 and the present" (Petition, paragraph 1) and "all Louisiana residents who were displaced from their homes due to Hurricane Katrina and Hurricane Rita and after living in shelters and other temporary housing for weeks to months, plaintiffs and class members were moved into FEMA trailers" (Petition, paragraph 33).  The proposed federal class in <u>Hillard</u> consists of "those persons residing in the states of: Alabama, Louisiana, Mississippi and Texas who reside in FEMA Housing provided by the federal government, pursuant to the Stafford Act, after the landfalls of Hurricanes Katrina and Rita."  <i>See</i> Second Supplemental and Amending Complaint, paragraph 22 (Rec. Doc. 7) in <u>Hillard,</u> No. 06-2576 (E.D.La.).  Thus, the putative class members in this matter are already members of the putative class in the earlier-filed <u>Hillard</u> class action, now pending before this Court.  Accordingly, CAFA's exceptions to federal

jurisdiction under 28 U.S.C. §1332 (d)(4)(A) and 28 U.S.C. §1332 (d)(3) cannot apply.

e.   None of the other jurisdictional exceptions to CAFA apply to this case because the allegations of the Petition do not disclose that the conduct of any in-state defendant forms a "significant basis for the claims asserted" or that "significant relief" is being sought from such in-state defendants. Further, the allegations of the Petition disclose that several non-Louisiana defendants, including Gulf Stream, Fairmont and Fleetwood, are alleged to be primary defendants to plaintiffs' claims, with alleged direct liability and alleged substantial exposure of liability to the proposed class.

5.

Distinct from jurisdiction and removal pursuant to CAFA, 28 U.S.C. §§1332 and 1453, the Removing Parties alternatively show that removal is proper under 28 U.S.C. §1441, and this Court also has alternative bases for jurisdiction in this matter, as follows:

a.   Removal is proper under 28 U.S.C. §1442 and this Court has jurisdiction because certain of the Removing Defendants, including Gulf Stream, acted as federal contractors in providing the FEMA trailers, because the federal government purchased the FEMA trailers directly from such defendant(s), and the type of construction, cost and use of the FEMA trailers was determined by the federal government; federal question jurisdiction exists under 28 U.S.C. §1331 for claims arising from such defendant(s) acting according to the instructions and direction of the federal government;

b.   Such defendant(s), at all times pertinent, acted under contracts with the

United States government (through FEMA) and in strict accordance with the requirements of those contracts and other regulations promulgated by the United States Government.  The claims in the Petition arise from alleged acts that were performed under the direct supervision and monitoring of representatives of the United States government;

c.  Further, this case will necessarily require judicial second-guessing of the governmental decision-making processes surrounding the provision of FEMA trailers which, under the Constitutional doctrine of separation of powers, is an area uniquely committed to the executive branch;

d.  Accordingly, the Removing Parties qualify as  persons "acting under any officer of the United States or any agency thereof" pursuant to 29 U.S.C. 1442(a)(1) and the State Case is therefore removable to this Court because (i) the Removing Parties can raise, as a federal defense, immunity under the federal government contractor defense and (ii) because the Removing Parties can demonstrate a causal nexus between the injuries claimed by plaintiff and the acts performed under the strict supervision of and compliance with the requirements of the United States government; and

e.  Supplemental jurisdiction exists over all other claims and parties because all such other claims are closely related to the federal claims as provided by 28 U.S.C. §1367 and/or 28 U.S.C. §1441(c).

6.

Written notice has been properly mailed this date to Plaintiffs' attorneys of record.

7.

A copy of this Notice of Removal is being filed with the clerk of court in the record of Case No. 06-7054 in the Civil District Court for the Parish of Orleans, State of Louisiana.

8.

This Notice of Removal is filed subject to and without waiver of any defenses or objections to the Petition that the Removing Parties and other defendants may have.

9.

Although any defendant can remove a matter to federal court under CAFA without the consent of any other parties, the Removing Parties show that all defendants properly joined and served have been contacted and all of them consent to and join in the removal of this matter.

**WHEREFORE,** Gulf Stream Coach, Inc., Fairmont Homes, Inc. and Fleetwood Enterprises, Inc., with the consent and joinder of all properly joined and served Defendants, pray that this Notice of Removal be deemed sufficient and that this matter be removed to this Court.

Respectfully submitted,

**Scandurro & Layrisson, L.L.C.**
Timothy D. Scandurro, Bar No. 18424, T.A.
Dewey M. Scandurro, Bar No. 23291
607 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 522-7100
Facsimile: (504) 529-6199
*Attorneys for Gulf Stream Coach, Inc. and
Fairmont Homes, Inc.*

BY: _____
TIMOTHY D. SCANDURRO

**Duplass, Zwain, Bourgeois,**
**Morton, Pfister & Weinstock**
Andrew D. Weinstock, Bar No. 18495
Joseph Glass, Bar No. 25397
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana  70002
*Attorneys for Gulf Stream Coach, Inc. and*
*Fairmont Homes, Inc.*

**Saporito Law Firm**
Jerry L. Saporito, Bar No. 11717, T.A.
Edward T. Hayes, Bar No. 25700
639 Loyola Avenue, Suite 2100
New Orleans, Louisiana  70113
Telephone:  (504) 529-5070
Facsimile:  (504) 529-5434
*Attorneys for Fleetwood Enterprises*

BY:  _____
     JERRY L. SAPORITO

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served on all known counsel of record via facsimile, hand delivery or United States Postal Service, first class mail, properly addressed and postage prepaid this 31st day of August, 2006.

_____
TIMOTHY D. SCANDURRO

X:\Docs\4206.04 (adv. McGUIRE, ET AL)\PLDGS - EDLs\NOTICE OF REMOVAL2.doc

# RODNEY & ETTER, LLC

TRIAL PRACTICE & INTELLECTUAL PROPERTY

August 9, 2006

**VIA LONG -ARM SERVICE**

Gulf Stream Coach
P.O. Box 1005
Napanee, Indiana 46559

      Re: McGuire v. Gulf Stream Coach, Inc.
         Civil District Court Matter: 2006-07054, Division F, Section 10
         Parish of Orleans, State of Louisiana
         Our File No.: 960-538

Gulf Stream Coach:

      **PLEASE BE ADVISED THAT YOU HAVE BEEN SUED.**  Please find enclosed a
copy of the Citation, Petition for Injunctive Relief and Petition for Damages.

      Under the Long-Arm Statute you have thirty (30) days to answer.  Please conduct yourself
accordingly.

                        Very truly yours,

                        Yvette P. Cravins.

Enclosures





1232 CAMELLIA BOULEVARD, SUITE "C" • LAFAYETTE, LA 70508
TEL: (337) 981-5293 • FAX: (337) 988-6918 • www.rodneylaw.com

ATTORNEY'S NAME:  Etter, John   25042
AND ADDRESS:      Texaco Ctr Ste 2450,  400 Poydras St
                  New Orleans    LA 70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:     2006 - 07054      13                          SECTION: 10   -- F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

# CITATION

TO:   GULF STREAM COACH ETAL
THROUGH: VIA LONG ARM SERVICE
      P.O. BOX 1005

      NAPPANEE                 IN    46550

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR INJUCTION RELIEF & DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.                          *Thirty (30)*

```
********************************************************************
*                    ADDITIONAL INFORMATION                       *
*    Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer *
* Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association. *
* If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you *
* may call 529 - 1000 for more information.                       *
*    COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE       *
********************************************************************
```

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      August 7, 2006 .

Clerk's Office,  Room 402, Civil Courts Building,          DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                         State of LA
                                                         by_____
                                                                Deputy Clerk

---

SHERIFF'S  RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On GULF STREAM COACH ETAL | On GULF STREAM COACH ETAL |
| _____ in person through | _____ through |
| VIA LONG ARM SERVICE | VIA LONG ARM SERVICE |
| | by leaving same at the dwellinghouse, |
| Returned  same  day | or usual place of abode, |
| _____ No._____ | in the hands of _____ |
| Deputy Sheriff of _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by |
| Mileage: $_____ | interrogating  HIM  /  HER the said _____ |
| | GULF STREAM COACH ETAL |
| _____ / ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER              RETURN | Returned  same  day |
| _____ /_____ /_____ | _____ No._____ |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

ATTORNEY'S NAME:  Etter, John   25042
AND ADDRESS:  Texaco Ctr Ste 2450,  400 Poydras St
New Orleans   LA 70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2006 - 07054      13      SECTION: 10   – F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

## C I T A T I O N

TO:   GULF STREAM COACH ETAL
THROUGH: VIA LONG ARM SERVICE
P.O. BOX 1005

NAPPANEE      IN    46550

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR INJUCTION RELIEF & DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.                                     *Thirty (30)*

**ADDITIONAL INFORMATION**

   Legal assistance is advisable.  If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.

   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      August 7, 2006      .

Clerk's Office, Room 402, Civil Courts Building,                    DALE N. ATKINS, Clerk of
421 Loyola Avenue                                                  The Civil District Court
New Orleans, LA                                                    for the Parish of Orleans
                                                                  State of LA
                                                                  by

                                                                  Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On GULF STREAM COACH ETAL | On GULF STREAM COACH ETAL |
| _____ in person through | _____ through |
| VIA LONG ARM SERVICE | VIA LONG ARM SERVICE |
| | by leaving same at the dwellinghouse, |
| Returned same day | or usual place of abode, |
| _____ No. _____ | _____ |
| | in the hands of _____ |
| Deputy Sheriff of _____ | a person of suitable age and discretion residing therein as |
| | a member of the domiciliary establishment, whose name |
| | and other facts connected with this service I learned by |
| Mileage: $_____ | interrogating  HIM / HER the said _____ |
| | GULF STREAM COACH ETAL |
| _____ / ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER              RETURN | Returned same day |
| | _____ No. _____ |
| ____/_____/_____ | |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

HURRICANE LITIGATION FILED

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA 2006 AUG -4 P 4: 03

NO.: 06-7054   DIVISION: F   SECTION: CIVIL 10 DOCKET NO.:
DISTRICT COURT

**DECARLO MCGUIRE, KEVIN RODNEY, DR. MARSHALL J. STEVENSON,
JR., and LYNDA WARD STEVENSON, Individually and on behalf of
others similarly situated**

**VERSUS**

**GULF STREAM COACH, FAIRMONT HOMES, TOM STINNET HOLIDAY RV,
FLEETWOOD ENTERPRISES, MORGAN BUILDINGS AND SPAS, CIRCLE B
ENTERPRISES, SHAW GROUP, CH2M HILL CONSTRUCTORS, FLUOR
ENTERPRISES, BECHTEL NATIONAL, THOMPSON ENGINEERING, E.T.I.
INC., AND KETA GROUP, LLC and XYZ INSURANCE COMPANIES**

FILED:_____

_____
**DEPUTY CLERK**

## CLASS ACTION PETITION FOR INJUNCTIVE RELIEF
## AND DAMAGES

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Decarlo McGuire,

Kevin Rodney, Dr. Marshall J. Stevenson and Lynda Ward Stevenson, individually and on behalf

of a class of similarly situated persons, and aver as follows on information and belief:

### Preliminary Statement

1.

The plaintiffs and class members were displaced and had their homes rendered uninhabitable

by Hurricanes Katrina and Rita in August and September, 2005, and by the resulting winds, storm

surges, and flooding. After enduring weeks to months of living in shelters and other short-term

temporary housing, plaintiffs and class members were moved into "FEMA"[1] trailers manufactured,

inspected, delivered, and/or provided by the defendants.  Due to the fault of the defendants, the

FEMA trailers contain hazardous levels of formaldehyde, a known carcinogen and toxic chemical.

Despite federal regulation of formaldehyde levels in manufactured housing, many lawsuits, and prior

reports of hazardous levels of formaldehyde in FEMA trailers and manufactured homes, Defendants

_____

[1]      The Federal Emergency Management Agency ("FEMA"), an agency of the United
States Department of Homeland Security.

failed to inspect the travel trailers, failed to warn plaintiffs of the dangers of formaldehyde, failed to design the travel trailers to have adequate ventilation, and failed to construct the FEMA trailers with materials that would not emit hazardous levels of formaldehyde. Defendants have failed to take action to address the health risks to plaintiffs and class members, despite testing and media reports over the past two months demonstrating that the FEMA trailers are hazardous.

Plaintiffs seek to represent a class of all similarly situated persons within the State of Louisiana who are or have resided in FEMA travel trailers, between August 29, 2005 and the present. The exposure to formaldehyde for all class members constitutes a manifest injury requiring medical monitoring to thwart development of disease.

Plaintiffs and class members seek this Court's intervention to require defendants to: (1) test all FEMA trailers for formaldehyde; (2) provide warnings to all persons living in FEMA trailers of the dangers of formaldehyde and any steps they can take to protect themselves from this hazardous chemical; (3) take corrective action to assure that formaldehyde levels in all FEMA trailers will not exceed health standards, including but not limited to adding further ventilation, removing formaldehyde containing materials, and other measures as necessary; (4) establish a medical monitoring program, so that all FEMA trailer residents can be tested and treated for formaldehyde exposure and medical conditions caused by formaldehyde exposure; and (5) compensate plaintiffs and class members for their emotional distress, fear of cancer and fear of future illnesses. Plaintiffs ask this Court to reserve class members' right to assert any claims for damages due to bodily injury caused by formaldehyde exposure for future litigation.[2]

## PLAINTIFFS:

2.

Decarlo McGuire, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing at the FEMA Trailer Site in Baker, Parish of East Baton Rouge, Louisiana.

3.

After being displaced by Hurricane Katrina, Ms. McGuire, lived at the Compassion Center in Wichita Falls, Texas, for several months. Ms. McGuire and her son, were moved into a FEMA

---

[2]   *See Scott v. American Tobacco Co.*, 725 So.2d 10, 18 - 19 (La. App. 4th Cir. 1998).

Trailer at the Baker trailer site on or about May 10, 2006. Ms. McGuire was not provided any warnings regarding formaldehyde, nor any information regarding adverse health effects, or actions to reduce the risk of exposure, at the time she moved into the FEMA Trailer.

4.

After living in the FEMA trailer for about two weeks, Ms. McGuire began experiencing watering eyes, red eyes, runny nose, itching skin, trouble breathing, aggravation of her asthma, fatigue, and rashes on her skin. Ms. McGuire smelled odors in the FEMA trailer and sought medical attention.  Her physician diagnosed Ms. McGuire as suffering from formaldehyde exposure and prescribed several medications to her. After complaining to the trailer park manager, Ms. McGuire was moved from one trailer to another within the same site.

5.

Ambient air sampling and testing performed in both Ms. McGuire's original trailer and the second trailer on June 7, 2006, found formaldehyde levels that exceed the Occupational Safety and Health Administration ("OSHA"), National Institute for Occupational Safety and Health (NIOSH") and Department of Housing and Urban Development ("HUD") standards.

6.

Ms. McGuire fears for her own health and her son's health, and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.

7.

Kevin Rodney, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing in a FEMA Trailer in Orleans Parish, Louisiana.

8.

Mr. Rodney has experienced various symptoms including fatigue, burning eyes, runny nose, difficulty breathing, burning throat, congestion, and headache.

9.

Mr. Rodney fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

10.

Dr. Marshall J. Stevenson, Jr., a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of his home in Slidell,

Parish of St. Tammany, Louisiana.

11.

Dr. Stevenson was provided a FEMA trailer on his property site in an effort to provide shelter while this home was under construction.

12.

Dr. Stevenson has suffered from burning eyes, runny nose, burning throat, sore throat, and difficulty in breathing.  He further noticed a distinct odor in his trailer home, especially after the trailer was closed for any length of time.  Dr. Stevenson was forced to throw away items contained in the trailer because of the odor.

13.

Dr. Stevenson fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

14.

Lynda Ward Stevenson, a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of her home in Slidell, Parish of St. Tammany, Louisiana.

15.

Lynda Ward Stevenson has suffered from burning eyes, upper respiratory ailments, sore throats, congestion, difficulty breathing, heart palpations, headaches, and runny nose.

16.

Ms. Stevenson fears for her safety and health and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.


**DEFENDANTS**

Made Defendants are:

**FEMA TRAILER MANUFACTURERS:**

17.

Gulf Stream Coach, Inc., an Indiana corporation with its principal office in Napanee, Indiana, which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

18.

Fairmont Homes, Inc., an Indiana corporation with its principal office in Napanee, Indiana, and parent company of Gulf Stream Coach, Inc., which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

19.

Tom Stinnett Holiday RV Center, Inc., an Indiana corporation with its principal office in Clarksville, Indiana, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

20.

Fleetwood Enterprises, Inc., a Delaware corporation with its principal office in Riverside, California, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

21.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

22.

Circle B Enterprises, a Georgia corporation, with its principle office in Ocilla, Georgia, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

**FEMA TRAILER DELIVERY CONTRACTORS:**

23.

Shaw Group, Inc., a Louisiana corporation, domiciled in East Baton Rouge Parish, Louisiana, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

24.

CH2M Hill Constructors, Inc., a Delaware corporation, with its principal office in Englewood, Colorado, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to

locations within Louisiana.

25.

Fluor Enterprises, Inc., a California corporation, with its principal office in Irving, Texas, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

26.

Bechtel National, Inc. a Nevada corporation, with its principal office in San Francisco California, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

27.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

28.

Thompson Engineering, an Alabama corporation, with its principal office in Mobile, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections for temporary housing trailers delivered to locations within Louisiana.

29.

E.T.I. Inc., an Oklahoma corporation, with its principal office in Muskogee, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections to temporary housing trailers delivered to locations within Louisiana.

**FEMA SITE PROPERTY MANAGERS**

30.

Keta Group, LLC, a Louisiana corporation, with its principle office in Charenton, Louisiana, which provided property management to the Baker, Louisiana site and failed to inform, protect, and warn the residents about formaldehyde exposure and poisoning.

**DEFENDANTS' INSURERS:**

31.

Also made defendants are the presently unknown insurers of the above-listed defendants, herein collectively referred to as **XYZ INSURANCE COMPANIES**. On information and belief, XYZ INSURANCE COMPANIES issued policies of liability or other insurance to defendants which provide coverage for the acts, omissions and/or occurrences alleged herein. Plaintiffs reserve the right to identify and substitute particular insurers, once those insurers are identified.

**FACTS COMMON TO ALL CLASS MEMBERS:**

32.

The named plaintiffs are all domiciled in the State of Louisiana.

33.

The named plaintiffs seek to maintain this action as a class action pursuant to Louisiana law on behalf of all Louisiana residents who were displaced from their homes due to Hurricane Katrina and Hurricane Rita and after living in shelters and other temporary housing for weeks to months, plaintiffs and class members were moved into FEMA trailers. Many class members had no option, but to move into a FEMA trailer, because their homes were uninhabitable, and FEMA discontinued paying for hotel or other accommodations.

34.

The trailers were found to have excessive levels of formaldehyde and residents of the trailers have been exposed to fumes at all times they remain in the trailers.

35.

Formaldehyde is a volatile organic compound. Formaldehyde compounds vaporize, that is become a gas, at normal room temperatures. Formaldehyde can off-gas from material made with it.

36.

Formaldehyde is a colorless, strong smelling gas. When present in the air at level above 0.1ppm (parts in a million parts of air), it can cause watery eyes, burning sensations in the eyes, nose and throat, nausea, coughing, chest tightness, wheezing, skin rashes, and allergic reactions.

37.

Formaldehyde has been known to be hazardous, toxic and carcinogenic for many years, and

has long been used as embalming fluid. Per the American Cancer Institute, formaldehyde has been classified as a human carcinogen. Yet, formaldehyde continues to be used in plywood, press board and other composite wood products. Formaldehyde containing foams were banned as home insulation in 1982.

38.

The Defendants are or were manufacturers, sellers, suppliers, deliverers and managers of FEMA trailer sites and FEMA trailers at the relevant times

39.

The Robert T. Stafford Disaster Relief and Emergency Assistance Act ("The Stafford Act") authorized FEMA to purchase or lease temporary housing units. A temporary housing unit is defined as a travel trailer, park model, or manufactured home- all of which vary in size and appearance, but provide basic shelter.

40.

Through industry and medical studies, unknown to the class, the Defendants knew or should have known of the health hazards inherent in the products they were making, selling, distributing, using, and/or managing. The Defendants ignored or deliberately and fraudulently concealed that information, or condoned the concealment, and/or conspired with, advised, encouraged, or aided others and/or each other to do so, in order to sell their products and/or avoid the costs of safety precautions, and/or avoid litigation by people injured by formaldehyde fumes. The actions or inactions constitute gross negligence and demonstrate a reckless disregard for the rights and safety of others. The Defendants committed numerous tortious acts that included fraudulently and negligently misrepresenting, concealing, suppressing, and omitting material information about the health effects of formaldehyde fumes and necessary precautionary measures.

41.

ATSDR, OSHA and NIOSH have set limits on formaldehyde exposure for adults in the work place, based on forty-hour work weeks. OSHA, in 1987, reduced the amount of formaldehyde to which workers can be exposed over an eight (8) hour work period, from 3ppm to 1ppm. In May 1992, the formaldehyde exposure limit was further reduced to 0.75ppm.

42.

Taking notice of formaldehyde's harmful effects, Congress and the Department of Housing

and Urban Development ("HUD") imposed limits on indoor formaldehyde levels and on the use of formaldehyde-containing building materials in manufactured homes in 1984, in recognition of the hazards of formaldehyde, especially in trailers with inadequate ventilation. *See* 24 C.F.R. §1910.1048(c)(1). By regulation, plywood "shall not emit formaldehyde in excess of 0.2 per million. Similarly, particle board, by regulation, " shall not emit formaldehyde in excess of 0.3 ppm..." *See* C.F.R.§ 3280.308. However, those statutes and regulations only mandate limiting formaldehyde for trailers of 320 square feet or larger (8 feet wide by 40 feet long).

43.

OSHA also requires medical monitoring for all employees exposed to a time-weighted-average concentration of formaldehyde of 0.1 ppm or more.

44.

While people may not usually reside in trailers smaller than 320 square feet for extended periods, plaintiffs and class members, unfortunately, have lived in the trailers for nearly a year and expect to live in the FEMA trailers for several more months, if not longer.

45.

The risks and presence of formaldehyde in FEMA trailers have been known for many years. Defendants' should have been aware of the risks or done something to mitigate the risks after learning of the residents' complaints.

46.

Recent testing in Biloxi, Mississippi, identified 30 out of 32 FEMA trailers as having excessive formaldehyde levels.

47

Despite the long knowledge, concerns and regulation of the dangers of formaldehyde in trailers, Defendants supplied formaldehyde containing materials, manufactured defective trailers, inspected, and delivered those trailers to Louisiana residents, who are now in peril.

**Class Action Allegations:**

48.

Common questions of law and fact exist in this action that affect the rights of each member of the class. This action is being brought under the laws of the State of Louisiana only. Common

issues include the actions or inactions of the defendants, the unreasonably dangerous and hazardous nature of formaldehyde fumes, and medical monitoring.

49.

The exact number of class members is unknown at this time, but is believed to number in excess of 20,000 persons, and is so numerous that joinder of individual members is impracticable. However, the class can be defined objectively in terms of ascertainable criteria and data readily available from objective sources, including FEMA records.

50.

The claims of the named Plaintiffs are typical of the claims of the entire class, inasmuch as the named Plaintiffs are members of the class and all relief will inure to the benefit of the class. The named Plaintiffs and other members of the class were exposed to formaldehyde fumes in the same manner and by the same means. The rights of each member of the class are the same, as is the duty by the Defendants to each member of the class.

51.

The named Plaintiffs are representative members for the class, and are able and willing to fairly and adequately protect the interest of the class. The attorneys for the named Plaintiffs are experienced and capable in litigation involving class actions and experienced in handling complex legal issues such as those presented in this class action petition.

52.

Class adjudication is appropriate for all members who were exposed to formaldehyde fumes since being placed in a FEMA trailer since September 2005, under Louisiana civil Code article 2315, for the reasonable costs of medical monitoring under a court supervised medical monitoring fund. This action may be properly maintained as a class action for all necessary and appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole:

a.   Members have significant exposure to a proven hazardous substance;

b.   As a result of this exposure, members suffer a significantly increased risk of contracting a serious latent disease;

c.   Members' risk of contracting a serious latent disease is greater than (1) the risk of contracting the same disease had they not been exposed and (2) the chances of members of the general non-exposed public of developing a disease;

d.   A monitoring procedure exists that can make the early detection of the disease possible;

e.   The monitoring procedures are prescribed by medical professionals and such monitoring is reasonably necessary for early detection and treatment;

f.   The increased risk of disease from exposure warrants medical monitoring beyond that which a individual would normally pursue;

g.   Medical benefits are gained through early detection of disease; and

h.   But for the Defendants' action or inaction, the members would not have incurred the additional costs of medical monitoring and treatment resulting from exposure.

53.

Excluded from the class are the Defendants, any subsidiary, affiliate, or division of the Defendants, and the Defendant's directors, incorporators, and executive officers. Also, the named plaintiffs do not seek or make any demand for individual personal injuries, individually, or on behalf of the class, except for damages derivative of the economic loss sustained by the members, including but not limited to the aggravation, mental anguish, emotional distress, fear of possible exposure to known toxins.

## CAUSES OF ACTION:

## NEGLIGENCE:

54.

Defendants have violated their duty under Louisiana law to provide safe, sanitary, and habitable housing go plaintiffs and class members.

55.

The defendants breached duties which they owed to the named Plaintiffs and members of the class to exercise the proper care in manufacturing, selling, delivering, maintaining and managing their product and equipment. The breached duties include, without limitation, the following duties:

a.   to design their respective products to contain available and suitable products other than formaldehyde;

b.   to sell formaldehyde-free products;

c.   to select material other than formaldehyde for inclusion into their products;

d.   to fully test their respective products for health risks that may evolve from the normal use and intended use;

e.   to fully instruct and warn users and guests such as the named Plaintiffs and members of the class in the uses of their respective products so as to eliminate or reduce the health hazards evolving from their normal use and intended use;

f.   to fully warn foreseeable users and guests such as the named Plaintiffs and members of the class as additional medical knowledge became or becomes available concerning the health hazards associated with their products;

g.   to recall or cease from distributing their products upon discovering, or at the time they should have discovered, the health hazards associated with the products;

h.   to inspect fully and adequately the design, selection, testing, instruction , and warnings that should have accompanied the sale of each product;

L.   To refrain from negligently misrepresenting the safety and suitability of their products;

j.   to inquire about or investigate any allegations of health problems related to their products or products within their custody;

k.   to research, study, and be aware of medical and scientific studies relative to health concerns and formaldehyde exposure.

56.

As a direct and proximate result of the Defendants' negligent breaches of their duties to the named Plaintiffs and members of the class are entitled to medical monitoring. The scope of the duties breached by the Defendants encompasses the risk of the injuries sustained by the Plaintiffs and members of the class, the duties breached were intended to protect the named Plaintiffs and members of the class from exposure to formaldehyde, and the named Defendants' breaches of their duties constituted the direct and legal cause of damage to the named Plaintiffs and members of the class. The defendants are jointly and solidarily liable for the costs of medical monitoring.

**LOUISIANA PRODUCTS LIABILITY:**

57.

The FEMA trailers constitute products under the Louisiana Products Liability Act.

58.

The exposure to formaldehyde fumes from the Defendants' products and equipment resulted from the normal, foreseeable, and intended use of the products and equipment, without substantial alteration in the condition in which the Defendants sold these products and equipment.

59.

The design of the FEMA trailers, using plywood, press board or other composite wood products that contain formaldehyde is defective and poses an unreasonable risk of harm to the Plaintiffs and all class members.

60.

Alternatively, the use of plywood, press board or other composite wood products that contain formaldehyde constitutes a defect in composition or manufacture, that poses an unreasonable risk of harm to the Plaintiffs and class members.

61.

The Defendants' products, equipment and supplies were in a defective condition, and were unreasonably dangerous under normal use at the time the products and equipment left the respective Defendants control. The named Plaintiffs and members of the class were intended and foreseeable users of the alleged defective products, and damages and loses to the named Plaintiffs and members could reasonably have been anticipated by the Defendants. The defects in the Defendants' products and equipment include, but are not limited to, the following:

    a.    inherent (and known to the Defendants) characteristics that gave the products such a potential for causing health problems as to render the products unreasonably dangerous per se;

    b.    lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion for which they were anticipated or should have been anticipated being used;

    c.    Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

    d.    lack of sufficient inspections by the Defendants of their products to ensure that such products contained sufficient warnings of the dangerous properties of the products;

    e.    lack of reasonable inspections by the Defendants of their products to ensure that such

products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

f.      lack of test or lack of sufficient tests to determine the effects of formaldehyde fumes on intended users or guests; and

g.      defective designs calling for the inclusion of products which did not include formaldehyde, when equally suitable substances were available.

62.

The Defendants sold their products and equipment with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

63.

The trailer delivery contractors are also liable pursuant to the Louisiana Products Liability Act as distributors of the defective trailers.

64.

Even after numerous complaints, the trailer site management has failed to warn residents of the potential for  formaldehyde poisoning and merely shuffles them to other trailers on the site without remediation.

## STRICT LIABILITY

65.

The Defendants are liable to the named Plaintiffs and the members of the class under Louisiana law, including but not limited to Civil Code articles 2317, 2317.1 and 2320.  Defendants are the custodians of the trailers and  are answerable for acts and/or omissions of others for which they are responsible under Louisiana law.  Specifically, Defendants breached its duty to provide habitable and safe dwellings that are free from unreasonably dangerous conditions, vices and defects, pursuant to Civil Code article 2317 and 2317.1. Further, Defendants are answerable for the offenses and quasi-offense committed by theirs servants under Civil Code article 2320.

## INTENTIONAL TORTS

66.

The Defendants, individually, as members of a concerted action, and as agents of one another,

misrepresented the hazards of formaldehyde and their products.  The Defendants intended through the acts described herein and through other acts taken to:

    a.    to maintain a favorable atmosphere for the continued sale, distribution, and use of formaldehyde-containing products.

    b.    to assist in the continued gaining of governmental contracts through the sale of formaldehyde-containing products;

    c.    to mislead the general public, the named Plaintiffs, and members of the class about the hazards associated with formaldehyde and their products;

    d.    to induce the named Plaintiffs, and members of the class to use and continue to use their products

    e.    conceal complaints and conditions including residents' complaints regarding formaldehyde poisoning symptoms.

67.

As a direct and proximate result of Defendants' misrepresentations, as described herein, formaldehyde-containing products were used by the named Plaintiffs and the members of the class and formaldehyde fumes have been inhaled, resulting in damages.

68.

At all relevant times, the Defendants, with knowledge of the health hazards of formaldehyde fumes, committed the following tortious acts:

    a.    fraudulently conceal, misrepresent, and suppress scientific material and medical information about the toxic effects of formaldehyde fumes;

    b.    deliberately failed to warn persons in proximity of formaldehyde fumes of the known health hazards of formaldehyde fumes;

    c.    deliberately breached their duty to instruct about proper ventilation, safety equipment, or other precautionary measures which would protect against the health hazards from formaldehyde exposure;

    d.    deliberately breached their duty to investigate the health hazards of formaldehyde exposure;

    e.    selling formaldehyde emitting products in a defective condition and manner without the necessary warnings of the catastrophic health hazards or instructions concerning

precautionary measures.

69.

Upon information and belief, the Defendants committed numerous other overt and tortious acts, which are unknown to the named Plaintiffs and members of the class at this time, in furtherance of the conspiracy .

70.

The named Plaintiffs requests a trial by jury.

**PRAYER**

71.

WHEREFORE, the Named plaintiffs pray that the Defendants be duly served with a copy of this petition for class action and a copy of the citation, and after all legal delays have passed, that judgment be entered in favor of the named Plaintiffs for the following relief:

1.   That this Honorable Court certify this action as a class action under Louisiana law pursuant to Louisiana Code of Civil Procedure 591 (B)(2);

2.   For judgment in favor of the named Plaintiffs and members of the class against the Defendants;

3.   For an order finding all of the Defendants jointly and solidarity liable to the named Plaintiffs and member of the class;

4.   For an injunction prohibiting the Defendants from committing further breaches of their duties owed to the named Plaintiffs and members of the class;

5.   For an injunction prohibiting the further transportation of FEMA trailers into Louisiana until warnings and devices to minimize the formaldehyde exposure are instituted;

6.   For an injunction order directing that the Defendants establish and pay for a court supervised medical monitoring fund for the named Plaintiffs and the members of the class;

7.   For an immediate order enjoining the defendants from producing or distributing any additional travel trailers to the State of Louisiana which may contain excessive levels of formaldehyde;

8. For an order requiring the Defendants to mitigate further damages by providing at no cost to the named Plaintiffs or the class members, including but not limited to providing replacement trailers without hazardous levels of formaldehyde, removing any and all formaldehyde containing materials from existing trailers, modifying the trailers to provide adequate ventilation, repair and testing of trailers for excessive levels of formaldehyde, and other measures to assure that class members are not exposed to formaldehyde;

9. For an award of reasonable attorneys fees and costs, including expert fees and expenses; and

10. For such other general and equitable relief as this Court deems just and appropriate under Louisiana law.

Respectfully submitted,

Roy. J. Rodney, Jr.(# 2079)
John K. Etter (# 25042)
Yvette P. Cravins (# 24865)

RODNEY & ETTER
1232 Camellia Boulevard, Suite C
Lafayette, LA 70508
Telephone:(337) 981-5293
Fax: (337) 988-6918

*Attorneys for Plaintiffs*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**PLEASE ISSUE CITATION AND SERVE:**

GULF STREAM, INC.
Via Long Arm Service
P.O. BOX 1005
NAPPANEE, IN 46550


FAIRMONT HOMES, INC.
Via Long Arm Service
BOX 27
NAPPANNEE, IN 46550

TOM STINETT HOLIDAY RV CENTER, INC.
Via Long Arm Service
520 MARRIOTT DRIVE
CLARKSVILLE, IN 47129

FLEETWOOD ENTERPRISES, INC.
Via Long Arm Service
Through its registered agent
THE CORPORATION TRUST COMPANY
THE CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

MORGAN BUILDINGS AND SPAS, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY
OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511

CIRCLE B ENTERPRISES, INC.
Via Long Arm Service
305 E. 3RD STREET
OCILLA, GA 31774-1852

CH2M HILL CONSTRUCTORS, INC.
Through its registered agent
NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DRIVE, SUITE 101
DOVER, DE 19904

FLUOR ENTERPRISES, INC.
Via Long Arm Service
6700 LAS COLINAS BLVD.
IRVING, TX 75039

BECHTEL NATIONAL, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511

THOMPSON ENGINEERING, INC.
Via Long Arm Service
P.O. BOX 2264
MOBILE AL 36609-6507

E.T.I., INC.
Via Long Arm Service
Through its registered agent
ALBERT R. MATTHEWS
444 COURT STREET
MUSKOGEE, OK 74401

KETA GROUP, LLC
Through is registered agent
DAVID CASSIDY
ONE AMERICAN PLACE, 23 FLOOR
BATON ROUGE, LA 70825

SHAW GROUP, INC.
Through its registered agent
CT CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

## PLEASE WITHHOLD SERVICE UPON:

XYZ INSURANCE COMPANIES

HURRICANE LITIGATION

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2006 AUG -4 ₱ 4: 13

HURRICANE LITIGATION

CIVIL
DISTRICT COURT

NO. _06-7054_                          DIVISION _F_

_DeCarlo McGuire_

VERSUS

_Gulf Stream Coach_

ORDER

THIS MATTER will come before the Court for case management conference on the _14th_ day of _September_, 20_06_ at _12:30_ o'clock _A_. m., before Division _F_

NEW ORLEANS, LOUISIANA, this _4th_ day of _August_, 20_06_

_____
JUDGE

PLEASE SERVE WITH PETITION:

APPROVED BY
DIVISION "F"

# RODNEY & ETTER, LLC

TRIAL PRACTICE & INTELLECTUAL PROPERTY

August 9, 2006

## VIA LONG -ARM SERVICE

Fairmont Homes
Box 27
Nappannee, Indiana  46550

Re: McGuire v. Gulf Stream Coach, Inc.
Civil District Court Matter: 2006-07054, Division F, Section 10
Parish of Orleans, State of Louisiana
Our File No.: 960-538

Fairmont Homes:

**PLEASE BE ADVISED THAT YOU HAVE BEEN SUED.**  Please find enclosed a copy of the Citation, Petition for Injunctive Relief and Petition for Damages.

Under the Long-Arm Statute you have thirty (30) days to answer.  Please conduct yourself accordingly.

Very truly yours,

Yvette P. Cravins.

Enclosures



ATTORNEY'S NAME:  Etter, John  25042
AND ADDRESS:       Texaco Ctr Ste 2450, 400 Poydras St
                   New Orleans   LA 70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:      2006 - 07054      5                                    SECTION: 10   – F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

## C I T A T I O N

TO:   FAIRMONT HOMES
THROUGH: VIA LONG ARM SERVICE
        BOX 27

      NAPPANEE              IN   46550
YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition

PETITION FOR INJUCTION RELIEF & DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.  *(30)*

### ADDITIONAL INFORMATION

   Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
   COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      August 7, 2006

Clerk's Office, Room 402, Civil Courts Building,        DALE N. ATKINS, Clerk of
421 Loyola Avenue                                       The Civil District Court
New Orleans, LA                                         for the Parish of Orleans
                                                        State of LA
                                                        by_____
                                                                Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On FAIRMONT HOMES | On FAIRMONT HOMES |
| _____ in person through | _____ through |
| VIA LONG ARM SERVICE | VIA LONG ARM SERVICE |
| | by leaving same at the dwellinghouse, |
| Returned same day | or usual place of abode, |
| | in the hands of _____ |
| _____ No. _____ | a person of suitable age and discretion residing therein as |
| Deputy Sheriff of _____ | a member of the domiciliary establishment, whose name |
| | and other facts connected with this service I learned by |
| Mileage: $_____ | interrogating  HIM / HER the said _____ |
| | FAIRMONT HOMES |
| _____/ ENTERED /_____ | being absent from the domicile at time of said service. |
| PAPER              RETURN | Returned same day |
| _____/ _____/ _____ | _____ No. _____ |
| SERIAL NO.  DEPUTY  PARISH | Deputy Sheriff of _____ |

ATTORNEY'S NAME:   Etter, John   25042
AND ADDRESS:          Texaco Ctr Ste 2450,  400 Poydras St
                              New Orleans    LA 70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:      2006 - 07054          5                              SECTION: 10    – F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

## C I T A T I O N

TO:   FAIRMONT HOMES
THROUGH: VIA LONG ARM SERVICE
         BOX 27

     NAPPANNEE                 IN   46550
YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR INJUCTION RELIEF & DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.                         3D

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                              ADDITIONAL INFORMATION
     Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
     COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA      August 7, 2006

Clerk's Office, Room 402, Civil Courts Building,                  DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                                The Civil District Court
New Orleans, LA                                                  for the Parish of Orleans
                                                                State of LA

                                                                by _____
                                                                          Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On FAIRMONT HOMES | On FAIRMONT HOMES |
| _____ in person through | _____ through |
| VIA LONG ARM SERVICE | VIA LONG ARM SERVICE |
| Returned  same  day | by leaving same at the dwellinghouse, or usual place of abode, |
| _____ No. _____ | in the hands of _____ |
| Deputy Sheriff of _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM  /  HER the said _____ |
| Mileage: $ _____ | FAIRMONT HOMES |
|  | being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned  same  day |
| PAPER                    RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.     DEPUTY        PARISH |  |

# HURRICANE LITIGATION

FILED

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA 2008 AUG -4 P 4: 03

NO.: 06-7054  DIVISION: F  SECTION: 10  DOCKET NO.:

CIVIL
DISTRICT COURT

**DECARLO MCGUIRE, KEVIN RODNEY, DR. MARSHALL J. STEVENSON, JR., and LYNDA WARD STEVENSON, Individually and on behalf of others similarly situated**

### VERSUS

**GULF STREAM COACH, FAIRMONT HOMES, TOM STINNET HOLIDAY RV, FLEETWOOD ENTERPRISES, MORGAN BUILDINGS AND SPAS, CIRCLE B ENTERPRISES, SHAW GROUP, CH2M HILL CONSTRUCTORS, FLUOR ENTERPRISES, BECHTEL NATIONAL, THOMPSON ENGINEERING, E.T.I. INC., AND KETA GROUP, LLC and XYZ INSURANCE COMPANIES**

FILED:_____

_____
**DEPUTY CLERK**

### CLASS ACTION PETITION FOR INJUNCTIVE RELIEF AND DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Decarlo McGuire, Kevin Rodney, Dr. Marshall J. Stevenson and Lynda Ward Stevenson, individually and on behalf of a class of similarly situated persons, and aver as follows on information and belief:

#### Preliminary Statement

1.

The plaintiffs and class members were displaced and had their homes rendered uninhabitable by Hurricanes Katrina and Rita in August and September, 2005, and by the resulting winds, storm surges, and flooding. After enduring weeks to months of living in shelters and other short-term temporary housing, plaintiffs and class members were moved into "FEMA"[1] trailers manufactured, inspected, delivered, and/or provided by the defendants. Due to the fault of the defendants, the FEMA trailers contain hazardous levels of formaldehyde, a known carcinogen and toxic chemical. Despite federal regulation of formaldehyde levels in manufactured housing, many lawsuits, and prior reports of hazardous levels of formaldehyde in FEMA trailers and manufactured homes, Defendants

---

[1] The Federal Emergency Management Agency ("FEMA"), an agency of the United States Department of Homeland Security.

failed to inspect the travel trailers, failed to warn plaintiffs of the dangers of formaldehyde, failed to design the travel trailers to have adequate ventilation, and failed to construct the FEMA trailers with materials that would not emit hazardous levels of formaldehyde. Defendants have failed to take action to address the health risks to plaintiffs and class members, despite testing and media reports over the past two months demonstrating that the FEMA trailers are hazardous.

Plaintiffs seek to represent a class of all similarly situated persons within the State of Louisiana who are or have resided in FEMA travel trailers, between August 29, 2005 and the present. The exposure to formaldehyde for all class members constitutes a manifest injury requiring medical monitoring to thwart development of disease.

Plaintiffs and class members seek this Court's intervention to require defendants to: (1) test all FEMA trailers for formaldehyde; (2) provide warnings to all persons living in FEMA trailers of the dangers of formaldehyde and any steps they can take to protect themselves from this hazardous chemical; (3) take corrective action to assure that formaldehyde levels in all FEMA trailers will not exceed health standards, including but not limited to adding further ventilation, removing formaldehyde containing materials, and other measures as necessary; (4) establish a medical monitoring program, so that all FEMA trailer residents can be tested and treated for formaldehyde exposure and medical conditions caused by formaldehyde exposure; and (5) compensate plaintiffs and class members for their emotional distress, fear of cancer and fear of future illnesses. Plaintiffs ask this Court to reserve class members' right to assert any claims for damages due to bodily injury caused by formaldehyde exposure for future litigation.[2]

## PLAINTIFFS:

2.

Decarlo McGuire, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing at the FEMA Trailer Site in Baker, Parish of East Baton Rouge, Louisiana.

3.

After being displaced by Hurricane Katrina, Ms. McGuire, lived at the Compassion Center in Wichita Falls, Texas, for several months. Ms. McGuire and her son, were moved into a FEMA

---

[2]   See *Scott v. American Tobacco Co.*, 725 So.2d 10, 18 - 19 (La. App. 4th Cir. 1998).

Trailer at the Baker trailer site on or about May 10, 2006. Ms. McGuire was not provided any warnings regarding formaldehyde, nor any information regarding adverse health effects, or actions to reduce the risk of exposure, at the time she moved into the FEMA Trailer.

4.

After living in the FEMA trailer for about two weeks, Ms. McGuire began experiencing watering eyes, red eyes, runny nose, itching skin, trouble breathing, aggravation of her asthma, fatigue, and rashes on her skin. Ms. McGuire smelled odors in the FEMA trailer and sought medical attention. Her physician diagnosed Ms. McGuire as suffering from formaldehyde exposure and prescribed several medications to her. After complaining to the trailer park manager, Ms. McGuire was moved from one trailer to another within the same site.

5.

Ambient air sampling and testing performed in both Ms. McGuire's original trailer and the second trailer on June 7, 2006, found formaldehyde levels that exceed the Occupational Safety and Health Administration ("OSHA"), National Institute for Occupational Safety and Health (NIOSH") and Department of Housing and Urban Development ("HUD") standards.

6.

Ms. McGuire fears for her own health and her son's health, and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.

7.

Kevin Rodney, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing in a FEMA Trailer in Orleans Parish, Louisiana.

8.

Mr. Rodney has experienced various symptoms including fatigue, burning eyes, runny nose, difficulty breathing, burning throat, congestion, and headache.

9.

Mr. Rodney fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

10.

Dr. Marshall J. Stevenson, Jr., a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of his home in Slidell,

Parish of St. Tammany, Louisiana.

11.

Dr. Stevenson was provided a FEMA trailer on his property site in an effort to provide shelter while this home was under construction.

12.

Dr. Stevenson has suffered from burning eyes, runny nose, burning throat, sore throat, and difficulty in breathing.  He further noticed a distinct odor in his trailer home, especially after the trailer was closed for any length of time.  Dr. Stevenson was forced to throw away items contained in the trailer because of the odor.

13.

Dr. Stevenson fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

14.

Lynda Ward Stevenson, a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of her home in Slidell, Parish of St. Tammany, Louisiana.

15.

Lynda Ward Stevenson has suffered from burning eyes, upper respiratory ailments, sore throats, congestion, difficulty breathing, heart palpations, headaches, and runny nose.

16.

Ms. Stevenson fears for her safety and health and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.

**DEFENDANTS**

Made Defendants are:

**FEMA TRAILER MANUFACTURERS:**

17.

Gulf Stream Coach, Inc., an Indiana corporation with its principal office in Napanee, Indiana, which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

Page 4 of 19

18.

Fairmont Homes, Inc., an Indiana corporation with its principal office in Napanee, Indiana, and parent company of Gulf Stream Coach, Inc., which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

19.

Tom Stinnett Holiday RV Center, Inc., an Indiana corporation with its principal office in Clarksville, Indiana, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

20.

Fleetwood Enterprises, Inc., a Delaware corporation with its principal office in Riverside, California, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

21.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

22.

Circle B Enterprises, a Georgia corporation, with its principle office in Ocilla, Georgia, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

## FEMA TRAILER DELIVERY CONTRACTORS:

23.

Shaw Group, Inc., a Louisiana corporation, domiciled in East Baton Rouge Parish, Louisiana, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

24.

CH2M Hill Constructors, Inc., a Delaware corporation, with its principal office in Englewood, Colorado, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to

locations within Louisiana.

25.

Fluor Enterprises, Inc., a California corporation, with its principal office in Irving, Texas, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

26.

Bechtel National, Inc. a Nevada corporation, with its principal office in San Francisco California, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

27.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

28.

Thompson Engineering, an Alabama corporation, with its principal office in Mobile, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections for temporary housing trailers delivered to locations within Louisiana.

29.

E.T.I. Inc., an Oklahoma corporation, with its principal office in Muskogee, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections to temporary housing trailers delivered to locations within Louisiana.

## FEMA SITE PROPERTY MANAGERS

30.

Keta Group, LLC, a Louisiana corporation, with its principle office in Charenton, Louisiana, which provided property management to the Baker, Louisiana site and failed to inform, protect, and warn the residents about formaldehyde exposure and poisoning.

**DEFENDANTS' INSURERS:**

31.

Also made defendants are the presently unknown insurers of the above-listed defendants, herein collectively referred to as **XYZ INSURANCE COMPANIES**.  On information and belief, XYZ INSURANCE COMPANIES issued policies of liability or other insurance to defendants which provide coverage for the acts, omissions and/or occurrences alleged herein.  Plaintiffs reserve the right to identify and substitute particular insurers, once those insurers are identified.

**FACTS COMMON TO ALL CLASS MEMBERS:**

32.

The named plaintiffs are all domiciled in the State of Louisiana.

33.

The named plaintiffs seek to maintain this action as a class action pursuant to Louisiana law on behalf of all Louisiana residents who were displaced from their homes due to Hurricane Katrina and Hurricane Rita and after living in shelters and other temporary housing for weeks to months, plaintiffs and class members were moved into FEMA trailers.  Many class members had no option, but to move into a FEMA trailer, because their homes were uninhabitable, and FEMA discontinued paying for hotel or other accommodations.

34.

The trailers were found to have excessive levels of formaldehyde and residents of the trailers have been exposed to fumes at all times they remain in the trailers.

35.

Formaldehyde is a volatile organic compound.  Formaldehyde compounds vaporize, that is become a gas, at normal room temperatures.  Formaldehyde can off-gas from material made with it.

36.

Formaldehyde is a colorless, strong smelling gas. When present in the air at level above 0.1ppm (parts in a million parts of air), it can cause watery eyes, burning sensations in the eyes, nose and throat, nausea, coughing, chest tightness, wheezing, skin rashes, and allergic reactions.

37.

Formaldehyde has been known to be hazardous, toxic and carcinogenic for many years, and

has long been used as embalming fluid.  Per the American Cancer Institute, formaldehyde has been classified as a human carcinogen.  Yet, formaldehyde continues to be used in plywood, press board and other composite wood products.  Formaldehyde containing foams were banned as home insulation in 1982.

38.

The Defendants are or were manufacturers, sellers, suppliers, deliverers and managers of FEMA trailer sites and FEMA trailers at the relevant times

39.

The Robert T. Stafford Disaster Relief and Emergency Assistance Act ("The Stafford Act") authorized FEMA to purchase or lease temporary housing units. A temporary housing unit is defined as a travel trailer, park model, or manufactured home- all of which vary in size and appearance, but provide basic shelter.

40.

Through industry and medical studies, unknown to the class, the Defendants knew or should have known of the health hazards inherent in the products they were making, selling, distributing, using, and/or managing.  The Defendants ignored or deliberately and fraudulently concealed that information, or condoned the concealment, and/or conspired with, advised, encouraged, or aided others and/or each other to do so, in order to sell their products and/or avoid the costs of safety precautions, and/or avoid litigation by people injured by formaldehyde fumes.  The actions or inactions constitute gross negligence and demonstrate a reckless disregard for the rights and safety of others.  The Defendants committed numerous tortious acts that included fraudulently and negligently misrepresenting, concealing, suppressing, and omitting material information about the health effects of formaldehyde fumes and necessary precautionary measures.

41.

ATSDR, OSHA and NIOSH have set limits on formaldehyde exposure for adults in the work place, based on forty-hour work weeks.  OSHA, in 1987, reduced the amount of formaldehyde to which workers can be exposed over an eight (8) hour work period, from 3ppm to 1ppm.  In May 1992, the formaldehyde exposure limit was further reduced to 0.75ppm.

42.

Taking notice of formaldehyde's harmful effects, Congress and the Department of Housing

and Urban Development ("HUD") imposed limits on indoor formaldehyde levels and on the use of formaldehyde-containing building materials in manufactured homes in 1984, in recognition of the hazards of formaldehyde, especially in trailers with inadequate ventilation.  *See* 24 C.F.R. §1910.1048(c)(1). By regulation, plywood "shall not emit formaldehyde in excess of 0.2 per million. Similarly, particle board, by regulation, " shall not emit formaldehyde in excess of 0.3 ppm..." *See* C.F.R.§ 3280.308.  However, those statutes and regulations only mandate limiting formaldehyde for trailers of 320 square feet or larger (8 feet wide by 40 feet long).

43.

OSHA also requires medical monitoring for all employees exposed to a time-weighted-average concentration of formaldehyde of 0.1 ppm or more.

44.

While people may not usually reside in trailers smaller than 320 square feet for extended periods, plaintiffs and class members, unfortunately, have lived in the trailers for nearly a year and expect to live in the FEMA trailers for several more months, if not longer.

45.

The risks and presence of formaldehyde in FEMA trailers have been known for many years. Defendants' should have been aware of the risks or done something to mitigate the risks after learning of the residents' complaints.

46.

Recent testing in Biloxi, Mississippi, identified 30 out of 32 FEMA trailers as having excessive formaldehyde levels.

47

Despite the long knowledge, concerns and regulation of the dangers of formaldehyde in trailers, Defendants supplied formaldehyde containing materials, manufactured defective trailers, inspected, and delivered those trailers to Louisiana residents, who are now in peril.

**Class Action Allegations:**

48.

Common questions of law and fact exist in this action that affect the rights of each member of the class. This action is being brought under the laws of the State of Louisiana only.  Common

issues include the actions or inactions of the defendants, the unreasonably dangerous and hazardous nature of formaldehyde fumes, and medical monitoring.

49.

The exact number of class members is unknown at this time, but is believed to number in excess of 20,000 persons, and is so numerous that joinder of individual members is impracticable. However, the class can be defined objectively in terms of ascertainable criteria and data readily available from objective sources, including FEMA records.

50.

The claims of the named Plaintiffs are typical of the claims of the entire class, inasmuch as the named Plaintiffs are members of the class and all relief will inure to the benefit of the class. The named Plaintiffs and other members of the class were exposed to formaldehyde fumes in the same manner and by the same means. The rights of each member of the class are the same, as is the duty by the Defendants to each member of the class.

51.

The named Plaintiffs are representative members for the class, and are able and willing to fairly and adequately protect the interest of the class. The attorneys for the named Plaintiffs are experienced and capable in litigation involving class actions and experienced in handling complex legal issues such as those presented in this class action petition.

52.

Class adjudication is appropriate for all members who were exposed to formaldehyde fumes since being placed in a FEMA trailer since September 2005, under Louisiana civil Code article 2315, for the reasonable costs of medical monitoring under a court supervised medical monitoring fund. This action may be properly maintained as a class action for all necessary and appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole:

a.  Members have significant exposure to a proven hazardous substance;

b.  As a result of this exposure, members suffer a significantly increased risk of contracting a serious latent disease;

c.  Members' risk of contracting a serious latent disease is greater than (1) the risk of contracting the same disease had they not been exposed and (2) the chances of members of the general non-exposed public of developing a disease;

d. A monitoring procedure exists that can make the early detection of the disease possible;

e. The monitoring procedures are prescribed by medical professionals and such monitoring is reasonably necessary for early detection and treatment;

f. The increased risk of disease from exposure warrants medical monitoring beyond that which a individual would normally pursue;

g. Medical benefits are gained through early detection of disease; and

h. But for the Defendants' action or inaction, the members would not have incurred the additional costs of medical monitoring and treatment resulting from exposure.

53.

Excluded from the class are the Defendants, any subsidiary, affiliate, or division of the Defendants, and the Defendant's directors, incorporators, and executive officers. Also, the named plaintiffs do not seek or make any demand for individual personal injuries, individually, or on behalf of the class, except for damages derivative of the economic loss sustained by the members, including but not limited to the aggravation, mental anguish, emotional distress, fear of possible exposure to known toxins.

**CAUSES OF ACTION:**

**NEGLIGENCE:**

54.

Defendants have violated their duty under Louisiana law to provide safe, sanitary, and habitable housing go plaintiffs and class members.

55.

The defendants breached duties which they owed to the named Plaintiffs and members of the class to exercise the proper care in manufacturing, selling, delivering, maintaining and managing their product and equipment. The breached duties include, without limitation, the following duties:

a. to design their respective products to contain available and suitable products other than formaldehyde;

b. to sell formaldehyde-free products;

c. to select material other than formaldehyde for inclusion into their products;

d.   to fully test their respective products for health risks that may evolve from the normal use and intended use;

e.   to fully instruct and warn users and guests such as the named Plaintiffs and members of the class in the uses of their respective products so as to eliminate or reduce the health hazards evolving from their normal use and intended use;

f.   to fully warn foreseeable users and guests such as the named Plaintiffs and members of the class as additional medical knowledge became or becomes available concerning the health hazards associated with their products;

g.   to recall or cease from distributing their products upon discovering, or at the time they should have discovered, the health hazards associated with the products;

h.   to inspect fully and adequately the design, selection, testing, instruction, and warnings that should have accompanied the sale of each product;

i.   To refrain from negligently misrepresenting the safety and suitability of their products;

j.   to inquire about or investigate any allegations of health problems related to their products or products within their custody;

k.   to research, study, and be aware of medical and scientific studies relative to health concerns and formaldehyde exposure.

56.

As a direct and proximate result of the Defendants' negligent breaches of their duties to the named Plaintiffs and members of the class are entitled to medical monitoring. The scope of the duties breached by the Defendants encompasses the risk of the injuries sustained by the Plaintiffs and members of the class, the duties breached were intended to protect the named Plaintiffs and members of the class from exposure to formaldehyde, and the named Defendants' breaches of their duties constituted the direct and legal cause of damage to the named Plaintiffs and members of the class. The defendants are jointly and solidarily liable for the costs of medical monitoring.

## LOUISIANA PRODUCTS LIABILITY:

57.

The FEMA trailers constitute products under the Louisiana Products Liability Act.

58.

The exposure to formaldehyde fumes from the Defendants' products and equipment resulted from the normal, foreseeable, and intended use of the products and equipment, without substantial alteration in the condition in which the Defendants sold these products and equipment.

59.

The design of the FEMA trailers, using plywood, press board or other composite wood products that contain formaldehyde is defective and poses an unreasonable risk of harm to the Plaintiffs and all class members.

60.

Alternatively, the use of plywood, press board or other composite wood products that contain formaldehyde constitutes a defect in composition or manufacture, that poses an unreasonable risk of harm to the Plaintiffs and class members.

61.

The Defendants' products, equipment and supplies were in a defective condition, and were unreasonably dangerous under normal use at the time the products and equipment left the respective Defendants control. The named Plaintiffs and members of the class were intended and foreseeable users of the alleged defective products, and damages and loses to the named Plaintiffs and members could reasonably have been anticipated by the Defendants. The defects in the Defendants' products and equipment include, but are not limited to, the following:

a.    inherent (and known to the Defendants) characteristics that gave the products such a potential for causing health problems as to render the products unreasonably dangerous per se;

b.    lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion for which they were anticipated or should have been anticipated being used;

c.    Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

d.    lack of sufficient inspections by the Defendants of their products to ensure that such products contained sufficient warnings of the dangerous properties of the products;

e.    lack of reasonable inspections by the Defendants of their products to ensure that such

products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

f.      lack of test or lack of sufficient tests to determine the effects of formaldehyde fumes on intended users or guests; and

g.      defective designs calling for the inclusion of products which did not include formaldehyde, when equally suitable substances were available.

62.

The Defendants sold their products and equipment with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

63.

The trailer delivery contractors are also liable pursuant to the Louisiana Products Liability Act as distributors of the defective trailers.

64.

Even after numerous complaints, the trailer site management has failed to warn residents of the potential for  formaldehyde poisoning and merely shuffles them to other trailers on the site without remediation.

## STRICT LIABILITY

65.

The Defendants are liable to the named Plaintiffs and the members of the class under Louisiana law, including but not limited to Civil Code articles 2317, 2317.1 and 2320.  Defendants are the custodians of the trailers and  are answerable for acts and/or omissions of others for which they are responsible under Louisiana law.  Specifically, Defendants breached its duty to provide habitable and safe dwellings that are free from unreasonably dangerous conditions, vices and defects, pursuant to Civil Code article 2317 and 2317.1. Further, Defendants are answerable for the offenses and quasi-offense committed by theirs servants under Civil Code article 2320.

## INTENTIONAL TORTS

66.

The Defendants, individually, as members of a concerted action, and as agents of one another,

misrepresented the hazards of formaldehyde and their products.  The Defendants intended through the acts described herein and through other acts taken to:

    a.    to maintain a favorable atmosphere for the continued sale, distribution, and use of formaldehyde-containing products.

    b.    to assist in the continued gaining of governmental contracts through the sale of formaldehyde-containing products;

    c.    to mislead the general public, the named Plaintiffs, and members of the class about the hazards associated with formaldehyde and their products;

    d.    to induce the named Plaintiffs, and members of the class to use and continue to use their products

    e.    conceal complaints and conditions including residents' complaints regarding formaldehyde poisoning symptoms.

67.

As a direct and proximate result of Defendants' misrepresentations, as described herein, formaldehyde-containing products were used by the named Plaintiffs and the members of the class and formaldehyde fumes have been inhaled, resulting in damages.

68.

At all relevant times, the Defendants, with knowledge of the health hazards of formaldehyde fumes, committed the following tortious acts:

    a.    fraudulently conceal, misrepresent, and suppress scientific material and medical information about the toxic effects of formaldehyde fumes;

    b.    deliberately failed to warn persons in proximity of formaldehyde fumes of the known health hazards of formaldehyde fumes;

    c.    deliberately breached their duty to instruct about proper ventilation, safety equipment, or other precautionary measures which would protect against the health hazards from formaldehyde exposure;

    d.    deliberately breached their duty to investigate the health hazards of formaldehyde exposure;

    e.    selling formaldehyde emitting products in a defective condition and manner without the necessary warnings of the catastrophic health hazards or instructions concerning

precautionary measures.

69.

Upon information and belief, the Defendants committed numerous other overt and tortious acts, which are unknown to the named Plaintiffs and members of the class at this time, in furtherance of the conspiracy .

70.

The named Plaintiffs requests a trial by jury.

## **PRAYER**

71.

WHEREFORE, the Named plaintiffs pray that the Defendants be duly served with a copy of this petition for class action and a copy of the citation, and after all legal delays have passed, that judgment be entered in favor of the named Plaintiffs for the following relief:

1. That this Honorable Court certify this action as a class action under Louisiana law pursuant to Louisiana Code of Civil Procedure 591 (B)(2);

2. For judgment in favor of the named Plaintiffs and members of the class against the Defendants;

3. For an order finding all of the Defendants jointly and solidarity liable to the named Plaintiffs and member of the class;

4. For an injunction prohibiting the Defendants from committing further breaches of their duties owed to the named Plaintiffs and members of the class;

5. For an injunction prohibiting the further transportation of FEMA trailers into Louisiana until warnings and devices to minimize the formaldehyde exposure are instituted;

6. For an injunction order directing that the Defendants establish and pay for a court supervised medical monitoring fund for the named Plaintiffs and the members of the class;

7. For an immediate order enjoining the defendants from producing or distributing any additional travel trailers to the State of Louisiana which may contain excessive levels of formaldehyde;

8.  For an order requiring the Defendants to mitigate further damages by providing at no cost to the named Plaintiffs or the class members, including but not limited to providing replacement trailers without hazardous levels of formaldehyde, removing any and all formaldehyde containing materials from existing trailers, modifying the trailers to provide adequate ventilation, repair and testing of trailers for excessive levels of formaldehyde, and other measures to assure that class members are not exposed to formaldehyde;

9.  For an award of reasonable attorneys fees and costs, including expert fees and expenses; and

10. For such other general and equitable relief as this Court deems just and appropriate under Louisiana law.

Respectfully submitted,

Roy. J. Rodney, Jr.(# 2079)
John K. Etter (# 25042)
Yvette P. Cravins (# 24865)

RODNEY & ETTER
1232 Camellia Boulevard, Suite C
Lafayette, LA 70508
Telephone:(337) 981-5293
Fax: (337) 988-6918

*Attorneys for Plaintiffs*

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

**PLEASE ISSUE CITATION AND SERVE:**

GULF STREAM, INC.
Via Long Arm Service
P.O. BOX 1005
NAPPANEE, IN 46550


FAIRMONT HOMES, INC.
Via Long Arm Service
BOX 27
NAPPANNEE, IN 46550

TOM STINETT HOLIDAY RV CENTER, INC.
Via Long Arm Service
520 MARRIOTT DRIVE
CLARKSVILLE, IN 47129

FLEETWOOD ENTERPRISES, INC.
Via Long Arm Service
Through its registered agent
THE CORPORATION TRUST COMPANY
THE CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801

MORGAN BUILDINGS AND SPAS, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY
OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511

CIRCLE B ENTERPRISES, INC.
Via Long Arm Service
305 E. 3RD STREET
OCILLA, GA 31774-1852

CH2M HILL CONSTRUCTORS, INC.
Through its registered agent
NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DRIVE, SUITE 101
DOVER, DE 19904

FLUOR ENTERPRISES, INC.
Via Long Arm Service
6700 LAS COLINAS BLVD.
IRVING, TX 75039

BECHTEL NATIONAL, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511

THOMPSON ENGINEERING, INC.
Via Long Arm Service
P.O. BOX 2264
MOBILE AL 36609-6507

E.T.I., INC.
Via Long Arm Service
Through its registered agent
ALBERT R. MATTHEWS
444 COURT STREET
MUSKOGEE, OK 74401

KETA GROUP, LLC
Through is registered agent
DAVID CASSIDY
ONE AMERICAN PLACE, 23 FLOOR
BATON ROUGE, LA 70825

SHAW GROUP, INC.
Through its registered agent
CT CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

**PLEASE WITHHOLD SERVICE UPON:**

XYZ INSURANCE COMPANIES

HURRICANE LITIGATION

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2006 AUG -4 P 4 13

HURRICANE LITIGATION

CIVIL
DISTRICT COURT

NO. _06-7054_

DIVISION _F_

DeCarlo McGuire

VERSUS

Gulf Stream Coach

ORDER

THIS MATTER will come before the Court for case management conference on the _14th_ day of _September_, 20_06_ at _12:30_ o'clock _A_. m., before Division _F_.

NEW ORLEANS, LOUISIANA, this _7th_ day of _August_, 20_06_.

_____
JUDGE

PLEASE SERVE WITH PETITION:

APPROVED BY
DIVISION "F"

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process
Transmittal**
08/15/2006
Log Number 511394511

RECEIVED-LEGAL DEPT.

AUG 1 6 2006

FLEETWOOD ENTERPRISES, INC.

TO:   Leonard McGill, Sr Vice President
      FLEETWOOD ENTERPRISES, INC.
      3125 Myers Street
      Riverside, CA, 92503-5527

RE:   **Process Served in Delaware**

FOR:  FLEETWOOD ENTERPRISES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Decarlo McGuire, et al., Pltfs. vs. Gulf Stream Coach, et al. Including Fleetwood Enterprises, Dfts. <br> Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Letter, Citation(2sets), Petition, Order |
| **COURT/AGENCY:** | Parish of Orleans District Court, LA <br> Case # 06-7054 |
| **NATURE OF ACTION:** | Personal Injury - Exposure to formaldehyde |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/15/2006 postmarked on 08/09/2006 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Roy J. Rodney, Jr. <br> Rodney & Etter <br> 1232 Camellia Boulevard <br> Suite C <br> Lafayette, LA, 70508 <br> 337-981-6263 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790528421284 <br> CC Recipient(s) <br> Heather Konetzka, Legal Secretary, via Regular Mail |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Scott LaScala |
| **ADDRESS:** | 1209 Orange Street <br> Wilmington, DE, 19801 |
| **TELEPHONE:** | 302-658-7581 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.



**RODNEY & ETTER,** LLC                    TRIAL PRACTICE & INTELLECTUAL PROPERTY

August 9, 2006

<u>VIA LONG -ARM SERVICE</u>

Fleetwood Enterprises
Through Its Registered Agent,
The Corporation Trust Company & Center
1209 Orange Street
Wilmington, Delaware 19801

> Re: McGuire v. Gulf Stream Coach, Inc.
>      Civil District Court Matter: 2006-07054, Division F, Section 10
>      Parish of Orleans, State of Louisiana
>      Our File No.: 980-538

Fleetwood Enterprises.:

**PLEASE BE ADVISED THAT YOU HAVE BEEN SUED.** Please find enclosed a
copy of the Citation, Petition for Injunctive Relief and Petition for Damages.

Under the Long-Arm Statute you have thirty (30) days to answer. Please conduct yourself
accordingly.

Very truly yours,

Yvette P. Cravins.

Enclosures

ATTORNEY'S NAME: Eiler, John  25042
AND ADDRESS:   Texaco Ctr Ste 2460,  400 Poydras St
New Orleans   LA  70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2006 - 07054      6                    SECTION: 10   - F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

## C I T A T I O N

TO:   FLEETWOOD ENTERPRISES
THROUGH: VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION
TRUST COMPANY & CENTER
1209 ORANGE STREET

WILMINGTON            DE   19801

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR INJUCTION RELIEF & DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828.  This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        August 7, 2006

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                         The Civil District Court
New Orleans, LA                                           for the Parish of Orleans
                                                         State of LA
                                                         by
                                                              Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| served a copy of the said petition | served a copy of the said petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On FLEETWOOD ENTERPRISES | On FLEETWOOD ENTERPRISES |
| in person through | through |
| VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION TRUST COMPANY & CENTER | VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION TRUST COMPANY & CENTER by leaving same at the domicile/house, |
| Returned same day | or usual place of abode, |
| No. | in the hands of _____ |
| Deputy Sheriff of _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER the said |
| Mileage: $_____ | FLEETWOOD ENTERPRISES |
| _____ / ENTERED /_____ | being absent from the domicile at time of said service. Returned same day |
| PAPER          RETURN | No. |
| SERIAL NO.   DEPUTY   PARISH | Deputy Sheriff of _____ |

ATTORNEY'S NAME:  Eter, John  26042
AND ADDRESS:  Texaco Ctr Ste 2450,  400 Poydras St
New Orleans   LA 70130-3245

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:  2006  - 07054  6  SECTION: 10  – F

MCGUIRE, DECARLO ETAL versus GULF STREAM COACH ETAL

# C I T A T I O N

TO:  FLEETWOOD ENTERPRISES
THROUGH:  VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION
TRUST COMPANY & CENTER
1209 ORANGE STREET

WILMINGTON  DE  19801

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
PETITION FOR INJUCTION RELIEF & DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default.  (30)

**************************************************************
ADDITIONAL INFORMATION
Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you
may call 529 - 1000 for more information.
COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
**************************************************************

IN WITNESS HEREOF,  I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA  August 7, 2006  .

Clerk's Office, Room 402, Civil Courts Building,  DALE N. ATKINS, Clerk of
421 Loyola Avenue  The Civil District Court
New Orleans, LA  for the Parish of Orleans
State of LA

by

Deputy Clerk

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| served a copy of the wri petition | served a copy of the wri petition |
| PETITION FOR INJUCTION RELIEF & DAMAGES | PETITION FOR INJUCTION RELIEF & DAMAGES |
| On FLEETWOOD ENTERPRISES | On FLEETWOOD ENTERPRISES |
| in person through | through |
| VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION TRUST COMPANY & CENTER | VIA LONG ARM SERVICE; ITS REGISTERED AGENT; THE CORPORATION by leaving same at the dwelling house, |
| Returned same day | or usual place of abode, |
| No. | in the hands of |
| Deputy Sheriff of _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by |
| Mileage: $ _____ | interrogating  HIM / HER the said _____ FLEETWOOD ENTERPRISES |
| _____/ ENTERED / _____ | being absent from the domicile at time of said service. Returned same day |
| PAPER  RETURN | No. |
| SERIAL NO.  DEPUTY  PARISH | Deputy Sheriff of _____ |



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

FILED

NO.: **06-7054** DIVISION: **F** SECTION: CIVIL DOCKET NO.:
DISTRICT COURT

**DECARLO McGUIRE, KEVIN RODNEY, DR. MARSHALL J. STEVENSON,
JR., and LYNDA WARD STEVENSON, Individually and on behalf of
others similarly situated**

**VERSUS**

**GULF STREAM COACH, FAIRMONT HOMES, TOM STINNET HOLIDAY RV,
FLEETWOOD ENTERPRISES, MORGAN BUILDINGS AND SPAS, CIRCLE B
ENTERPRISES, SHAW GROUP, CH2M HILL CONSTRUCTORS, FLUOR
ENTERPRISES, BECHTEL NATIONAL, THOMPSON ENGINEERING, E.T.I.
INC., AND KETA GROUP, LLC and XYZ INSURANCE COMPANIES**

FILED:_____

_____
**DEPUTY CLERK**

<u>**CLASS ACTION PETITION FOR INJUNCTIVE RELIEF
AND DAMAGES**</u>

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Decarlo McGuire,

Kevin Rodney, Dr. Marshall J. Stevenson and Lynda Ward Stevenson, individually and on behalf

of a class of similarly situated persons, and aver as follows on information and belief:

<u>Preliminary Statement</u>

1.

The plaintiffs and class members were displaced and had their homes rendered uninhabitable

by Hurricanes Katrina and Rita in August and September, 2005, and by the resulting winds, storm

surges, and flooding. After enduring weeks to months of living in shelters and other short-term

temporary housing, plaintiffs and class members were moved into "FEMA"[1] trailers manufactured,

inspected, delivered, and/or provided by the defendants. Due to the fault of the defendants, the

FEMA trailers contain hazardous levels of formaldehyde, a known carcinogen and toxic chemical.

Despite federal regulation of formaldehyde levels in manufactured housing, many lawsuits, and prior

reports of hazardous levels of formaldehyde in FEMA trailers and manufactured homes, Defendants

---

[1] The Federal Emergency Management Agency ("FEMA"), an agency of the United
States Department of Homeland Security.

Page 1 of 19

failed to inspect the travel trailers, failed to warn plaintiffs of the dangers of formaldehyde, failed to design the travel trailers to have adequate ventilation, and failed to construct the FEMA trailers with materials that would not emit hazardous levels of formaldehyde. Defendants have failed to take action to address the health risks to plaintiffs and class members, despite testing and media reports over the past two months demonstrating that the FEMA trailers are hazardous.

Plaintiffs seek to represent a class of all similarly situated persons within the State of Louisiana who are or have resided in FEMA travel trailers, between August 29, 2005 and the present. The exposure to formaldehyde for all class members constitutes a manifest injury requiring medical monitoring to thwart development of disease.

Plaintiffs and class members seek this Court's intervention to require defendants to: (1) test all FEMA trailers for formaldehyde; (2) provide warnings to all persons living in FEMA trailers of the dangers of formaldehyde and any steps they can take to protect themselves from this hazardous chemical; (3) take corrective action to assure that formaldehyde levels in all FEMA trailers will not exceed health standards, including but not limited to adding further ventilation, removing formaldehyde containing materials, and other measures as necessary; (4) establish a medical monitoring program, so that all FEMA trailer residents can be tested and treated for formaldehyde exposure and medical conditions caused by formaldehyde exposure; and (5) compensate plaintiffs and class members for their emotional distress, fear of cancer and fear of future illnesses. Plaintiffs ask this Court to reserve class members' right to assert any claims for damages due to bodily injury caused by formaldehyde exposure for future litigation.[2]

## PLAINTIFFS:

### 2.

Decarlo McGuire, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing at the FEMA Trailer Site in Baker, Parish of East Baton Rouge, Louisiana.

### 3.

After being displaced by Hurricane Katrina, Ms. McGuire, lived at the Compassion Center in Wichita Falls, Texas, for several months. Ms. McGuire and her son, were moved into a FEMA

---

[2]    *See Scott v. American Tobacco Co.*, 725 So.2d 10, 18 - 19 (La. App. 4th Cir. 1998).

Trailer at the Baker trailer site on or about May 10, 2006. Ms. McGuire was not provided any warnings regarding formaldehyde, nor any information regarding adverse health effects, or actions to reduce the risk of exposure, at the time she moved into the FEMA Trailer.

4.

After living in the FEMA trailer for about two weeks, Ms. McGuire began experiencing watering eyes, red eyes, runny nose, itching skin, trouble breathing, aggravation of her asthma, fatigue, and rashes on her skin. Ms. McGuire smelled odors in the FEMA trailer and sought medical attention. Her physician diagnosed Ms. McGuire as suffering from formaldehyde exposure and prescribed several medications to her. After complaining to the trailer park manager, Ms. McGuire was moved from one trailer to another within the same site.

5.

Ambient air sampling and testing performed in both Ms. McGuire's original trailer and the second trailer on June 7, 2006, found formaldehyde levels that exceed the Occupational Safety and Health Administration ("OSHA"), National Institute for Occupational Safety and Health (NIOSH") and Department of Housing and Urban Development ("HUD") standards.

6.

Ms. McGuire fears for her own health and her son's health, and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.

7.

Kevin Rodney, a person of the age of majority, who is domiciled in Orleans Parish, and is temporarily residing in a FEMA Trailer in Orleans Parish, Louisiana.

8.

Mr. Rodney has experienced various symptoms including fatigue, burning eyes, runny nose, difficulty breathing, burning throat, congestion, and headache.

9.

Mr. Rodney fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

10.

Dr. Marshall J. Stevenson, Jr., a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of his home in Slidell,

Parish of St. Tammany, Louisiana.

11.

Dr. Stevenson was provided a FEMA trailer on his property site in an effort to provide shelter while this home was under construction.

12.

Dr. Stevenson has suffered from burning eyes, runny nose, burning throat, sore throat, and difficulty in breathing.  He further noticed a distinct odor in his trailer home, especially after the trailer was closed for any length of time.  Dr. Stevenson was forced to throw away items contained in the trailer because of the odor.

13.

Dr. Stevenson fears for his safety and health and seeks relief on his own behalf and on behalf of all those similarly situated within Louisiana.

14.

Lynda Ward Stevenson, a person of the age of majority, who is domiciled in St. Tammany Parish and is temporarily residing in a FEMA trailer at the location of her home in Slidell, Parish of St. Tammany, Louisiana.

15.

Lynda Ward Stevenson has suffered from burning eyes, upper respiratory ailments, sore throats, congestion, difficulty breathing, heart palpations, headaches, and runny nose.

16.

Ms. Stevenson fears for her safety and health and seeks relief on her own behalf and on behalf of all those similarly situated within Louisiana.

## DEFENDANTS

Made Defendants are:

## FEMA TRAILER MANUFACTURERS:

17.

Gulf Stream Coach, Inc., an Indiana corporation with its principal office in Napanee, Indiana, which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

18.

Fairmont Homes, Inc., an Indiana corporation with its principal office in Napanee, Indiana, and parent company of Gulf Stream Coach, Inc., which manufactured and supplied several thousand FEMA trailers pursuant to contracts to provide trailers for use in Louisiana, including the FEMA trailer that Ms. McGuire resides in.

19.

Tom Stinnett Holiday RV Center, Inc., an Indiana corporation with its principal office in Clarksville, Indiana, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

20.

Fleetwood Enterprises, Inc., a Delaware corporation with its principal office in Riverside, California, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

21.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.

22.

Circle B Enterprises, a Georgia corporation, with its principle office in Ocilla, Georgia, which manufactured and supplied FEMA trailers pursuant to contracts to provide trailers for use in Louisiana.


## FEMA TRAILER DELIVERY CONTRACTORS:

23.

Shaw Group, Inc., a Louisiana corporation, domiciled in East Baton Rouge Parish, Louisiana, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

24.

CH2M Hill Constructors, Inc., a Delaware corporation, with its principal office in Englewood, Colorado, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to

locations within Louisiana.

25.

Fluor Enterprises, Inc., a California corporation, with its principal office in Irving, Texas, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

26.

Bechtel National, Inc. a Nevada corporation, with its principal office in San Francisco California, which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

27.

Morgan Building & Spas, a Nevada corporation, with its principal office in Garland, Texas, which which delivered and/or contracted with sub-contractors to deliver FEMA trailers to locations within Louisiana.

28.

Thompson Engineering, an Alabama corporation, with its principal office in Mobile, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections for temporary housing trailers delivered to locations within Louisiana.

29.

E.T.I. Inc., an Oklahoma corporation, with its principal office in Muskogee, Alabama, which contracted and/or subcontracted to provide FEMA with quality assurance inspections to temporary housing trailers delivered to locations within Louisiana.

## FEMA SITE PROPERTY MANAGERS

30.

Keta Group, LLC, a Louisiana corporation, with its principle office in Charenton, Louisiana, which provided property management to the Baker, Louisiana site and failed to inform, protect, and warn the residents about formaldehyde exposure and poisoning.

**DEFENDANTS' INSURERS:**

31.

Also made defendants are the presently unknown insurers of the above-listed defendants, herein collectively referred to as XYZ INSURANCE COMPANIES.  On information and belief, XYZ INSURANCE COMPANIES issued policies of liability or other insurance to defendants which provide coverage for the acts, omissions and/or occurrences alleged herein.  Plaintiffs reserve the right to identify and substitute particular insurers, once those insurers are identified.

**FACTS COMMON TO ALL CLASS MEMBERS:**

32.

The named plaintiffs are all domiciled in the State of Louisiana.

33.

The named plaintiffs seek to maintain this action as a class action pursuant to Louisiana law on behalf of all Louisiana residents who were displaced from their homes due to Hurricane Katrina and Hurricane Rita and after living in shelters and other temporary housing for weeks to months, plaintiffs and class members were moved into FEMA trailers.  Many class members had no option, but to move into a FEMA trailer, because their homes were uninhabitable, and FEMA discontinued paying for hotel or other accommodations.

34.

The trailers were found to have excessive levels of formaldehyde and residents of the trailers have been exposed to fumes at all times they remain in the trailers.

35.

Formaldehyde is a volatile organic compound.  Formaldehyde compounds vaporize, that is become a gas, at normal room temperatures.  Formaldehyde can off-gas from material made with it.

36.

Formaldehyde is a colorless, strong smelling gas. When present in the air at level above 0.1ppm (parts in a million parts of air), it can cause watery eyes, burning sensations in the eyes, nose and throat, nausea, coughing, chest tightness, wheezing, skin rashes, and allergic reactions.

37.

Formaldehyde has been known to be hazardous, toxic and carcinogenic for many years, and

has long been used as embalming fluid. Per the American Cancer Institute, formaldehyde has been classified as a human carcinogen. Yet, formaldehyde continues to be used in plywood, press board and other composite wood products. Formaldehyde containing foams were banned as home insulation in 1982.

38.

The Defendants are or were manufacturers, sellers, suppliers, deliverers and managers of FEMA trailer sites and FEMA trailers at the relevant times

39.

The Robert T. Stafford Disaster Relief and Emergency Assistance Act ("The Stafford Act") authorized FEMA to purchase or lease temporary housing units. A temporary housing unit is defined as a travel trailer, park model, or manufactured home- all of which vary in size and appearance, but provide basic shelter.

40.

Through industry and medical studies, unknown to the class, the Defendants knew or should have known of the health hazards inherent in the products they were making, selling, distributing, using, and/or managing. The Defendants ignored or deliberately and fraudulently concealed that information, or condoned the concealment, and/or conspired with, advised, encouraged, or aided others and/or each other to do so, in order to sell their products and/or avoid the costs of safety precautions, and/or avoid litigation by people injured by formaldehyde fumes. The actions or inactions constitute gross negligence and demonstrate a reckless disregard for the rights and safety of others. The Defendants committed numerous tortious acts that included fraudulently and negligently misrepresenting, concealing, suppressing, and omitting material information about the health effects of formaldehyde fumes and necessary precautionary measures.

41.

ATSDR, OSHA and NIOSH have set limits on formaldehyde exposure for adults in the work place, based on forty-hour work weeks. OSHA, in 1987, reduced the amount of formaldehyde to which workers can be exposed over an eight (8) hour work period, from 3ppm to 1ppm. In May 1992, the formaldehyde exposure limit was further reduced to 0.75ppm.

42.

Taking notice of formaldehyde's harmful effects, Congress and the Department of Housing

Page 8 of 19

and Urban Development ("HUD") imposed limits on indoor formaldehyde levels and on the use of

formaldehyde-containing building materials in manufactured homes in 1984, in recognition of the

hazards of formaldehyde, especially in trailers with inadequate ventilation.  *See* 24 C.F.R.

§1910.1048(c)(1). By regulation, plywood "shall not emit formaldehyde in excess of 0.2 per million.

Similarly, particle board, by regulation, " shall not emit formaldehyde in excess of 0.3 ppm..." *See*

C.F.R.§ 3280.308. However, those statutes and regulations only mandate limiting formaldehyde for

trailers of 320 square feet or larger (8 feet wide by 40 feet long).

43.

OSHA also requires medical monitoring for all employees exposed to a time-weighted-

average concentration of formaldehyde of 0.1 ppm or more.

44.

While people may not usually reside in trailers smaller than 320 square feet for extended

periods, plaintiffs and class members, unfortunately, have lived in the trailers for nearly a year and

expect to live in the FEMA trailers for several more months, if not longer.

45.

The risks and presence of formaldehyde in FEMA trailers have been known for many years.

Defendants' should have been aware of the risks or done something to mitigate the risks after learning

of the residents' complaints.

46.

Recent testing in Biloxi, Mississippi, identified 30 out of 32 FEMA trailers as having

excessive formaldehyde levels.

47

Despite the long knowledge, concerns and regulation of the dangers of formaldehyde in

trailers, Defendants supplied formaldehyde containing materials, manufactured defective trailers,

inspected, and delivered those trailers to Louisiana residents, who are now in peril.

## Class Action Allegations:

48.

Common questions of law and fact exist in this action that affect the rights of each member

of the class.  This action is being brought under the laws of the State of Louisiana only.  Common

issues include the actions or inactions of the defendants, the unreasonably dangerous and hazardous nature of formaldehyde fumes, and medical monitoring.

49.

The exact number of class members is unknown at this time, but is believed to number in excess of 20,000 persons, and is so numerous that joinder of individual members is impracticable. However, the class can be defined objectively in terms of ascertainable criteria and data readily available from objective sources, including FEMA records.

50.

The claims of the named Plaintiffs are typical of the claims of the entire class, inasmuch as the named Plaintiffs are members of the class and all relief will inure to the benefit of the class. The named Plaintiffs and other members of the class were exposed to formaldehyde fumes in the same manner and by the same means. The rights of each member of the class are the same, as is the duty by the Defendants to each member of the class.

51.

The named Plaintiffs are representative members for the class, and are able and willing to fairly and adequately protect the interest of the class. The attorneys for the named Plaintiffs are experienced and capable in litigation involving class actions and experienced in handling complex legal issues such as those presented in this class action petition.

52.

Class adjudication is appropriate for all members who were exposed to formaldehyde fumes since being placed in a FEMA trailer since September 2005, under Louisiana civil Code article 2315, for the reasonable costs of medical monitoring under a court supervised medical monitoring fund. This action may be properly maintained as a class action for all necessary and appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole:

    a.    Members have significant exposure to a proven hazardous substance;

    b.    As a result of this exposure, members suffer a significantly increased risk of contracting a serious latent disease;

    c.    Members' risk of contracting a serious latent disease is greater than (1) the risk of contracting the same disease had they not been exposed and (2) the chances of members of the general non-exposed public of developing a disease;

d.   A monitoring procedure exists that can make the early detection of the disease possible;

e.   The monitoring procedures are prescribed by medical professionals and such monitoring is reasonably necessary for early detection and treatment;

f.   The increased risk of disease from exposure warrants medical monitoring beyond that which a individual would normally pursue;

g.   Medical benefits are gained through early detection of disease; and

h.   But for the Defendants' action or inaction, the members would not have incurred the additional costs of medical monitoring and treatment resulting from exposure.

### 53.

Excluded from the class are the Defendants, any subsidiary, affiliate, or division of the Defendants, and the Defendant's directors, incorporators, and executive officers.  Also, the named plaintiffs do not seek or make any demand for individual personal injuries, individually, or on behalf of the class, except for damages derivative of the economic loss sustained by the members, including but not limited to the aggravation, mental anguish, emotional distress, fear of possible exposure to known toxins.

## CAUSES OF ACTION:

## NEGLIGENCE:

### 54.

Defendants have violated their duty under Louisiana law to provide safe, sanitary, and habitable housing go plaintiffs and class members.

### 55.

The defendants breached duties which they owed to the named Plaintiffs and members of the class to exercise the proper care in manufacturing, selling, delivering, maintaining and managing their product and equipment.  The breached duties include, without limitation, the following duties:

a.   to design their respective products to contain available and suitable products other than formaldehyde;

b.   to sell formaldehyde-free products;

c.   to select material other than formaldehyde for inclusion into their products;

d.   to fully test their respective products for health risks that may evolve from the normal use and intended use;

e.   to fully instruct and warn users and guests such as the named Plaintiffs and members of the class in the uses of their respective products so as to eliminate or reduce the health hazards evolving from their normal use and intended use;

f.   to fully warn foreseeable users and guests such as the named Plaintiffs and members of the class as additional medical knowledge became or becomes available concerning the health hazards associated with their products;

g.   to recall or cease from distributing their products upon discovering, or at the time they should have discovered, the health hazards associated with the products;

h.   to inspect fully and adequately the design, selection, testing, instruction, and warnings that should have accompanied the sale of each product;

I.   To refrain from negligently misrepresenting the safety and suitability of their products;

j.   to inquire about or investigate any allegations of health problems related to their products or products within their custody;

k.   to research, study, and be aware of medical and scientific studies relative to health concerns and formaldehyde exposure.

56.

As a direct and proximate result of the Defendants' negligent breaches of their duties to the named Plaintiffs and members of the class are entitled to medical monitoring. The scope of the duties breached by the Defendants encompasses the risk of the injuries sustained by the Plaintiffs and members of the class, the duties breached were intended to protect the named Plaintiffs and members of the class from exposure to formaldehyde, and the named Defendants' breaches of their duties constituted the direct and legal cause of damage to the named Plaintiffs and members of the class. The defendants are jointly and solidarily liable for the costs of medical monitoring.

**LOUISIANA PRODUCTS LIABILITY:**

57.

The FEMA trailers constitute products under the Louisiana Products Liability Act.

58.

The exposure to formaldehyde fumes from the Defendants' products and equipment resulted from the normal, foreseeable, and intended use of the products and equipment, without substantial alteration in the condition in which the Defendants sold these products and equipment.

59.

The design of the FEMA trailers, using plywood, press board or other composite wood products that contain formaldehyde is defective and poses an unreasonable risk of harm to the Plaintiffs and all class members.

60.

Alternatively, the use of plywood, press board or other composite wood products that contain formaldehyde constitutes a defect in composition or manufacture, that poses an unreasonable risk of harm to the Plaintiffs and class members.

61.

The Defendants' products, equipment and supplies were in a defective condition, and were unreasonably dangerous under normal use at the time the products and equipment left the respective Defendants control.  The named Plaintiffs and members of the class were intended and foreseeable users of the alleged defective products, and damages and loses to the named Plaintiffs and members could reasonably have been anticipated by the Defendants.  The defects in the Defendants' products and equipment include, but are not limited to, the following:

a.  inherent (and known to the Defendants) characteristics that gave the products such a potential for causing health problems as to render the products unreasonably dangerous per se;

b.  lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion for which they were anticipated or should have been anticipated being used;

c.  Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

d.  lack of sufficient inspections by the Defendants of their products to ensure that such products contained sufficient warnings of the dangerous properties of the products;

e.  lack of reasonable inspections by the Defendants of their products to ensure that such

Page 13 of 19

products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

f.  lack of test or lack of sufficient tests to determine the effects of formaldehyde fumes on intended users or guests; and

g.  defective designs calling for the inclusion of products which did not include formaldehyde, when equally suitable substances were available.

62.

The Defendants sold their products and equipment with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

63.

The trailer delivery contractors are also liable pursuant to the Louisiana Products Liability Act as distributors of the defective trailers.

64.

Even after numerous complaints, the trailer site management has failed to warn residents of the potential for formaldehyde poisoning and merely shuffles them to other trailers on the site without remediation.

## STRICT LIABILITY

65.

The Defendants are liable to the named Plaintiffs and the members of the class under Louisiana law, including but not limited to Civil Code articles 2317, 2317.1 and 2320. Defendants are the custodians of the trailers and are answerable for acts and/or omissions of others for which they are responsible under Louisiana law. Specifically, Defendants breached its duty to provide habitable and safe dwellings that are free from unreasonably dangerous conditions, vices and defects, pursuant to Civil Code article 2317 and 2317.1. Further, Defendants are answerable for the offenses and quasi-offense committed by theirs servants under Civil Code article 2320.

## INTENTIONAL TORTS

66.

The Defendants, individually, as members of a concerted action, and as agents of one another,

Page 14 of 19

misrepresented the hazards of formaldehyde and their products. The Defendants intended through the acts described herein and through other acts taken to:

    a.    to maintain a favorable atmosphere for the continued sale, distribution, and use of formaldehyde-containing products.

    b.    to assist in the continued gaining of governmental contracts through the sale of formaldehyde-containing products;

    c.    to mislead the general public, the named Plaintiffs, and members of the class about the hazards associated with formaldehyde and their products;

    d.    to induce the named Plaintiffs, and members of the class to use and continue to use their products

    e.    conceal complaints and conditions including residents' complaints regarding formaldehyde poisoning symptoms.

67.

    As a direct and proximate result of Defendants' misrepresentations, as described herein, formaldehyde-containing products were used by the named Plaintiffs and the members of the class and formaldehyde fumes have been inhaled, resulting in damages.

68.

    At all relevant times, the Defendants, with knowledge of the health hazards of formaldehyde fumes, committed the following tortious acts:

    a.    fraudulently conceal, misrepresent, and suppress scientific material and medical information about the toxic effects of formaldehyde fumes;

    b.    deliberately failed to warn persons in proximity of formaldehyde fumes of the known health hazards of formaldehyde fumes;

    c.    deliberately breached their duty to instruct about proper ventilation, safety equipment, or other precautionary measures which would protect against the health hazards from formaldehyde exposure;

    d.    deliberately breached their duty to investigate the health hazards of formaldehyde exposure;

    e.    selling formaldehyde emitting products in a defective condition and manner without the necessary warnings of the catastrophic health hazards or instructions concerning

precautionary measures.

69.

Upon information and belief, the Defendants committed numerous other overt and tortious acts, which are unknown to the named Plaintiffs and members of the class at this time, in furtherance of the conspiracy .

70.

The named Plaintiffs requests a trial by jury.

## PRAYER

71.

WHEREFORE, the Named plaintiffs pray that the Defendants be duly served with a copy of this petition for class action and a copy of the citation, and after all legal delays have passed, that judgment be entered in favor of the named Plaintiffs for the following relief:

1.  That this Honorable Court certify this action as a class action under Louisiana law pursuant to Louisiana Code of Civil Procedure 591 (B)(2);

2.  For judgment in favor of the named Plaintiffs and members of the class against the Defendants;

3.  For an order finding all of the Defendants jointly and solidarity liable to the named Plaintiffs and member of the class;

4.  For an injunction prohibiting the Defendants from committing further breaches of their duties owed to the named Plaintiffs and members of the class;

5.  For an injunction prohibiting the further transportation of FEMA trailers into Louisiana until warnings and devices to minimize the formaldehyde exposure are instituted;

6.  For an injunction order directing that the Defendants establish and pay for a court supervised medical monitoring fund for the named Plaintiffs and the members of the class;

7.  For an immediate order enjoining the defendants from producing or distributing any additional travel trailers to the State of Louisiana which may contain excessive levels of formaldehyde;

8.  For an order requiring the Defendants to mitigate further damages by providing at no cost to the named Plaintiffs or the class members, including but not limited to providing replacement trailers without hazardous levels of formaldehyde, removing any and all formaldehyde containing materials from existing trailers, modifying the trailers to provide adequate ventilation, repair and testing of trailers for excessive levels of formaldehyde, and other measures to assure that class members are not exposed to formaldehyde;

9.  For an award of reasonable attorneys fees and costs, including expert fees and expenses; and

10. For such other general and equitable relief as this Court deems just and appropriate under Louisiana law.

Respectfully submitted,

Roy. J. Rodney, Jr.(# 2079)
John K. Etter (# 25042)
Yvette P. Cravins (# 24865)

RODNEY & ETTER
1232 Camellia Boulevard, Suite C
Lafayette, LA 70508
Telephone:(337) 981-5293
Fax: (337) 988-6918

*Attorneys for Plaintiffs*



**PLEASE ISSUE CITATION AND SERVE:**

GULF STREAM, INC.
Via Long Arm Service
P.O. BOX 1005
NAPPANEE, IN 46550


FAIRMONT HOMES, INC.
Via Long Arm Service
BOX 27
NAPPANNEE, IN 46550


TOM STINETT HOLIDAY RV CENTER, INC.
Via Long Arm Service
520 MARRIOTT DRIVE
CLARKSVILLE, IN 47129


FLEETWOOD ENTERPRISES, INC.
Via Long Arm Service
Through its registered agent
THE CORPORATION TRUST COMPANY
THE CORPORATION TRUST CENTER
1209 ORANGE STREET
WILMINGTON, DE 19801


MORGAN BUILDINGS AND SPAS, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY
OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511


CIRCLE B ENTERPRISES, INC.
Via Long Arm Service
305 E. 3RD STREET
OCILLA, GA 31774-1852


CH2M HILL CONSTRUCTORS, INC.
Through its registered agent
NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DRIVE, SUITE 101
DOVER, DE 19904


FLUOR ENTERPRISES, INC.
Via Long Arm Service
6700 LAS COLINAS BLVD.
IRVING, TX 75039


BECHTEL NATIONAL, INC.
Via Long Arm Service
Through its registered agent
CORPORATION TRUST COMPANY OF NEVADA
6100 NEIL ROAD, SUITE 500
RENO, NV 89511

THOMPSON ENGINEERING, INC.
Via Long Arm Service
P.O. BOX 2264
MOBILE AL 36609-6507

E.T.I., INC.
Via Long Arm Service
Through its registered agent
ALBERT R. MATTHEWS
444 COURT STREET
MUSKOGEE, OK 74401

KETA GROUP, LLC
Through is registered agent
DAVID CASSIDY
ONE AMERICAN PLACE, 23 FLOOR
BATON ROUGE, LA 70825

SHAW GROUP, INC.
Through its registered agent
CT CORPORATION SYSTEM
8550 UNITED PLAZA BLVD.
BATON ROUGE, LA 70809

## PLEASE WITHHOLD SERVICE UPON:

XYZ INSURANCE COMPANIES

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

2006 AUG -4 ᴾᴹ 4:13

HURRICANE LITIGATION

CIVIL
DISTRICT COURT

NO. _06-7054_   DIVISION _F_

_DeCarlo McGuire_

VERSUS

_Gulf Stream Coach_

ORDER

THIS MATTER will come before the Court for case management conference
on the _14th_ day of _September_, 20_06_
at _12:30_ o'clock _P_. m., before Division _F_

NEW ORLEANS, LOUISIANA, this _7th_ day of
_August_, 20_06_

_Herbert A. Cade_
JUDGE

PLEASE SERVE WITH PETITION:

APPROVED BY
DIVISION "F"

# U.S. District Court
## Western District of Louisiana (Lafayette)
### CIVIL DOCKET FOR CASE #: 6:07-cv-00921-TLM-MEM

Nelson v. Gulf Stream Coach Inc et al
Assigned to: Judge Tucker L Melancon
Referred to: Honorable Mildred E Methvin
Cause: 28:1332 Diversity-Product Liability

Date Filed: 05/30/2007
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Kimberly G Nelson**
*individually and on behalf of those*
*similarly situated*
*on behalf of*
Baleigh Nelson
*on behalf of*
Griffin Champagne

represented by **Roy J Rodney, Jr**
Rodney & Etter
1232 Camellia Blvd Ste C
Lafayette, LA 70508
US
337-981-5293
Email: rjr@rodneylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John K Etter**
Rodney & Etter (NO)
620 N Carrollton Ave
New Orleans, LA 70119
US
504-483-3224
Fax: 504-483-2259
Email: jke@rodneylaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Gulf Stream Coach Inc**

**Defendant**

**Fleetwood Enterprises Inc**

**Defendant**

**Unnamed Travel Trailer Vendors**
*to the Federal Emergency Management*
*Agency of the U.S. Department of*
*Homeland Security*



EXHIBIT
8

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| 05/30/2007 | | FILING FEE: on behalf of Kimberly G Nelson in the amount of $350.00, receipt number 64635001403. (crt,McGinity, N) (Entered: 05/31/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/31/2007 15:29:37 | | |
| **PACER Login:** db0557 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 6:07-cv-00921-TLM-MEM |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

AT THE TIME OF THIS FILING, MOVANTS HAVE BEEN UNABLE TO OBTAIN A COPY OF THE LAWSUIT IN THE CASE ENTITLED *KIMBERLY G. NELSON V. GULF STREAM, INC., FLEETWOOD ENTERPRISES AND UNNAMED TRAVEL TRAILER VENDORS.*  A copy of the compliant has not yet been posted on the Pacer web site for the Western District and plaintiffs have been unable to get a copy of it through other means at the time of this filing.



EXHIBIT